# EXHIBIT A

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

SHYANDREA HESTER and MARY HESTER, )
                                    )
        **Plaintiffs,**             )       CIVIL ACTION NO.: _Cv 06-59_
                                      )
**v.**                                   )
                                      )

LOWNDES COUNTY COMMISSION, a county government entity, CHRISTOPHER BROWN, individually and as a paramedic for the Lowndes County Commission and as an employee of Emergystat, EMERGYSTAT, as the employer of Christopher Brown; DEPUTY JIMMY HARRIS individually and as an employee of the Lowndes County Commission ; "A" whether singular or plural, that entity who or which was employed or otherwise retained by the Lowndes County Commission, to provide medical treatment and/or transportation of the Plaintiffs; "B", whether singular or plural that entity who or which was employed or otherwise retained by the Lowndes County Commission to supervise, oversee or otherwise monitor the Plaintiffs; "C", whether singular or plural, that entity who or which negligently and or wantonly provided or fail to provide adequate treatment of the Plaintiffs or failed to acquiesce to the will of the Plaintiffs as hereinafter set forth; "D", whether singular or plural, that entity who or which negligently and/or wantonly supervised or failed to supervise as hereinafter set forth; "E," whether singular or plural, that entity who violated the Plaintiffs' civil rights under the Constitution of the United States and 42 U.S.C.A. § 1983 by failing to provide Plaintiff, Shyandrea Hester adequate medical care; "F," whether singular or plural, that entity or entities whose negligence and/or wantonness combined and concurred to violate Plaintiffs' civil rights under the Constitution of the United States and 42 U.S.C.A. § 1983; "G," whether singular or plural, that entity or entities whose negligence and/or wanton supervision combined and concurred to violate Plaintiffs' Civil rights under the Constitution of the United States and 42 U.S.C.A. § 1983; Plaintiffs avers that the identities of fictitious party Defendants are otherwise unknown to the Plaintiffs at this time, or, or if their names are known to the Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained, )
                                      )
        **Defendants**              )

---

## COMPLAINT

---

1.       Plaintiffs are resident citizens of Lowndes County, Alabama and over the age of

2.    Defendant, Lowndes County Commission, hereinafter referred to as "Defendant Commission," is a county corporation, organized and existing under the laws of the State of Alabama.

3.    Defendant, Christopher Brown, is/was a resident of the State of Alabama and a paramedic for Emergstat, under contract with Lowndes County Commission at all times pertinent hereto.

4.    Defendant Emergstat Incorporated, is a duly established business, doing business in Lowndes County, State of Alabama at all times pertinent hereto.

5.    Parties Defendant fictitiously identified as "A," "B," "C," "D," "E," "F," and "G," whose more correct names and identities are unknown to the Plaintiff at this time, but will be more correctly named when their identities are ascertained, are the respective persons and/entities who or which fit the description below:

"A," whether singular or plural the entity who or which was employed or otherwise contractually obligated by the Lowndes County Commission to provide emergency treatment and/or transportation to Plaintiff; "B," whether singular or plural, that entity who or which was employed or otherwise contractually obligated by the Lowndes County Commission to supervise, oversee or otherwise monitor Plaintiff; "C," whether singular or plural, that entity who or which negligently and/or wantonly restrained the Plaintiff against her will as hereinafter set forth;
"D," whether singular or plural, that entity who or which negligently and/or wantonly supervised, Defendant Christopher Brown, or fail to supervise Defendant, Christopher Brown; "E," whether singular or plural that entity who or which violated Plaintiffs' civil rights under the Constitution of the United States and 42 U.S.C.A. § 1983 by failing to provide Plaintiff adequate care or allow her free movement; "F," whether singular or plural, that entity or those entities whose negligence and/or wantonness combined and concurred to violate Plaintiff's civil rights under the Constitution of the United States and 42 U.S.C.A. § 1983; "G," whether singular or plural, that entity or those entities whose negligent and/or wanton supervision combined and concurred to violate Plaintiffs civil rights under the Constitution of the United States and 42 U.S.C.A. § 1983.

6.    Plaintiffs sues each and all defendants in both their individual and official capacities.

## FACTUAL BACKGROUND

7.    On or about May 28, 2004, at approximately 9:00 P.M., Mary Hester and Shyandrea Hester, who resides at 178 Main Street, Hayneville, Alabama, 36040, Lowndes County, Alabama, summoned an ambulance operated by Emergstat, under contract with Lowndes County Commission.

Lowndes County, Alabama, summoned an ambulance operated by Emergystat, under contract with Lowndes County Commission.

8.  The Paramedic in charge, Christopher Brown, negligently and/or wantonly tried to administer an unwarranted and unwanted invasive procedure on Shyandrea Hester, against the wills of the patient, Shyandrea and her mother, Ms. Mary Hester.

9.  Ms. Shyandrea and Mrs. Mary Hester asked and then demanded the attempts at treatment be stopped and that they both be allowed to exit the ambulance.

10. Defendant, Christopher Brown, refused to honor their request and held Shyandrea against her will.

11. Defendant, Christopher Brown, also summoned a Lowndes County Deputy Sheriff, who physically removed Mrs. Mary Hester from the ambulance without allowing her daughter, Shyandrea Hester to leave and holding Shyandrea against her will, curtailing her free movement and falsely imprisoning them..

12. At the aforesaid time and place, the Defendant, Christopher Brown, was an employee of Defendant, Emergystat, who was under contract with Lowndes County Commission.

13. As a proximate consequence of said negligent, outrageous and/or wanton conduct, Shyandrea Hester and Mary hester were caused to suffer unnecessary mental anguish, humiliation, embarrassment and pain and suffering.

14. Plaintiffs alleges that as a proximate consequence of said negligent, outrageous and/or wanton conduct the Plaintiffs had inflicted upon them acts amounting to physical, verbal harassment, battery and otherwise outrageous behavior, so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

15. On the aforesaid date, time and place, Defendants, Christopher Brown, Emergystat, were acting within the line and scope of their employment or contractual duties with the Lowndes County Commission.

## COUNT ONE

16. Plaintiffs adopts the allegations and averments of the foregoing paragraphs as if fully set forth herein.

17. The named Defendants and Fictitious Defendants, "A," "B," "C," and "D" negligently, carelessly, recklessly, willfully and wantonly caused the Plaintiffs to

suffer unnecessary pain and anguish, physical, verbal and mental abuse, false imprisonment, assault and battery, outrage, and continued and ongoing physical and emotional trauma.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendants, Christopher Brown, Emergystat, Lowndes County Commission, "A," "B," "C," and "D" in such sum as a jury may deem proper, plus interest and costs of this proceeding.

## COUNT TWO

18.  Plaintiff adopts the allegations and averments of the foregoing pargraphs as if fully set forth herein.

19.  The named Defendants and Fictitious Defendants, "A," "B," "C," and "D" negligently and/or wantonly failed to properly supervise or monitor their employee and contractual agent, resulting in the injuries suffered by the Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgments against Christopher Brown, Emergystat and the Lowndes County Commission, "A," "B," "C," "D" in such sum as a jury may deem proper, plus interest and costs of this proceeding.

## COUNT THREE

20.  Plaintiffs adopts the allegations and averments of the foregoing paragraph as if fully set forth herein.

21.  The actions and/or inactions of the named Defendants and fictitious Defendants, "A," "B," C," "d," "E," "F," and "G" in negligently and/or wantonly failing to adequately supervise or monitor the actions of the named defendants and fictitious defendants all combining and concurring, constituted a violation of the Plaintiffs rights under the Fifth and Fourteen Amendments to the Constitution of the United States of America, and further were violations of the express provisions under 42 U.S.C.A. §§ 1982 and 1983, Plaintiffs were caused to suffer injuries as earlier enumerated.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demands judgements against Defendants, Christopher Brown, Emergystat, Lowndes County Commission, "A," "B," "C," "D," "E," "F," and "G" in such sum as a jury may deem proper, plus interest and costs of this proceeding.

## COUNT FOUR

22.     Plaintiffs adopts the allegations and averments of the foregoing paragraphs as if fully set forth herein.

23.     Defendant, Lowndes County Commission failed to afford Defendants, Christopher Brown and Emergystat, "A," "B," "C," "D," "E," "F," and "G" adequate or proper guidelines or supervision necessary for the duties they could foreseeably expect to

        perform in the course of their contractual relationship as emergency care and transportation providers for Lowndes County, Alabama.

24.     Defendant, Emergystat, failed to afford Defendant, Christopher Brown, "A," "B," "C," "D," "E," "F," and "G" adequate or proper training or supervision necessary for the duties he could foreseeably be expected to perform in the course of his employment as an emergency paramedic.

25.     The foregoing acts, omissions and systemic deficiencies are polices, patterns or practices of Defendant Lowndes County Commission constituting gross negligence and deliberate, gross indifference to the responsibilities or duties of Defendant Lowndes County Commission in contracting, hiring and maintaining adequate supervision and oversight and further constituting gross negligence and deliberate, gross or reckless indifference to the rights guaranteed to the Plaintiffs under the Constitution and laws of the United States of America and the Constitution and laws of the State of Alabama.

26.     The direct and proximate result of the aforesaid acts, omissions and systemic deficiencies, policies, patterns and practices of the Defendant, Lowndes County Commission, Defendant, Emergystat, Defendant, Christopher Brown, and Defendants "A," "B," "C," "D," "E," "F," and "G" resulted in the injuries sustained and suffered by the Plaintiffs.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Tyrone Townsend, ASB TOW006
Attorney for Plaintiffs
P.O. Box 2105
Birmingham, Alabama 35201
(205) 252-3999
(205) 252-3090 Facsimile

OF COUNSEL

James Earl Finley, FIN014
Attorney at Law
P.O. Box 91
Trussville, Alabama 35173
(205) 655-9286
(205) 655-9287 Facsimile

SERVE DEFENDANTS:

Mr. Charlie King, Chairman
Lowndes County Commission
P.O. Box 65
Hayneville, Alabama 36040

Emergystat, Incorporated
Post office Box 1497
Vernon, Alabama 35592

Mr. Christopher Brown
C/O Emergystat Inc.
Post office Box 1497
Vernon, Alabama 35592

Deputy Jimmy Harris
Lowndes County Sheriffs Department
Post Office Box 157
Hayneville, Alabama 36040