RECEIVED
2006 JUN 26 P 5: 18
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHYANDREA AND MARY HESTER, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 2:06cv572 |
| LOWNDES COUNTY COMMISSION, et al. | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM BRIEF IN SUPPORT OF
## DEPUTY SHERIFF JIMMY HARRIS'S MOTION TO DISMISS

COME NOW Lowndes County Deputy Sheriff Jimmy Harris, a Defendant in the above-styled cause, and submits this Memorandum Brief in Support of his Motion to Dismiss filed contemporaneously herewith. Dismissal is appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in that the Plaintiffs' Complaint, and its component parts, separately and severally fails to state a claim against this Defendant upon which relief may be granted.

### INTRODUCTION

The Plaintiffs filed a Complaint on May 26, 2006, pursuant to 42 U.S.C. § 1983 alleging violation of the civil rights of Shyandrea and Mary Hester. Other than in the style of the Complaint, Deputy Harris' name does not appear in any allegations contained therein. The Plaintiffs' allegations themselves are vague and conclusory and force Deputy Harris to guess which claims are directed at him and which claims are not. It appears that Plaintiffs allege that the actions of Deputy Harris "constituted a violation of the Plaintiffs [sic] rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and further were violations of the express provisions under 42 U.S.C.A §§ 1982 and 1983...." (See

Plaintiffs' Complaint at ¶ 21). The Plaintiffs also allege a variety of state law claims. The Plaintiffs contend that:

- On or about May 24, 2004, Mary Hester and Shyandrea Hester (hereinafter "the Hesters") summoned an Emergystat, Inc. ambulance. (Plaintiffs' Complaint at ¶ 7).

- The Emergystat, Inc. paramedic, Christopher Brown, negligently and/or wantonly attempted to administer a medical procedure against the will of the Hesters.[1] (Plaintiffs' Complaint at ¶ 8).

- The Hesters demanded that treatment upon Shyandrea "be stopped." (Plaintiffs' Complaint at ¶ 9).

- Christopher Brown refused to honor the Plaintiffs' requests and "held Shyandrea against her will." (Plaintiffs' Complaint at ¶ 10).

- Christopher Brown summoned a Lowndes County Deputy Sheriff, who removed Mary Hester from the ambulance. (Plaintiffs' Complaint at ¶ 11).

- The Complaint contains no factual allegations against Deputy Harris, other than a statement about a Lowndes County Deputy Sheriff being summoned to the ambulance. (Plaintiffs' Complaint at ¶ 11). Out of an abundance of caution, Deputy Harris will assume that this allegation is directed at him.

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The

---

[1] The Complaint clearly states that both Plaintiffs are "over the age of 19 years." See Plaintiffs' Complaint at ¶ 1. It is unclear why both parties would need to consent to any procedure under such a scenario

Plaintiffs' Complaint, at least insofar as it relates to this Defendant, contains little more than conclusory allegations that cannot survive a motion to dismiss. See Aquatherm Indus., Inc. v. Florida Power & Light Co., 145 F.3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted"). "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted). In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16; see also South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

Accepting, *arguendo*, the truth of the Plaintiffs' factual allegations, their claims are nonetheless due to be dismissed. First, the claims against Deputy Harris in his official capacity are due to be dismissed because they are barred by the Eleventh Amendment to the United States Constitution and Deputy Harris is not a "person" for purposes of 42 U.S.C. § 1983. Second, Plaintiffs' individual capacity federal claims are due to be dismissed because the Complaint fails to demonstrate the requisite level of specificity where qualified immunity is asserted and Deputy Harris is entitled to qualified immunity. Third, the Fifth Amendment applies to the federal government, not to the Lowndes County Sheriffs Deputies. Finally, the Plaintiffs' state law claims are due to be dismissed because of Alabama state sovereign immunity.

I.  **DEPUTY HARRIS, IN HIS OFFICIAL CAPACITY, IS ENTITLED TO HAVE THE PLAINTIFFS' § 1983 CLAIMS AGAINST HIM DISMISSED.**

Deputy Jimmy Harris is entitled to Eleventh Amendment immunity in his official capacity. Moreover, in his official capacity, Deputy Harris does not constitute a "person" for purposes of 42 U.S.C. § 1983.

A. **The Plaintiffs' official capacity claims against Deputy Harris are barred by the Eleventh Amendment to the United States Constitution.**

The Plaintiffs' official capacity § 1983[2] claims are due to be dismissed for lack of subject matter jurisdiction. By virtue of his position, Deputy Harris is an executive officer of the State of Alabama. See Article V, § 112 of the Alabama Constitution; see also McMillian v. Monroe County, 520 U.S. 781 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties); Carr v. City of Florence, 916 F.2d 1521, 1525-26 (11th Cir. 1990) (holding that Alabama deputy sheriffs are legally extensions of his sheriffs and are likewise considered officers of the State of Alabama); Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991) (finding that deputy sheriffs enjoy immunity from suit as an extension of sheriff's immunity). Therefore, a suit against this Defendant in his official capacity is a suit against the State of Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1997); see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

Because this suit is, in effect, a suit against the State of Alabama, the Plaintiffs' claims under § 1983 are barred by the Eleventh Amendment to the United States Constitution. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); Carr, 916 F.2d at 1525 (citing Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) and upholding the proposition that a deputy sued in his official capacity is entitled to Eleventh Amendment immunity). Thus, this Court lacks subject matter jurisdiction over the Plaintiffs' official capacity claims.

---

[2] Plaintiffs have alleged 42 U.S.C. § 1982 violations in their Complaint which concern racial discrimination in housing accommodations. Plaintiffs have not alleged any facts in the Complaint concerning racial discrimination matters, therefore, the Defendants request that this alleged violation be dismissed. However, if this Court determines that this claim does not warrant dismissal, Defendants request any opportunity to provide the Court with a brief concerning the matter.

B. **Deputy Harris, in his official capacity, does not constitute a "person" for purposes of 42 U.S.C. § 1983.**

Forty-two U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, the Plaintiffs' official capacity claims against Deputy Harris are due to be dismissed because this Defendant does not constitute a "person" under § 1983. Id.; Carr, 916 F.2d at 1525 n.3 (citing Will and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in his official capacities are a 'person' under § 1983").

## II. THE PLAINTIFFS' FIFTH AMENDMENT CLAIMS ARE DUE TO BE DISMISSED AS SUCH CLAIMS ONLY APPLY TO THE FEDERAL GOVERNMENT.

The Plaintiffs allege that their rights under the Fifth Amendment to the United States Constitution have been violated. See Plaintiffs' Complaint at ¶ 21. However, the Fifth Amendment's Due Process Clause does not apply to state and local officials, but rather applies only to the federal government. See Dowdell v. Chapman, 930 F. Supp. 533, 542 (M.D. Ala. 1996); Knoetze v. U.S. Dep't of State, 634 F.2d 207, 211 (5th Cir. 1981).[3] Thus, Plaintiffs' Fifth Amendment claims against Deputy Harris are due to be dismissed.

## III. DEPUTY HARRIS, IN HIS INDIVIDUAL CAPACITY, IS ENTITLED TO HAVE THE PLAINTIFFS' § 1983 CLAIMS AGAINST HIM DISMISSED.

The Plaintiffs have failed to state a claim against Deputy Harris for two reasons. First, the Plaintiffs' Complaint fails to meet the pleading requirement for § 1983 cases involving qualified

---

[3] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the Fifth Circuit handed down before close of business on September 30, 1981 are binding precedent on the Eleventh Circuit).

immunity. Second, even if the Plaintiffs' Complaint could be construed as meeting the pleading requirement, Deputy Harris is entitled to qualified immunity.

A. **The Plaintiffs' Complaint fails to meet the Eleventh Circuit's pleading requirement for § 1983 cases involving qualified immunity.**

The Plaintiffs' individual capacity claims against Deputy Harris are due to be dismissed as the Complaint, on its face, does not meet the Eleventh Circuit's pleading standard for § 1983 cases involving qualified immunity. It is impossible to determine from the Complaint which counts apply to Deputy Harris and what, if anything, Deputy Harris has done with regard to these Plaintiffs. A plaintiff's pleading standard is "heightened" when claims are made against government officials in his individual capacities. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement"). The Eleventh Circuit continues to apply a higher pleading standard for § 1983 cases involving qualified immunity. See, e.g., Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1250 (11th Cir. 2003); Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). Because the Plaintiffs' Complaint fails to meet the Eleventh Circuit's pleading standard the Complaint is due to be dismissed.

B. **Deputy Harris is entitled to qualified immunity on the Plaintiffs' § 1983 claims.**

Even if it could be construed as conforming to the Eleventh Circuit's pleading requirements, the Plaintiffs' Complaint, on its face, demonstrates that Deputy Harris is entitled to qualified immunity. Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. Ansley v. Heinrich, 925 F.2d 1339, 1345 (11th Cir. 1991). Qualified immunity will be denied to an official only when "[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." U.S. v. Lanier, 520 U.S. 259, 270 (1997). In the light of pre-existing law, the unlawfulness

6

must be apparent. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). The official is entitled to "fair warning" that his conduct would deprive a person of a constitutional right. <u>Willingham v. Loughnan</u>, 321 F.3d 1299, 1301 (11th Cir. 2003). The scant facts pled by the Plaintiffs make it difficult to perform this analysis. In addition, no clearly established law provided fair warning to Deputy Harris that his acts were unlawful. Law enforcement officers are justified in behaving in precisely the same manner as Deputy Harris under the circumstances that confronted him. Accordingly, as the Plaintiffs have not alleged either a constitutional deprivation or a violation of clearly established law, Deputy Harris is entitled to qualified immunity and a dismissal of the Plaintiffs' excessive force claim.

## IV.    DEPUTY HARRIS IS ENTITLED TO HAVE THE PLAINTIFFS' STATE LAW CLAIMS AGAINST HIM DISMISSED.

Deputy Harris is absolutely immune to all of the Plaintiff's state law claims. The legal basis for absolute immunity is straightforward and well settled. The Alabama Constitution of 1901 prohibits suits against the State. <u>See</u> Alabama Constitution of 1901, Art. I, § 14. Under the Alabama Constitution of 1901, sheriffs are executive officers of the State of Alabama. <u>See</u> Art. V, § 112; <u>Oliver v. Townsend</u>, 534 So. 2d 1038, 1044 (Ala. 1988); <u>Hereford v. Jefferson County</u>, 586 So. 2d 209, 210 (Ala. 1991); <u>see also</u> <u>McMillian v. Monroe County</u>, 117 S.Ct. 1734 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties). Deputy sheriffs are legally an extension of the sheriff and are likewise considered officers of the State of Alabama. <u>See</u> <u>Hereford</u>, 586 So. 2d at 210. Suits against Alabama sheriffs and their deputies are therefore prohibited because they are suits against the State. <u>See</u> <u>Parker v. Amerson</u>, 519 So. 2d 442, 446 (Ala. 1987); <u>Hereford</u>, 586 So. 2d at 210; <u>Ex parte Haralson</u>, 853 So. 2d 928, 932 (Ala. 2003). This is true even where the sheriff is sued "individually, and as Sheriff." <u>Parker</u>, 519 So. 2d at 445.

There are, however, limited exceptions to this immunity. An Alabama sheriff is immune from suit:

> except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

Parker, 519 So. 2d at 443. Accordingly, even in situations where sheriffs, deputy sheriffs, and jailers are sued for bad faith, the only exceptions to sovereign immunity allowed by the Alabama Supreme Court under Art. 1, § 14 of the Alabama Constitution of 1901 are to *enjoin* the conduct of the state official. Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994).

With only these narrow exceptions, Alabama sheriffs and their deputies are immune from suit. Ex parte Purvis, 689 So. 2d 794 (Ala. 1996). The plaintiffs in Ex parte Purvis alleged that the sheriff and his deputy negligently allowed a suspect to escape. The suspect eventually confronted one of the plaintiffs and shot her. 680 So. 2d at 794-95. ***Granting the defendants' writ of mandamus and reversing the denial of a motion to dismiss***, the Alabama Supreme Court held that both defendants were entitled to immunity under Art. I, § 14. Id. at 796. In so doing, the Court stated, "[a]lthough in the present case the plaintiffs allege that Sheriff Purvis and Deputy Scott *intentionally* failed to follow proper procedures for approaching, detaining, and apprehending dangerous fugitives, we cannot conclude that these defendants' claims of immunity must fail." Id. at 796 (emphasis added). Justice Houston, in his special concurrence, noted that both the sheriff and deputy were entitled to sovereign immunity because the suit was for money damages and did not involve any of the equitable remedies outlined in Parker. Id. at 797 (Houston, J., concurring). Because the Plaintiff seeks nothing more than money damages, Deputy Harris is entitled to a dismissal of the Plaintiff's claims. Id. at 797.

Further, state law prohibits punitive damages from being awarded against the state, counties and municipalities. See Ala. Code § 6-11-26 (Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof . . .); and Harrelson v. Elmore County, 859 F. Supp. 1465, 1469 (M.D. Ala. 1994) (applying statute to strike punitive damages claims made under state law). As a result, the Plaintiff's claims for punitive damages against Deputy Harris are due to be dismissed.

## CONCLUSION

Defendant Lowndes County Deputy Sheriff Jimmy Harris respectfully request this honorable Court dismiss the Plaintiffs' Complaint against him and grant unto him such other, further, and different relief to which they may be entitled, including his attorney's fees and costs in this matter.

Respectfully submitted this the 26th day of June, 2006.

KENDRICK E. WEBB        (WEB022)
C. RICHARD HILL, JR.    (HIL045)

ATTORNEYS FOR DEFENDANTS LOWNDES COUNTY, ALABAMA, COMMISSION, AND JIMMY HARRIS

OF COUNSEL:

WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
(334) 262-1850 Telephone
(334) 262-1889 Fax

James Earl Finley, Esq

## CERTIFICATE OF SERVICE

    I hereby certify that I have served the foregoing by placing a copy of the same in the United States Mail, postage prepaid, upon:

> Tyrone Townsend, Esq.
> P.O. Box 2105
> Birmingham, AL 35201
>
> James Earl Finley, Esq.
> P.O. Box 91
> Trussville, Alabama 35173
>
> Celeste P. Holpp, Esq.
> Norman, Wood, Kendrick & Turner
> 505 Twentieth Street North, Suite 1600
> Birmingham, Alabama 35203
>
> Honorable Ruby Jones
> Lowndes County Court Clerk
> P. O. Box 876
> Hayneville, AL 36040

this 26th day of June, 2006.

_____
OF COUNSEL