RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JUN 26  5: 20

DEBRA P. HACKETT, CLK
U. S. DISTRICT COURT
MIDDLE DISTRICT ALA

SHYANDREA HESTER, et al.        )
                                )
        Plaintiffs,             )
                                )
v.                              )       CIVIL ACTION NO. 2:06cv572
                                )
LOWNDES COUNTY,                 )
COMMISSION, et al.,             )
                                )
        Defendants.             )

MEMORANDUM BRIEF IN SUPPORT OF LOWNDES COUNTY, ALABAMA
COMMISSION'S MOTION TO DISMISS

COME NOW Lowndes County Deputy Sheriff Jimmy Harris, Defendant in the above-

styled cause, and submits this Memorandum Brief in Support of his Motion to Dismiss filed

contemporaneously herewith.  Dismissal is appropriate pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure in that the Plaintiffs' Complaint, and its component parts, separately

and severally fails to state a claim against this Defendant upon which relief may be granted.

INTRODUCTION

On May 26, 2006, the Plaintiffs filed their Complaint in the Circuit Court of Lowndes

County, Alabama.  On June 26, 2006, Defendants filed a Notice of Removal to this Court.[1]  The

Complaint is brought by Shyandrea Hester and Mary Hester and seeks damages against Jimmy

Harris, Deputy Sheriff of Lowndes County, Alabama, the Lowndes County, Alabama,

Commission and others.  The Complaint contains four counts and alleges state and federal

constitutional claims against the Defendants (See Plaintiffs' Complaint).  In Count I of the

Complaint, Plaintiffs allege that the Defendants caused them to suffer unnecessary pain and

---

[1] Filed contemporaneously herewith is Defendant Jimmy Harris' Motion to Dismiss and Memorandum Brief in
Support of Motion to Dismiss and Defendants' Notice of Removal.

anguish, physical, verbal and mental abuse, false imprisonment, assault and battery, outrage, and continued and ongoing physical and emotional trauma (Plaintiffs' Complaint, ¶¶ 16-17). In Count II of the Complaint, Plaintiffs allege that the Defendants failed to properly supervise or monitor their employees (Plaintiffs' Complaint, ¶¶ 18-19). In Count III, Plaintiffs allege that in failing to supervise or monitor their employees, Defendants violated Plaintiffs' rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and their actions were also violations of the express provisions under 42 U.S.C. §§ 1982[2] and 1983 (Plaintiffs' Complaint, ¶¶ 20-21). In Count IV, Plaintiffs allege that Defendants failed to provide their contractual agent with adequate or proper guidelines or supervision necessary for the duties they could foreseeably expect to perform in the course of their contractual relationship (Plaintiffs Complaint, ¶¶ 22-26). There are no factual allegations specific to the Lowndes County, Alabama, Commission.

## ARGUMENT

I.   **THE PLAINTIFFS HAVE FAILED TO ALLEGE FACTS ESTABLISHING LIABILITY ON THE PART OF THE LOWNDES COUNTY, ALABAMA, COMMISSION.**

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal). Further, pleadings must be something more than an ingenious academic exercise in the conceivable. Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001)(en banc). In addition, unsupported conclusions of law or of mixed law and fact

---

[2] Plaintiffs have alleged 42 U.S.C. § 1982 violations in their Complaint which concern racial discrimination in housing accommodations. Plaintiffs have not alleged any facts in the Complaint concerning racial discrimination matters, therefore, the Defendants request that this alleged violation be dismissed. However, if this Court determines that this claim does not warrant dismissal, Defendants request any opportunity to provide the Court with a brief concerning the matter.

are not sufficient to withstand dismissal under Rule 12(b)(6). Id. at 1036; see also S. Fla. Water Mgmt. Dist. V. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)(noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

The Plaintiffs raise no factual allegations that the representative body of Lowndes County, Alabama actually participated in any way with respect to the constitutional violations that they allege to have occurred. The Plaintiffs' only claims against the Lowndes County, Alabama, Commission are ones which arise out of the conduct of persons they claim to be employed by or are contractual agents of the Lowndes County, Alabama, Commission. However, liability under 42 U.S.C. § 1983 cannot be based on the theory of *respondeat superior*. Further, Deputy Sheriffs are employees of the state, not the county, and the Commission has no duty or authority to train or supervise employees of the Lowndes County Sheriff's Office.

"[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Though the Plaintiffs have alleged that the Lowndes County, Alabama, Commission had a policy that caused a violation of their rights, the allegation is nothing more than an academic exercise in the conceivable because none of the alleged actions complained of were performed by persons under the Commission's control. Further, any custom or policy of the Sheriff Deputies cannot be attributed to the County because the Sheriff is not a policy maker for the County, neither can any custom or policy of Emergystat employees be attributed to the County because Emergystat, Inc.,

**A.    The Lowndes County, Alabama, Commission cannot be held vicariously**

is not a policy maker for the County. Finally, the Plaintiffs cannot show that any such custom or policy was the moving force behind the constitutional violation alleged.

**A.**    **The Lowndes County, Alabama, Commission cannot be held vicariously liable for actions, or inactions of the Lowndes County, Alabama Sheriffs Deputies or the Employees of Emergystat.**

All of the Plaintiffs' claims concern alleged actions taken by Sheriff's Deputies and employees of Emergystat in carrying out their duties. There are no factual allegations showing that the Lowndes County Commission is liable in any way other than alleged vicarious liability. However, the Lowndes County Commission cannot be held liable under 42 U.S.C § 1983 on the theory of *respondeat superior*. Further, the Deputy Sheriffs are employees of the State of Alabama, not the Lowndes County, Alabama, Commission.

**1.**    **Liability under 42 U.S.C. § 1983 cannot be based on a theory of *respondeat superior*.**

The United States Supreme Court examined the causation and fault standards for holding a governing body liable based upon an employer-employee relationship in depth in Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397 (1997). Relying on Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the Court concluded that 42 U.S.C. § 1983, "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." Brown, 520 U.S. at 403 (quoting Monell, 436 U.S. at 692). In Monell, the United States Supreme court made it clear that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691; see also Brown, 520 U.S. at 403 (holding that a municipality may not be held liable under § 1983 merely because it employs a tortfeasor).

"While Congress never questioned its power to impose civil liability on municipalities for their own illegal acts, Congress did doubt its constitutional power to impose such liability in

4

order to oblige municipalities to control the conduct of others." <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 479 (1986)(quoting <u>Monell</u>, 436 U.S. at 665-683)(emphasis in original). As in the present case, where the Complaint is devoid of claims involving an allegation that the county action itself violated federal law, or that a county official directed or authorized the deprivation of federal rights, an allegation that a plaintiff suffered a deprivation of federal rights at the hands of a sheriff's department employee will not alone permit an inference of county culpability and causation; the plaintiff will simply have shown that the employee acted culpably. <u>Bd. of County Comm'rs of Bryan County, Okla. v. Brown</u>, 520 U.S. 397, 406-407(1997). Because the Lowndes County Commission cannot be held liable based on the theory of respondeat superior, the Plaintiffs' claims against it are due to be dismissed.

### 2. Deputy Sheriffs are employees of the state, not the county commissions.

Law enforcement activities of the sheriff and his deputies are, by Alabama law, state, not county, functions. <u>McMillian v. Monroe County, Ala.</u>, 520 U.S. 781, 793 (1997) ("Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties"). Accordingly, "Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortuous." <u>McMillian</u>, 520 U.S. at 789. All actions complained of by the Plaintiffs are for activities undertaken by, or at the direction of, law enforcement officers, specifically, Deputy Sheriff Harris. The Lowndes County Commission may not be held liable under a theory of *respondeat superior* for the actions of the Sheriff or his Deputies. See <u>Parker v. Amerson</u>, 519 So.2d. 442, 442 (1987) ("A sheriff is not an employee of a county for purposes of imposing liability on the county under a theory of *respondeat superior*."); <u>Carr v. City of Florence, Ala.</u>, 916 F.2d 1521, 1526 (11th Cir. 1990) (holding that a deputy sheriff is the alter ego of the sheriff); <u>Hereford v. Jefferson County</u>, 586 So.2d 209, 210

(Ala. 1991) (holding that a sheriff is a state, not county employee); King v. Cullman County, 620 So.2d 523, 625 (Ala. 1993) ("The Sheriff of Cullman County is a constitutionally established executive officer of the State of Alabama (Ala.Const.1901, Art. V, § 112, § 138) and is not considered an employee of the county for the purposes of imposing liability upon the county."); Stark v. Madison County, 678 So.2d 787, 788 (Ala.Civ.App. 1996) (finding that an Alabama county has no responsibility for actions of sheriff); See also Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Because Deputy Harris is not an employee of the Lowndes County Commission, all of the Plaintiffs' claims against the Lowndes County Commission are due to be dismissed.

> **3.    Christopher Brown is not an employee of the Lowndes County, Alabama, Commission, therefore, the County Commission cannot be held responsible for his actions.**

"The test to be applied in determining the existence of an agency relationship under the doctrine of *respondeat superior* is whether the alleged principal has control over the manner of the alleged agent's performance." Ison Logging, L.L.C. v. John Deere Construction Equipment Co. Inc., 2000 WL * 1843833 (S.D.Ala. 2000) (quoting Carlton v. Alabama Dairy Queen, Inc., 529 So.2d 921, 923 (Ala. 1988). In addition, it is a well-settled rule that a principal is not ordinarily liable for the torts of its independent contractor. Wallace v. Frontier Bank, N.A., 2004 WL 2914920 (Ala. 2004). The Lowndes County, Alabama, Commission does not in any manner control or influence the methods by which employees of Emergystat carry out the responsibilities of their job. Further, the Plaintiffs have not made any allegations in their Complaint that Lowndes County directs, controls, or influences the employees of Energystat, Inc.

Because all the actions complained of in the Plaintiffs' Complaint were carried out by persons who are not Lowndes County, Alabama, Commission employees, Plaintiffs' claims against the Lowndes County Alabama, Commission are due to be dismissed.

### B.    The Lowndes County, Alabama Commission, has neither the duty, nor the authority, to train or supervise employees of the Lowndes County, Alabama, Sheriff's Office.

The Constitution of Alabama grants a limited measure of authority to Alabama counties and their governing bodies. In fact, Alabama law is clear that a county commission does not have the authority, or the responsibility to promulgate policies and work rules for the sheriff's office. Similarly, a county commission has no authority over the training or supervision of the sheriff's employees. See Lockridge v. Etowah County Comm'n, 460 So. 2d 1361, 1363 (Ala.Civ.App. 1984) (holding that the county commission has no authority "to promulgate work rules for the employees of the sheriff's office, especially the sheriff's deputies"); Crocker v. Shelby County, 604 So. 2d 350, 350-351 (Ala, 1992); Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989) (finding no authority in Alabama law granting the county commission the authority to hire and fire deputy sheriffs"). The Lowndes County, Alabama, Commission has no responsibility for the operation of any type of law enforcement activities, as complained of by the Plaintiff. Because the Lowndes County, Alabama, Commission has no control or authority over the Sheriff and his deputies, there cannot be any casual link between their actions and the actions of the County Commission. Therefore, the Plaintiffs' claims against the Lowndes County, Alabama, Commission are due to be dismissed.

C.    **The Sheriff of Lowndes County, Alabama, and his deputy sheriffs are not policymakers of the Lowndes County, Alabama, Commission, for the purposes of holding the County liable pursuant to a custom or policy.**

While a county may be held liable for a constitutional violation caused by a policy or custom created by an official "whose edicts or acts may fairly be said to represent official policy," Monell, 436 U.S. at 694, whether a given official is properly viewed as a policymaker for a particular governmental entity must be resolved on the basis of state law. See Jett v. Dallas Indep. School Dist., 491 U.S. 701, 737 (1989). Alabama law, as interpreted by the United States Supreme Court, clearly establishes that sheriff's deputies are not county policymakers, but are the responsibility of the Sheriff, and that the Sheriff acts for the state, and not for the county. See McMillian v. Monroe County, Ala., 520 U.S. 781, 788 (1997) (holding that an Alabama Sheriff "represents the State of Alabama and is therefore not a county policymaker."). Accordingly, the Lowndes County Commission cannot be held liable based on a theory that the Sheriff is a final policymaker.

D.    **The Plaintiffs cannot show that a custom or policy of the Lowndes County, Alabama, Commission was the moving force behind the constitutional violation alleged.**

In order to hold a county or municipality liable for constitutional deprivations under § 1983, the Plaintiff must show that the county or municipality was the "moving force" behind the violation. See McElligott v. Foley, 182 F.3d 1248, 1259 (11th Cir. 1999) (affirming summary judgment in favor of county on the basis that the plaintiff did not show "that a county policy or custom was the 'moving force' that caused the alleged constitutional violations."). In order to demonstrate a policy, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to a municipality. The plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the alleged constitutional deprivation.

Brown, 520 U.S. at 404; See also Polk County v. Dodson, 454 U.S. 312, 326 (1981).  Only "when execution of a government's policy or custom" is responsible for "inflict[ing] the injury," and thus "the moving force of the constitutional violation" is the governmental entity liable. Monell, 436 U.S. at 694; See also Farred v. Hicks, 915 F.2d 1530, 1532-33 (11th Cir. 1990); Anderson v. City of Atlanta, 778 F.2d 678, 685 (11th Cir. 1985).  A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the alleged injury.  Brown, 520 U.S. at 404.

Because there is no allegation that the Lowndes County Commission enacted a policy or custom that was the "moving force" behind the Plaintiffs' injury, the Plaintiffs' claims against this Defendant are due to be dismissed.

## II.    PLAINTIFFS' CLAIMS AGAINST FICTITIOUS DEFENDANTS A-G ARE DUE TO BE DISMISSED.

Although Plaintiffs are allowed to include fictitious parties in Alabama State Court pleadings, Defendants have filed a Notice of Removal to this Court and the federal courts have consistently held that fictitious parties are not permitted in federal court. See New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 (11th Cir. 1997); see also McClure v. Houston County, Alabama, 306 F. Supp. 2d 1160 (M.D.Ala, 2003) (quoting New, fictitious parties are not permitted in federal court).

Because Defendants A-G are fictitious defendants in Plaintiffs' Complaint, the particular claims against them are due to be dismissed.

## III.    LOWNDES COUNTY, ALABAMA, IS IMMUNE FROM PUNITIVE DAMAGES.

It is well settled that local governments are immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Wheeler v. City of Pleasant Grove, Alabama, 883 F.2d 267, 271 (11th Cir. 1987); Housing Investors, Inc. v. City of Clanton,

9

Ala., 68 F. Supp. 2d 1287, 1296 (M.D. Ala. 1999) ("The city will therefore remain as a defendant, but, notably, the city is immune from claims for punitive damages."). Further, state law prohibits punitive damages from being awarded against counties and municipalities. See ALA.CODE § 6-11-26 ("Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof . . ."); Harrelson v. Elmore County, Ala., 859 F. Supp. 1465, 1469 (M.D. Ala. 1994) (applying statute to strike punitive damages claims made under state law). As a result, the Plaintiff's claims for punitive damages are due to be dismissed.

## CONCLUSION

Based on the foregoing, Defendant Lowndes County, Alabama, Commission requests that this Honorable Court enter an order dismissing all claims against it in this action.

Respectfully submitted this 26th day of June, 2006.

KENDRICK E. WEBB          (WEB022)
C. RICHARD HILL, JR.          (HIL045)

ATTORNEYS FOR DEFENDANTS LOWNDES COUNTY, ALABAMA, COMMISSION, AND JIMMY HARRIS

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing by placing a copy of the same in the United States Mail, postage prepaid, upon:

Tyrone Townsend, Esq.
P.O. Box 2105
Birmingham, AL 35201

James Earl Finley, Esq.
P.O. Box 91
Trussville, Alabama 35173

Celeste P. Holpp, Esq.
Norman, Wood, Kendrick & Turner
505 Twentieth Street North, Suite 1600
Birmingham, Alabama 35203

Honorable Ruby Jones
Lowndes County Court Clerk
P. O. Box 876
Hayneville, AL  36040

this 26th day of June, 2006.

OF COUNSEL

11