IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHYANDREA HESTER and MARY HESTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.: CV-06-572-DRB |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM BRIEF IN SUPPORT OF EMERGYSTAT, INC. AND CHRISTOPHER BROWN'S MOTION TO DISMISS**

**COME NOW, Emergystat, Inc. and Christopher Brown**, defendants in the above-styled cause, and submit this Memorandum Brief in Support of their Motions to Dismiss filed contemporaneously herewith. Dismissal is appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in that the plaintiffs' Complaint fails to state a claim against these defendants upon which relief may be granted.

**INTRODUCTION**

Plaintiffs filed suit on May 26, 2006, against these defendants, Lowndes County, Alabama, Commission, and Deputy Jimmy Harris, alleging pursuant to 42 U.S.C. §1983, a violation of the Eighth Amendment rights of the plaintiffs and various state law claims in the Circuit Court of Lowndes County, Alabama. (See plaintiffs' Complaint). On June 26, 2006, Defendants, Lowndes County, Alabama, Commission and Deputy Jimmy Harris, filed a Notice of Removal to this Court. These defendants filed a Joinder In and Consent to Removal of this

action to this Court. In Count I of the Complaint, plaintiffs allege that the defendants caused them to suffer unnecessary pain and anguish, physical, verbal and mental abuse, false imprisonment, assault and battery, outrage, and continued and ongoing physical and emotional trauma. (Plaintiffs' Complaint, para. 16-17). In Count II of the Complaint, plaintiffs allege that the defendants negligently and/or wantonly failed to properly supervise or monitor their employee. (Plaintiffs' Complaint, para. 18-19). In Count III of the Complaint, plaintiffs allege that the defendants' failure to supervise or monitor its employee constituted a violation of the plaintiffs' rights under the Fifth and Fourteenth Amendments to the Constitution of the United Statues and their actions were violations of the express provisions under 42 U.S.C. §§ 1982 and 1983. (Plaintiffs' Complaint, para. 20-21). In Count IV of the Complaint, plaintiffs allege that this defendant failed to afford Christopher Brown and fictitious defendants adequate or proper training or supervision necessary for the duties Christopher Brown could foreseeably be expected to perform in the course of his employment. (Plaintiffs' Complaint, para. 22-26).

## ARGUMENT

**I.     THERE IS NO CORPORATE LIABILITY FOR ALLEGED VIOLATIONS OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983 ON THE BASIS OF *RESPONDEAT SUPERIOR*.**

Plaintiffs' Complaint alleges violations of Eighth Amendment Constitutional rights by these defendants. There is no corporate liability for alleged violations of constitutional rights pursuant to 42 U.S.C. §1983 on the basis of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). Thus, if Counts III and IV intend to assert a claim against Emergystat, Inc., the Complaint fails to state a claim under federal law upon which relief can be granted and is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II. **PLAINTIFFS HAVE FAILED TO ALLEGE FACTS DEMONSTRATING HOW THESE DEFENDANTS ALLEGED ACTIONS ESTABLISHED STATE ACTION.**

Plaintiffs' Complaint alleges that defendants' failure to properly supervise or monitor its employees violated plaintiffs' rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and their actions were violations of the express provisions under 42 U.S.C. §§ 1982 and 1983. A properly pled § 1983 action must demonstrate that the injurious conduct was committed by a person acting under color of state law. Chumbley v. Gashinski, 983 F.Supp. 1406, 1409 (M.D.Fla. 1997). A showing of state action requires that the conduct complained of be "fairly attributable to the State." Id., citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

> More specifically, the conduct must arise out of direct state action, either by the existence of state power, or imposition of a rule of conduct by the state or a person for whom the state is responsible, and the offending actor must by 'fairly said to be a state actor.'

Id.

Plaintiffs' Complaint admits that Emergystat, Inc., is a private entity and that Christopher Brown was an employee of Emergystat, Inc. at the time of the alleged incident. Private entities are viewed as state actors only in very narrow circumstances. Id. In order to establish a private entity has engaged in state action, plaintiffs must satisfy three tests. Id., citing, NBC v. Communication Workers of America, ALF-CIO, 860 F.2d 1022, 1026 (11th Cir. 1988). First, the state compulsion test determines whether the state, by rule, statute, or compulsion, causes the private entity to commit the offending act. Id., citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiffs have failed to allege or demonstrate any statute, code, or rule of law within the state of Alabama compelled or encouraged the alleged wrongful acts alleged in the

Complaint.  Further, there is no statute, code or rule of law within the state of Alabama which compels or encourages ambulance attendants or EMTs to cause harm to the passengers.

Second, state action may be established when a private entity acts in the capacity of the state by engaging in an activity that has "traditionally [been] the exclusive prerogative of the State."  Id., quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974).  According to the U.S. Supreme Court, very few activities are traditionally and exclusively reserved to the states.  Id.  Plaintiffs have failed to demonstrate how the transportation of the plaintiffs by the Emergystat, Inc.'s ambulance and/or services provided by Christopher Brown are activities traditionally reserved to the State of Alabama.  Further, plaintiffs have not pled that emergency medical services have traditionally been provided by the State of Alabama as required by this public function test.

Third, state action may be established through the nexus/joint action test which looks to "circumstances where the private entity and the state are so intertwined as to become joint participants in the offending act or activity."  Id., citing Harvey at 1132-33.  Plaintiffs have failed to plead any facts demonstrating the required nexus or joint action between Emergystat, Inc. and/or Christopher Brown and the State of Alabama.

Thus, plaintiffs' allegations, when taken in the light most favorable to plaintiffs, do not sufficiently demonstrate state action by Emergystat, Inc. and/or Christopher Brown in this case.  Because a properly pled § 1983 action must demonstrate that the injurious conduct was committed by a person acting under color of state law and plaintiffs have failed to demonstrate state action, plaintiffs' action is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**III.  PLAINTIFFS HAVE FAILED TO DEMONSTRATE HOW THE ALLEGED INJURIOUS CONDUCT DEPRIVED PLAINTIFFS OF THEIR CONSTITUTIONAL OR STATUTORY RIGHTS, PRIVILEGES OR IMMUNITIES.**

Plaintiffs' federal claims are brought pursuant to the federal civil rights statute, primarily 42 U.S.C. § 1983.  "It is well established that section 1983 itself creates no substantive rights; it merely provides a remedy for deprivations of federal rights established elsewhere." Wideman v. Shallowford Community Hospital, Inc., 826 F.2d 1030, 1032 (11th Cir. 1987); citing, City of Oklahoma City v. Tuttle, 471 U.S. 88 (1985), Wilson v. Garcia, 471 U.S. 261 (1985), Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).  In addition to the pleading requirement as set out in section II. above, a properly pled § 1983 action must demonstrate that the plaintiffs "suffered a deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wideman at 1032, citing Dollar v. Haralson County, 704 F.2d 1540, 1542-42 (11th Cir.), cert. denied, 464 U.S. 963 (1983).  Thus, liability may only be imposed "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  Wideman at 1032, citing Baker v. McCollan, 443 U.S. at 146.  "Absent the existence of an underlying constitutional right, no § 1983 claim will lie." Wideman at 1032.

In Wideman, the Eleventh Circuit held that there exists no such general right to the provision of medical care and services by the state.  Id. at 1034.  However, the Court noted that both the Supreme Court and various circuit courts have indicated that the existence of a "special custodial or other relationship" between an individual and the state may trigger a constitutional duty on the part of the state to provide certain medical services.  For example, states must provide medical care for prisoners incarcerated by the state.  Estelle v. Gamble, 429 U.S. 97, 103 (1976).  Similarly, the Court has held that an involuntarily committed mental patient has certain

constitutionally protected interests under the fourteenth amendment. Wideman at 1034, citing, Youngberg v. Romeo, 457 U.S. 307, 315-19 (1982). Courts have recognized the existence of a special relationship imposing a duty on a state or municipality to provide care and treatment for pretrial detainees and to persons who have been injured while being apprehended by the police. Wideman at 1034-1035, citing Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985), cert. denied, --- U.S. ----, 106 S.Ct. 1492 (1986) and City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 244 (1983).

> The primary thread weaving these special relationship cases together is the notion that if the state takes a person into custody or otherwise assumes responsibility for that person's welfare, a 'special relationship' may be created in respect of that person, and the fourteenth amendment imposes a concomitant duty on the state to assume some measure of responsibility for that person's safety and well-being.

Wideman at 1035; citing Estate of Gilmore v. Buckley, 787 F.2d 714, 721 (1st Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 270 (1986).

The Eleventh Circuit stated that under this rationale, a constitutional duty can arise only when a state or municipality, by exercising a significant degree of custody or control over an individual, places that person in a worse position than that person would have been had the government not acted at all. Wideman at 1035.

> The key concept is the exercise of coercion, dominion, or restraint by the state. The state must somehow significantly limit an individual's freedom or impair his ability to act on his own before it will be constitutionally required to care and provide for that person.

Id. at 1036.

With facts similar to the present case, the Eleventh Circuit in Wideman found that the County did not force or coerce the plaintiff into its ambulance by making the ambulance available to the plaintiff who then entered it voluntarily.

If plaintiffs argued that these defendants' conduct somehow heightened the peril plaintiffs faced, the plaintiffs still would not state a constitutional claim. In an analogous case, the Eleventh Circuit recognized the distinction "between situations where the state activity places someone in danger and where the state fails to help someone already exposed to risk." Wideman at 1037, citing Bradberry v. Pinellas County, 789 F.2d 1513, 1517 (11th Cir. 1986). In Bradberry, the mother of a swimmer who drowned off the Florida coast brought an action under § 1983 alleging that the County violated her decedent's constitutional rights by inadequately training a lifeguard who unsuccessfully attempted to save him. The Bradberry Court held that due process is not implicated when the state fails to help someone already in danger. "To hold otherwise, we would have to read into the Constitution the tort law principle that a rescue, once begun, must be carried out with due care." Wideman at 1037, citing Bradberry at 1517-18.

Similarly, the plaintiffs suffered no constitutional deprivation in this case, and plaintiffs have failed to plead so accordingly. It follows that because a properly pled § 1983 action must demonstrate that the plaintiffs suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and plaintiffs have failed to plead a constitutional deprivation, plaintiffs' action is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. PLAINTIFFS' CLAIMS AGAINST FICTITITOUS DEFENDANTS A-G ARE DUE TO BE DISMISSED.

These defendants adopt in full the argument filed by defendants Lowndes County, Alabama, Commission and Deputy Jimmy Harris on this point in their Memorandum Briefs in Support of their Motions to Dismiss.

**CONCLUSION**

Based on the foregoing, Emergystat, Inc. and Christopher Brown, request that this Honorable Court enter an Order dismissing all claims against them in this action.

Respectfully submitted this 5th day of July, 2006.

                                              s/ Celeste Holpp
                                              Celeste P. Holpp
                                              Bar Number: ASB-0013-A50C
                                              Attorney for Defendants Emergystat, Inc.
                                              and Christopher Brown
                                              Norman, Wood, Kendrick & Turner
                                              Financial Center – Suite 1600
                                              505 20th Street North
                                              Birmingham, Alabama 35203
                                              Phone: (205) 328-6643
                                              Fax: (205) 251-5479
                                              Direct Dial: (205) 259-1035
                                              Email: cholpp@nwkt.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    James Earl Finley                               finleylawfirm@aol.com
    Kendrick E. Webb                              kwebb@webbeley.com
    C. Richard Hill, Jr.                               rhill@webbeley.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Tyrone Townsend
4821 Leola Lane
Birmingham, Alabama 35207

Honorable Ruby Jones
Lowndes County Court Clerk
P.O. Box 876
Hayneville, Alabama 36040

                                                            s/ Celeste P. Holpp

Norman, Wood, Kendrick & Turner<br>
Financial Center – Suite 1600<br>
505 20th Street North<br>
Birmingham, AL 35203<br>
Phone: (205) 328-6643<br>
Fax: (205) 251-5479<br>
Direct Dial: (205) 259-1035<br>
Email: cholpp@nwkt.com