IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHYANDREA AND MARY HESTER, et al., . | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: CV-06-572-DRB |
| v. LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGSTAT, DEPUTY JIMMY HARRIS, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS
AND PLAINTIFFS' RULE 56(F) MOTION FOR EXTENSION**

COMES NOW the Plaintiffs to the above-styled action, by and through their undersigned attorney of record, and hereby responds to Defendants' Motion to Dismiss. Should the Court decide to consider the same a Motion for Summary Judgment, Plaintiffs would request that the Court allow Plaintiffs additional time to respond to Defendant's Motion for Summary Judgment pursuant to FRCP 56(F). Plaintiffs contends that they are unable to present, by affidavit or otherwise, facts essential to justify Plaintiffs' opposition to a Motion for Summary Judgment.

Plaintiffs' submits the following in response to the issues asserted and has responded to all issues with information currently in their possession. Discovery has not commenced and no Scheduling Order has been entered to date.

1. On July 5, 2006, Defendants filed a Motion to Dismiss stating that the Complaint filed by the Plaintiffs fails to state a claim upon which relief can be granted. That

the Plaintiffs do not present any articulated reasons to establish a prima facie case against the Defendants.

2. Plaintiffs would be unduly prejudiced if the Court granted Defendants' Motion to Dismiss without first affording Plaintiff an opportunity to conduct discovery and gather relevant information and evidence related to the current issues asserted by the Defendants.

3. In addition, Plaintiffs request that this court review and consider the Opinion and Order, entered by Judge Coogler in *Heathsouth Cooperation v. Riviere, CV-04-2592-S,* wherein Judge Coogler clearly set fort the standard a complaint must meet to survive a motion to dismiss. "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...'exceedingly low.'" Ancata v. Prison Herv Serv., Inc., 769 F. 2d 700, 703 (11th Cir.1985) (quoting *Quality Foods de Centro America, A.A. v. Latin American Agribusiness Dev., 711 F. 2d 989, 995* (11th Cir. 1983*)).* (Exhibit 1, Opinon and Order entered on March 29, 2005, CV-04-CO-02592-S).

4. Emergystat by its exclusive contract for providing emergency care services on behalf of the citizens and Government of Lowndes County and being funded pursuant to that contract acted under color of a statute, ordinance, custom and or usage of Lowndes County, and by definition were state actors as required under 42 U.S.C. § 1983.

(A). "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
WILL v. MICHIGAN DEPARTMENT OF STATE POLICE ET AL.,491 U.S. 58, quoting 42 U.S.C. § 1983.

5.      As stated in Wideman v. Shallowford Community Hospital, Inc., 826 F. 2d 1030 "A constitutional duty can arise only when a state or municipality, by exercising a significant degree of custody or control over an individual, places that person in a worse situation than he would have been had the government not acted at all. Such a situation could arise by virtue of the state affirmatively placing an individual in a position of danger, effectively stripping a person of her ability to defend herself, or cutting off potential sources of private aid. The key concept is the exercise of coercion, dominion, or restraint by the state. The state must somehow significantly limit an individual's freedom or impair his ability to act on his own before it will be constitutionally required to care and provide for that person." Christopher Brown and Emergytat in full concert and cooperation with Deputy Jimmy Harris an officer of Lowndes County, detained, falsely imprisoned, assaulted and battered etc. the Plaintiffs as pleaded and clearly established the nexus/joint[1] action required to further satisfy the requirements for recourse under 42 U.S.C. § 1983.

6. Defendants Christopher Brown and Emergytat in full concert and cooperation with Deputy Jimmy Harris a Deputy Sheriff of Lowndes County were, by and through their actions under color of a statute, ordinance, regulation, custom, or usage, when they violated the Plaintiffs substantive due process rights under the Fourteenth Amendment to the Constitution of the United States. Specifically the Plaintiffs were deprived of their Liberty interest to have their bodily integrity protected from assault, battery, false imprisonment and kidnaping by the Defendants, in violation of 42 U.S.C. § 1983.

---

[1]. "Third, state action may be established through the nexus/joint action test which looks to "circumstances where the private entity and the state are so intertwined as to become joint participants in the offending act or activity." From Defendant's memorandum brief in support of their motion to dismiss, page 4 citing , NBC v. Communication Workers of America, AFL-CIO, 860 F. 2d 1022, 1026..

WHEREFORE, in light of aforesaid Plaintiffs request that this Court deny Defendants' Motion to Dismiss and allow Plaintiff an opportunity to conduct discovery and investigate the issues raised by Defendants in their Motion to Dismiss to allow the issues of fact to be properly weighed and determined by an impartial trier of fact.

s/Tyrone Townsend
TYRONE TOWNSEND
Attorney for Plaintiffs
State Bar I.D. No.: ASB TOW006

**OF COUNSEL:**
James Earl Finley
Attorney at Law
P.O. Box 91
Trussville, Alabama 35173
Tel: (205) 655-9286
Fax: (205) 655-9287
E-mail: Finleylawfirm@aol.com.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all counsel of record by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed on this the 23 day of July, 2006, as follows:

Celeste P. Holpp, Esq.
NORMAN, WOOD, KENDRICK & TURNER
Financial Center - Suite 1600
505 20th Street North
Birmingham, Alabama 35203


C. Richard Hill, Jr., Esq.
Kendrick E. Wbb, Esq.
Webb & Eley, P.C.
P.O. Box 240909
Montgomery, Alabama 36125