**Plaintiff's Exhibit "1"**

200SMar29 AM 10:49
US DST. COURT
N.D.OF AlLABAMA
**FILED**

2005Sep-30 AM 06:28 U.S.
DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**HEALTHSOUTH CORPORATION,** ]

  Plaintiffs,                ]          CV-04-CO-02592-S
**DANIEL J. RIVIERE,**        ]

   Defendant(s),              ]

**OPINION AND ORDER**

Presently before the court is Defendant's Motion to Dismiss [Doc. 20} filed by defendant Daniel J. Riviere, The issues raised therein have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the motion to dismiss is due to be denied.

Defendant has challenged the sufficiency of the complaint and amended complaint under Rule 12(b)(6), whfch provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. A court may dismiss a complaint (or in this Instance, counts of a complaint) under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims which would entitle the

plaintiff to relief. Conley v. *Gibson,* 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b){6} motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts 1n a light most favorable to the non-moving party." *Dacosta* v. *Nwachukwa,* 304 F.3d 1045, 1047 (11th C1r. 2002) (citing *CJR /nvs., Inc. v. County of Escambta, Flo.,* 132 P.3d 1359, 1367 (11th Clr. 1998)). Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Daliymplev. Reno,* 334 F.3d 991, 996 (11th Clr. 2003) (quoting *Marsh* v. *Sutler* County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross ft Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1369 (11th Clr. 1997) (emphasis in original)(citing *Robertson v. Johnston,* 376 F.2d 43 (5th Cir. 1967)).

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is.,. 'exceedingly low.'" *Ancota* v. Prison *Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985)

(quoting *Quality* Foods *de" Centro America; S:A. v.* Latin *American Agribusiness Dev.*, 711 f.2d 989, 995 (11th Cfr 1983}).

When the above standard is applied to the complaint, the motion to dismiss fs due to be and hereby is DENIED.

Done this 29th day of March 2005.

                                 _____
                                      L SCOTT COOGLER UNITED
                                 STATES DISTRICT JUDGE
                                                           108B34

Page 3 of 3