IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHYANDREA AND MARY HESTER, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 2:06-cv-0572-WHA-DRB ) |
| LOWNDES COUNTY COMMISSION, et al. | ) ) ) |
| Defendants. | ) ) |

### REPLY OF DEPUTY SHERIFF JIMMY HARRIS TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

COMES NOW Jimmy Harris, a Defendant in the above styled cause, and submits this reply to Plaintiffs' response to its Motion to Dismiss.  Deputy Harris maintains that Plaintiffs' Response is without merit and that his Motion to Dismiss is due to be granted in its entirety.  As support thereof, Defendant states as follows:

1.   The Plaintiffs' Response fails to address the merits of the legal arguments presented by Deputy Sheriff Harris in his Motion to Dismiss and supporting brief.  The Plaintiffs merely state the legal standard for a complaint to survive a Motion to Dismiss and argue that because Deputy Sheriff Harris is an "officer of Lowndes County" and acted in "full concert and cooperation" with an Emergystat employee, Harris is liable for the alleged deprivation of constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiffs appear to rely on the scant facts pled in the Complaint, which contains no allegations against Deputy Harris, to survive a Motion to Dismiss.

2. In making this assertion, Plaintiffs wholly disregard the well-established standards of immunity presented in Deputy Harris' Motion to Dismiss and supporting brief. In his official capacity, Deputy Harris is protected by Eleventh Amendment immunity from Plaintiffs' § 1983 claims. Further, Deputy Harris is not a "person" for purposes of 42 U.S.C. § 1983. Plaintiffs have presented no argument that Deputy Harris is not entitled to the protection of qualified immunity from Plaintiffs' individual capacity § 1983 claims. In addition, Plaintiff presents no rebuttal to the fact that Deputy Harris, as an officer of the State of Alabama, is absolutely immune from Plaintiffs' state law claims. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998); Ansley v. Heinrich, 925 F.2d 1339, 1345 (11th Cir. 1991); Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991).

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Jimmy Harris, requests that this Honorable Court enter an order dismissing all claims against him in this action.

**RESPECTFULLY SUBMITTED** this 1st day of August, 2006.

s/C. Richard Hill, Jr.
KENDRICK E. WEBB, Bar No. WEB022
C. RICHARD HILL, JR., Bar No. HIL045
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: rhill@webbeley.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 1st day of August, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, who will send notification to the following CM/ECF participants:

      Tyrone Townsend, Esq.
      P.O. Box 2105
      Birmingham, AL 35201

      James Earl Finley, Esq.
      P.O. Box 91
      Trussville, Alabama 35173

      Celeste P. Holpp, Esq.
      Norman, Wood, Kendrick & Turner
      505 Twentieth Street North, Suite 1600
      Birmingham, Alabama 35203

      **s/C. Richard Hill, Jr.**
      **OF COUNSEL**