IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHYANDREA AND MARY HESTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv572-WHA |
| ) | |
| LOWNDES COUNTY ) | (WO) |
| COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

**I. <u>INTRODUCTION</u>**

This cause is before the court on three Motions to Dismiss (Docs. #2, #4 and #7) for failure to state a claim upon which relief can be granted filed by Defendant Deputy Sheriff Jimmy Harris, Defendant Lowndes County, Alabama Commission ("Lowndes County Commission"), and Defendants Emergystat, Inc. and Christopher Brown, filed respectively on June 26, 2006 and July 5, 2006.

The Plaintiffs, Shyandrea Hester and Mary Hester ("Plaintiffs"), originally filed a Complaint in this case in the Circuit Court of Lowndes County, Alabama, bringing the following claims against all named Defendants: infliction of unnecessary pain and anguish; physical, verbal and mental abuse; false imprisonment; assault and battery; outrageous conduct; and continuing and ongoing physical and emotional trauma (collectively, Count #1); negligent and/or wanton failure to supervise or monitor employees, resulting in injury to Plaintiffs (Count #2); violation of the Plaintiffs' rights under the Fifth and Fourteenth Amendments of the Constitution of the United States, actionable under 42 U.S.C. §§ 1982 and 1983 (Count #3); and maintaining

policies, patterns and/or practices of grossly negligent or recklessly indifferent supervision directly resulting in gross indifference to the rights guaranteed to the Plaintiffs under the Constitution of the United States (presumably, another §1983 claim) (Count #4). Defendants removed the cause of action to this court on the basis of federal question jurisdiction, 28 U.S.C. §1331, and supplemental jurisdiction, 28 U.S.C. §1367.

For reasons to be discussed, the Motions to Dismiss are due to be GRANTED, in part, and DENIED, in part.

## II. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Hishon, 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). In cases brought under 42 U.S.C. § 1983 when qualified immunity is an issue, however, the threshold is high. See Marsh v. Butler County, 268 F.3d 1014 (11th Cir. 2001), implicitly modified by Hope v. Pelzer, 536 U.S. 730 (2002); see also GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir.1998) ("A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a

defense of qualified immunity.").

## III. FACTS

The allegations of the Plaintiff's Complaint are as follows:

On May 28, 2004, Plaintiffs summoned an ambulance operated by Defendant Emergystat Inc. ("Emergystat"), which was under contract with Defendant Lowndes County Commission. Defendant Christopher Brown ("Brown"), an employee of Defendant Emergystat, tried to administer an unwarranted and unwanted invasive procedure upon Plaintiff Shyandrea Hester, against the will of both Plaintiffs. Despite the Plaintiffs' requests that Brown cease treatment and allow the Plaintiffs to exit the ambulance, Brown continued treatment and refused to permit their exit. Brown also summoned a Lowndes County Deputy Sheriff, Defendant Harris, who physically removed Plaintiff Mary Hester from the ambulance and refused to permit Plaintiff Shyandrea Hester from exiting the ambulance, thereby curtailing her free movement. Plaintiffs allege that the foregoing actions caused them to suffer unnecessary mental anguish, humiliation, embarrassment, and pain and suffering.

## IV. DISCUSSION

Because the Plaintiffs' Complaint alleges numerous counts against numerous Defendants with each count against each Defendant requiring its own analysis, the subsequent discussion is divided accordingly by Defendant and further by each count.

**A.**     *Claims Against Defendant Deputy Sheriff Jimmy Harris*

    **1.**     *Count One - State Law Claims*

With regard to the state law claims alleged in Count One, Defendant Harris is absolutely immune from suit for such claims. States are immune from private suits in their own courts.

Alden v. Maine, 527 U.S. 706, 754 (1999). Moreover, under Alabama law, it is well-settled that sheriffs are executive officers of the state and, as a result, have immunity under the Alabama Constitution. Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala.1991) (citing Ala. Const., art. 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.")); see also McMillan v. Monroe County, Ala., 520 U.S. 781, 789 (1997) (holding that, based on an analysis of Alabama law, sheriffs are state officers and suits against them in their official capacity are suits against the state). Alabama law further recognizes that "'[i]n general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.'" Hereford, 586 So. 2d at 210 (quoting Mosely v. Kennedy, 17 So. 2d 536, 537 (Ala. 1944)); see also Welch v. Laney, 57 F.3d 1004, 1008 (11th Cir. 1995) (recognizing that a sheriff's deputy is legally an extension of the sheriff); Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990) (recognizing that a deputy's acts are generally considered acts of the sheriff). Thus, it follows logically that a deputy sheriff receives the same privilege of sovereign immunity as a sheriff. See Wright v. Bailey, 611 So. 2d 300 (Ala. 1992) (holding that, because a sheriff would have immunity in a suit alleging negligent failure to perform an arrest, two deputy sheriffs would also be entitled to such immunity). Exceptions to this immunity apply only in situations where plaintiffs are seeking injunctive relief against a sheriff or deputy sheriff. See Tinney v. Shores, 77 F.3d 378, 383 (1996) ("The Alabama Supreme Court explained that under Article I, § 14 [of the Alabama Constitution], the only exceptions to a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct."); see also Parker v. Amerson, 519 So. 2d 442, 443 (Ala. 1987). Therefore, under Alabama law, a deputy sheriff is an executive officer of the state, which provides him with absolute immunity from suits for money damages under state

law causes of action. Accordingly, Defendant Harris's Motion to Dismiss with regard to all claims under Count One is due to be GRANTED, with prejudice.

### 2.   *Count Two - Negligent Supervision*

While Plaintiff's Complaint asserts Count Two against all named Defendants, this Count clearly is inapplicable to Defendant Harris. The Plaintiffs' allegations in Count Two are that negligent and/or wanton failure to properly supervise or monitor employees led to the Plaintiffs' injuries. Defendant Harris is a Deputy Sheriff, however, and there is no allegation whatsoever in the Complaint that he played a supervisory role regarding any of the actors involved in this claim. As a result, Defendant Harris's Motion to Dismiss with regard to Count Two is due to be GRANTED, with prejudice.

### 3.   *Count Three - §§ 1982 and 1983 Claims*

Plaintiffs' Complaint indicates two bases for suit under Count Three, 42 U.S.C. §1982 and 42 U.S.C. §1983. Section 1982 states: "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C.A. §1982. Nothing alleged in the Plaintiffs' Complaint presents an actionable claim under Section 1982. Therefore, Defendant Harris's Motion to Dismiss with regard to all claims under Section 1982 is due to be GRANTED, with prejudice. It should further be noted that this analysis is applicable to all Defendants.

Plaintiffs' Complaint alleges a Section 1983 claim against Defendant Harris, based on the violation of the Plaintiff's rights under the Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs cannot maintain any Section 1983 claim based on the violation of

Fifth Amendment rights against Defendant Harris, however, because the Fifth Amendment's Due Process Clause applies only to the federal government, not to state governments and state or local officials.  See Knoetze v. U.S. Dep't of State, 634 F. 3d 207, 211 (5th Cir. 1981) ("[F]ifth amendment protection attaches only when the federal government seeks to deny a liberty or property interest.").  Accordingly, with regard to Plaintiffs' Section 1983 claims based on a violation of Fifth Amendment rights, Defendant Harris's Motion to Dismiss is due to be GRANTED, with prejudice.  Again, this analysis is applicable to all Defendants.

Plaintiffs' Complaint is not clear as to whether the Section 1983 claims based on the violation of their Fourteenth Amendment rights are against Defendant Harris in his official capacity or his individual capacity.  Therefore, the claims will be evaluated in regard to both capacities.  Nonetheless, even though different legal reasoning applies depending upon the capacity in which Defendant Harris is sued, the result remains the same; under Count Three, the Plaintiff's Complaint, as presently pleaded, states no claim against Defendant Harris upon which relief can be granted.

With regard to the Section 1983 claims against Defendant Harris in his official capacity, Plaintiffs cannot maintain any cause of action due to the lack of subject matter jurisdiction under the Eleventh Amendment.  Interpreting the Eleventh Amendment, the Supreme Court has determined that "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Edelman v. Jordan, 415 U.S. 651, 663 (1974), overruled on other grounds by Will v. Mich. Dep't. of State Police, 491 U.S. 58 (1989).  Moreover, "[i]n the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh

Amendment." Carr, 916 F.2d at 1525 (11th Cir.1990) (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)).

As noted previously in the discussion of Plaintiffs' Count One claims against Defendant Harris, Alabama law recognizes that sheriffs are executive officers of the state and that deputy sheriffs act as extensions of the sheriff. Suits against a sheriff in his official capacity are considered suits against the state. See McMillan, supra. Because deputy sheriffs are considered extensions of the sheriff, suits against a deputy sheriff in his official capacity also are considered suits against the state. As such, absent consent, the Eleventh Amendment precludes a suit against the deputy sheriff in his official capacity in federal court. Accordingly, Defendant Harris's Motion to Dismiss with regard to the Plaintiffs' Section 1983 claims against Defendant Harris, in his official capacity, is due to be GRANTED, with prejudice.

With regard to the Section 1983 claims against Defendant Harris in his individual capacity, Plaintiffs' Complaint fails to plead sufficient facts to sustain a claim. The Eleventh Circuit Court of Appeals has stated that "while Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). The court further indicates that some factual detail is necessary, particularly in cases involving qualified immunity where the court must determine whether the defendant violated a clearly established right. Id. See also Helton v. Hawkins, 12 F. Supp. 2d 1276, 1280 (M.D. Ala. 1998) ("Under current Eleventh Circuit law, the plaintiff must come forward with specific facts, concerning

each defendant, indicating that each defendant has not only violated a constitutional right, but a clearly established one.").

Here, the Plaintiffs' Complaint does not comply with the Eleventh Circuit's "heightened pleading" requirement for Section 1983 cases involving qualified immunity. The Plaintiffs' Complaint merely states that the actions of named Defendants "constituted a violation of the Plaintiffs rights under the Fifth and Fourteenth Amendments to the Constitution of the United States. . . ." (Plaintiffs' Complaint, ¶ 21). Plaintiffs give no further explanation, leaving the court only to speculate what rights under the Fourteenth Amendment Defendants violated. While the Plaintiffs' Response to the Defendant's Motion to Dismiss indicates that the Defendants violated their substantive due process rights by depriving them of their liberty interest to have their bodily integrity protected from assault, battery, false imprisonment and kidnapping, such specificity must be pled in the Complaint in order to state a cause of action upon which relief can be granted. Therefore, with regard to the Plaintiffs' Section 1983 claims against Defendant Harris, <u>in his individual capacity</u>, based on violations of the Plaintiffs' Fourteenth Amendment rights, Defendant Harris's Motion to Dismiss is due to be GRANTED. Defendant Harris's DISMISSAL on this particular Count is without prejudice, however, so that Plaintiffs are afforded the opportunity to re-plead this issue, within the strictures of Fed. R. Civ. P. 11, in compliance with the circuit's "heightened pleading" requirement.

    **4.**    *Count Four - Negligent Policies, Patterns and Practices*

The Plaintiffs' complaint is unclear as to whether Count Four is asserted against Defendant Harris or not. Nonetheless, even if it is, the Plaintiffs can not maintain the claims asserted in Count Four as applied to Defendant Harris. Much like Count Two, the Plaintiffs

allege nothing in the Complaint to support any claim that Defendant Harris somehow was responsible for the policies, patterns and practices they allege proximately caused their injuries. Therefore, with regard to any claims under Count Four, Defendant Harris's Motion to Dismiss is due to be GRANTED, with prejudice.

**B.**     *Claims Against Defendant Lowndes County Commission*

The Plaintiffs' Complaint is vague with regard to the bases for liability of the Lowdnes County Commission. Other than alleging a contractual relationship between Defendant Emergystat and the Lowndes County Commission, the Plaintiffs' Complaint provides no rationale for why the Lowndes County Commission should be liable under the alleged Counts. Although "heightened pleading" does not apply to claims against the Lowndes County Commission, the Plaintiffs' Complaint is too vague to adequately evaluate these claims even under notice pleading. As a result, most of the claims are subsequently dismissed; several of these claims against the Lowndes County Commission are dismissed without prejudice, however, so that, within the guidelines of Rule 11, the Plaintiffs can re-plead such claims with the clarity necessary to state a claim upon which relief can be granted.

    **1.**     *Count One - State Law Claims*

The Plaintiffs' Complaint does not allege that the Lowndes County Commission, or any of its employees, actually participated in any of the actions giving rise to the Count One claims. Instead, Defendant Brown, as an employee of Defendant Emergystat, and Defendant Harris allegedly performed all of the acts giving rise to these claims. As a result, the Lowndes County Commission is liable only if the Plaintiff can prove that these alleged actors are agents of the Lowndes County Commission under a theory of respondeat superior.

With regard to the alleged tortious acts of Defendant Harris, the Lowndes County Commission is not subject to liability under the theory of respondeat superior. The Supreme Court has recognized that, under Alabama law, "sheriffs are state officers, and that tort claims brought against sheriffs based on their official acts therefore constitute suits against the State, not suits against the sheriff's county." McMillian, 520 U.S. at 789. As a result, "Alabama counties are not liable for the acts of sheriffs under a theory of respondeat superior." Id. Alabama law further recognizes that acts of a deputy sheriff are, by extension, acts of the sheriff. Hereford, 586 So. 2d at 210. It follows, therefore, that a deputy sheriff is a state officer and not an employee of the county or the county commission.

Because Alabama counties are not liable for the acts of sheriffs under a theory of respondeat superior and deputy sheriffs are considered extensions of the sheriff, the Lowndes County Commission can not be held liable under the theory of respondeat superior for the alleged acts of Defendant Harris. Therefore, with regard to all claims against the Lowndes County Commission under the theory of respondeat superior for the alleged acts of Defendant Harris, the Defendant's Motion to Dismiss is due to be GRANTED, with prejudice.

With regard to the Lowndes County Commission's liability under the theory of respondeat superior for the alleged tortious acts of Defendant Brown, as an employee of Defendant Emergystat, the Plaintiffs' Complaint merely alleges that Defendant Brown committed tortious acts upon Plaintiffs in the course of his employment with Defendant Emergystat, who was under contract with the Lowndes County Commission. All claims appear to rely on the contractual relationship between the Lowndes County Commission and Defendant Emergystat. Under Alabama law, "'a principal is not ordinarily liable for the torts of its

independent contractor.'" Wallace v. Frontier Bank, N.A., 903 So. 2d 792, 801 (Ala. 2004) (quoting Lincoln Log Home Enters., Inc. v. Autrey, 836 So.2d 804, 806 (Ala. 2002)). Moreover, the Plaintiff's Complaint fails to allege or provide any facts indicating that there is any agency relationship between the Lowndes County Commission and either Defendant Emergystat or Defendant Brown. As a result, the Plaintiff's Complaint fails to state a claim upon which relief can be granted; thus, with regard to the Lowndes County Commission's liability under the theory of respondeat superior for the alleged tortious acts of Defendant Brown, as an employee of Defendant Emergystat, the Defendant's Motion to Dismiss is due to be GRANTED, without prejudice.

      **2.**     *Count Two - Negligent Supervision*

For previously discussed reasons, the Plaintiffs' Complaint does not allege sufficient facts to state a claim upon which relief can be granted based on negligent supervision. As noted above, Defendant Harris is an employee of the state, not of the county or the county commission. Thus, the Lowndes County Commission is not liable for negligent supervision of Defendant Harris because he is not an employee. Furthermore, the Plaintiffs' Complaint does not allege any agency relationship between the Lowndes County Commission and either Defendant Emergystat or Defendant Brown that would require a standard of supervision. Therefore, with regard to all claims under Count Two against the Lowndes County Commission, the Defendant's Motion to Dismiss is due to be GRANTED, without prejudice.

      **3.**     *Count Three - §§ 1982 and 1983 Claims*

As previously discussed, the Plaintiffs' Complaint alleges no facts upon which a Section 1982 claim is sustainable. Also, since the Lowndes County Commission is not an arm of the

federal government, the Plaintiffs can not maintain any Section 1983 claims based on rights protected by the Fifth Amendment. Accordingly, with regard to all claims based on Section 1982 and all Section 1983 claims based on Fifth Amendment protection, the Defendant's Motion to Dismiss is due to be GRANTED, with prejudice.

The Plaintiffs' Section 1983 claim against the Lowndes County Commission, based on the violation of their rights protected under the Fourteenth Amendment, requires further analysis. Any liability for the actions of Defendant Brown, Defendant Emergystat or Defendant Harris, attributable to the Lowndes County Commission, apparently arises under the theory of respondeat superior. As noted previously, the Plaintiffs' Complaint does not allege sufficient facts that the theory of respondeat superior is applicable in regard to the relationship between the Lowndes County Commission and either Defendant Brown and Defendant Emergystat or Defendant Harris. Even if adequate allegations were included in the Plaintiff's Complaint, however, the theory of respondeat superior is not a method by which liability attaches under Section 1983. See County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) (holding that municipalities and other local governmental bodies are "persons" within the meaning of Section 1983, but may not be held liable under § 1983 solely because it employs a tortfeasor).

Count Three also appears to allege that negligent monitoring or supervision of the actions of all named Defendants led to violation of constitutional rights under which a Section 1983 claim is available. As noted above in the discussion of Count Two Claims against the Lowndes County Commission, the Plaintiffs' Complaint alleges no facts upon which one can determine that the Lowndes County Commission was responsible for supervising or monitoring the actions

of Defendant Brown or Defendant Harris. Therefore, with regard to all Section 1983 claims based on Fourteenth Amendment protection, the Defendant's Motion to Dismiss is due to be GRANTED, without prejudice to being re-pled if the Plaintiffs should choose to do so.

### 4.    *Count Four - Negligent Policies, Patterns and Practices*

Because the Plaintiffs' Complaint is vague, the court must assume that Count Four is a Section 1983 claim against the Lowndes County Commission based on liability for policies resulting in the deprivation the Plaintiffs' constitutional rights. Local governments or municipalities may be liable under Section 1983 for their policy decisions. See Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986) (holding that "it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"). Moreover, an argument along these lines may potentially provide support for the Plaintiffs' other claims against the Lowndes County Commission. Because of the lack of clarity in the Plaintiffs' Complaint, however, the Plaintiffs have not sufficiently pled a claim upon which relief can be granted. Therefore, with regard to all claims against the Lowndes County Commission under Count Four, the Defendant's Motion to Dismiss is GRANTED, without prejudice.

## C.    *Claims Against Defendant Christopher Brown and Defendant Emergystat, Inc.*

### 1.    *Count One - State Law Claims*

With regard to Count One, the Plaintiffs' Complaint alleges sufficient facts to state claims upon which relief can be granted. The Plaintiffs indicate that, while in the course of employment with Defendant Emergystat, Defendant Brown administered an unwanted invasive procedure on Plaintiff Shyandrea Hester, prevented Plaintiff Shyandrea Hester from leaving the ambulance, and caused Plaintiff Mary Hester to be physically removed from the ambulance.

These allegations give rise to the claims set forth in Count One, upon which Defendant Brown and Defendant Emergystat may be found liable. Therefore, with regard to all claims under Count One against both Defendant Brown and Defendant Emergystat, the Defendants' Motion to Dismiss is DENIED.

    2.    *Count Two - Negligent Supervision*

With regard to Count Two, the Plaintiffs have not stated a claim against Defendant Brown upon which relief can be granted. While Defendant Brown allegedly committed tortious acts, the Plaintiffs make no allegations that Defendant Brown was in a management or supervisory position. Without such allegations, no claim for negligent supervision against Defendant Brown is sustainable. Therefore, with regard to the Count Two claims against Defendant Brown, the Defendants' Motion to Dismiss is due to be GRANTED, with prejudice.

Alabama law recognizes the tort of negligent supervision. The Alabama Supreme Court has stated that "'[i]n the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him." Voyager Ins. Cos. V. Whitson, 867 So. 2d 1065, 1073 (Ala. 2003) (quoting Lane v. Cent. Bank of Ala., N.A., 425 So.2d 1098, 1100 (Ala. 1983)). The Plaintiffs' Complaint alleges that, as the employer of Defendant Brown, Defendant Emergystat is liable for negligent supervision. Although scant facts in the Complaint support any claim for negligent supervision on the part of Defendant Emergystat, it is possible that relief can be granted on such a claim based on the master/servant relationship between Defendant Emergystat and Defendant Brown and the alleged tortious acts of Defendant Brown. Therefore, with regard to the Count Two claims against Defendant Emergystat, the Defendants' Motion to Dismiss is due to be

DENIED.

### 3. *Count Three - §§ 1982 and 1983 Claims*

As previously discussed, the Plaintiffs' Complaint alleges no facts upon which a Section 1982 claim is sustainable. Furthermore, since neither Defendant Brown nor Defendant Emergystat are agents of the federal government, no Fifth Amendment rights are implicated. Accordingly, with regard to all Count Three claims against Defendant Brown and Defendant Emergystat based on Section 1982 or violations of Fifth Amendment rights, the Defendants' Motion to Dismiss is due to be GRANTED, with prejudice.

With regard to all Section 1983 claims against Defendant Brown and Defendant Emergystat based on violations of the Fourteenth Amendment, the Plaintiffs' Complaint fails to allege sufficient facts to state a claim upon which relief can be granted. Simply stated, the allegations are too vague to establish the requisite state action necessary to maintain a Section 1983 claim in the Eleventh Circuit. See Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [a plaintiff] must show that he was deprived of a federal right by a person acting under color of state law."). Other than indicating a contractual relationship between the Lowndes County Commission and Defendant Emergystat, the Plaintiffs' Complaint makes no assertion that the alleged tortious acts of Defendant Brown, as an employee of Defendant Emergystat, constitute state action. While the Plaintiffs' Response to Defendants' Motions to Dismiss briefly mentions that the alleged actions satisfy the nexus/joint action test thereby establishing state action, such allegations must be pled in the Complaint to state a cause of action upon which relief can be granted. Moreover, as discussed earlier, Plaintiffs' Complaint gives little indication as to what constitutional right was violated.

Therefore, with regard to the Count Three Section 1983 claims against Defendant Brown and Defendant Emergystat, the Defendants' Motion to Dismiss is due to be GRANTED, without prejudice.

**4.    *Count Four - Negligent Policies, Patterns and Practices***

For the reasons discussed immediately above regarding the failure to properly plead state action, any potential Section 1983 claim against Defendant Brown and Defendant Emergystat is not sustainable. Accordingly, the Defendants' Motion to Dismiss is due to be GRANTED, without prejudice.

**D.    *Claims Against Fictitious Defendants A-G***

Generally, fictitious party pleading is not permitted in federal court. McClure v. Houston County, Ala., 306 F. Supp. 2d 1160, 1162 n.1 (M.D. Ala. 2003) (citing New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir.1997). See also Harris v. Palm Harbor Homes, Inc., 198 F. Supp. 2d 1303, 1304 (M.D. Ala. 2002); Edwards v. Ala. Dept. of Corr., 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000). Thus, with regard to all claims asserted against Fictitious Defendants A-G, the Defendants' Motions to Dismiss are due to be GRANTED.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. As to Count One of the Plaintiffs' Complaint,

    (a)    Defendant Harris's Motion to Dismiss (Doc. #2) is GRANTED, with prejudice, and Count One is DISMISSED as to Defendant Harris, with prejudice;

    (b)    Defendant Lowndes County Commission's Motion to Dismiss (Doc. #4) is

>GRANTED for all claims based upon respondeat superior liability for the acts of Defendant Deputy Sheriff Harris, and GRANTED, without prejudice, for all claims based upon respondeat superior liability for the acts of Defendant Brown and Defendant Emergystat; and
>
>>(c) Defendants Brown and Emergystat's Motion to Dismiss (Doc. #7) is DENIED.
>
>2. As to Count Two of the Plaintiffs' Complaint,
>
>>(a) Defendant Harris's Motion to Dismiss (Doc. #2) is GRANTED, with prejudice, and Count Two is DISMISSED as to Defendant Harris, with prejudice;
>>
>>(b) Defendant Lowndes County Commission's Motion to Dismiss (Doc. #4) is GRANTED, without prejudice; and
>>
>>(c) Defendants Brown and Emergystat's Motion to Dismiss (Doc. #7) is GRANTED, concerning Defendant Brown, and DENIED, concerning Defendant Emergystat.
>
>3. As to Count Three of the Plaintiffs' Complaint,
>
>>(a) Defendant Harris's Motion to Dismiss (Doc. #2) is GRANTED, with prejudice, for all claims based on Section 1982 and for all claims based on Section 1983 concerning right protected under the Fifth Amendment; Defendant Harris's Motions to Dismiss (Doc. #2) for all claims against him in his official capacity based on Section 1983 concerning rights protected under the Fourteenth Amendment is GRANTED, with prejudice;

Defendant Harris's Motions to Dismiss (Doc. #2) for all claims against him in his individual capacity based on Section 1983 concerning rights protected under the Fourteenth Amendment is GRANTED, without prejudice;

(b) Defendant Lowndes County Commission's Motion to Dismiss (Doc. #4) is GRANTED, with prejudice, for all claims based on Section 1982 and for all claims based on Section 1983 concerning right protected under the Fifth Amendment; Defendant Lowndes County Commission's Motion to Dismiss (Doc. #4) is GRANTED, without prejudice, for all claims based on Section 1983 concerning rights protected under the Fourteenth Amendment;

(c) Defendants Brown and Emergystat's Motion to Dismiss (Doc. #7) is GRANTED, with prejudice, for all claims based on Section 1982 and for all claims based on Section 1983 concerning rights protected under the Fifth Amendment; Defendants Brown and Emergystat's Motion to Dismiss (Doc. #7) is GRANTED, without prejudice, for all claims based on Section 1983 concerning rights protected under the Fourteenth Amendment.

4. As to Count Four of the Plaintiffs' Complaint,

(a) Defendant Deputy Sheriff Harris's Motion to Dismiss (Doc. #2) is GRANTED, with prejudice, and Count Four is DISMISSED as to Defendant Harris, with prejudice;

    (b)    Defendant Lowndes County Commission's Motion to Dismiss (Doc. #4) is GRANTED, without prejudice; and

    (c)    Defendants Brown and Emergystat's Motion to Dismiss (Doc. #7) is GRANTED, without prejudice.

5. As to all Counts against Fictitious Defendants A-G, Defendants' Motions to Dismiss (Docs. #4 and #7) are GRANTED, with prejudice.

6. Plaintiffs' Rule 56(f) Motion for Extension is DENIED, as moot.

7. Plaintiffs are given until September 15, 2006 to file an Amended Compliant re-alleging any claims which were dismissed without prejudice which they wish to reassert, being mindful of the requirements of Rule 11. Any Amended Complaint must be in a form fully complying with the requirements Local Rule 15.1, and must in substance comply with the pleading requirements set out herein.

Done this 1st day of September, 2006

    /s/ W. Harold Albritton  
    W. HAROLD ALBRITTON  
    SENIOR UNITED STATES DISTRICT JUDGE