IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHYANDREA HESTER and MARY HESTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | 
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., | ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.:
CV-06-572-WHA

## MOTION FOR SUMMARY JUDGMENT OF EMERGYSTAT, INC. AND CHRISTOPHER BROWN

COME NOW the defendants, Emergystat, Inc. and Christopher Brown, and pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, respectfully move this Court to enter summary judgment in their favor and dismiss any and all claims asserted by Plaintiffs against them on the grounds that there are no genuine issues as to any material fact, and that they are entitled to summary judgment in their favor as a matter of law.

This motion is based upon the following evidence, filed contemporaneously herewith as:

1. Plaintiff's Complaint, identified as Exhibit "A";

2. Defendants' Answer to Plaintiff's Complaint, identified as Exhibit "B"; and,

3. Affidavit of Christopher Brown, identified as Exhibit "C."

As reasons for so moving, Defendants submit their Memorandum of Briefs in support of their motion, including legal arguments and attached evidentiary submission, filed contemporaneously herewith, all other matters of record and pleadings filed herein, and the

following:

**I.    PLAINTIFFS FAILED TO PROFFER EVIDENCE PROVING LIABILITY ON THE PART OF CHRISTOPHER BROWN AND/OR EMERGYSTAT, INC.**

   A.   The Plaintiffs have failed to proffer evidence proving liability on the part of Emergency Medical Technician/Paramedic Christopher Brown (hereafter "EMT/P Brown").

   1.   Plaintiffs failed to proffer evidence that EMT/P Brown assaulted, battered or falsely imprisoned Shyandrea Hester. EMT/P Brown has proffered *prima facie* evidence that no genuine issue of material fact exists.

   2.   Plaintiffs failed to proffer evidence that EMT/P Brown assaulted, battered or falsely imprisoned Mary Hester. EMT/P Brown has proffered *prima facie* evidence that no genuine issue of material fact exists.

   B.   The Plaintiffs have failed to proffer evidence proving liability on the part of Emergystat, Inc.

   1.   Plaintiffs failed to proffer evidence that Emergystat, Inc. assaulted, battered or falsely imprisoned Shyandrea Hester through the doctrine of *respondeat superior*. Emergystat, Inc. has proffered *prima facie* evidence that no genuine issue of material fact exists.

   2.   Plaintiffs failed to proffer evidence that Emergystat, Inc. assaulted, battered or falsely imprisoned Mary Hester through the doctrine of *respondeat superior*. Emergystat, Inc. has proffered *prima facie* evidence that no genuine issue of material fact exists.

   3.   Plaintiffs failed to proffer evidence that Emergystat, Inc. negligently and wantonly supervised its employee EMT/P Brown. Emergystat, Inc. has proffered *prima facie* evidence that no genuine issue of material fact exists.

**II.   STATEMENT OF THE CASE**

On May 26, 2006, Plaintiffs filed suit against these Defendants, Lowndes County, Alabama, Commission, and Deputy Jimmy Harris, alleging pursuant to 42 U.S.C. §1983, a violation of the Eighth Amendment rights of the Plaintiffs and various state law claims in the Circuit Court of Lowndes County, Alabama. (Exhibit A). Defendants removed this action to this Court. Thereafter, defendants filed Motions to Dismiss and this Court granted the Motions in part and denied the Motions in part. Per this Court's Order, Plaintiffs failed to file an Amended Complaint, and this Court entered its previously entered dismissals with prejudice as dismissals without prejudice. Defendants Emergystat, Inc. and EMT/P Brown are the only remaining defendants in this action. These Defendants filed an Answer denying all claims alleged by Plaintiffs in this action. (Exhibit B).

The remaining claims in this action are <u>Count I</u> - assault, battery and false imprisonment asserted against EMT/P Brown and against Emergystat, Inc., as his employer through the doctrine of *respondeat superior*; and <u>Count II</u> - negligent and wanton supervision asserted against Emergystat, Inc. for the alleged assault, battery and false imprisonment by its employee EMT/P Brown. Specifically, Plaintiffs claim EMT/P Brown administered an unwanted invasive procedure on Shyandrea Hester, prevented Shyandrea Hester and Mary Hester from leaving the ambulance and caused Mary Hester to be physically removed from the ambulance. (Exhibit A, p. 2, para.'s 8-11).

### III. <u>NARRATIVE OF UNDISPUTED RELEVANT FACTS</u>

On May 28, 2004, EMT/P Brown responded to a summons of an ambulance while employed by Emergystat, Inc. (Exhibit A, pp. 2-3, para. 7). Both Shyandrea Hester and her mother, Mary Hester, were over the age of nineteen. (Exhibit C, p. 2, para. 5). Shyandrea Hester consented to treatment and transport by EMT/P Brown, while en route to the hospital in the

ambulance. (Exhibit C, p. 2, para. 5).

On May 28, 2004, EMT/P Brown was licensed by the Alabama Department of Public Health as an EMT/P and was practicing as such on May 28, 2004. (Exhibit C, p. 1, para. 1). He received his license to practice as an EMT in the State of Georgia in 1992, as a Paramedic in the State of Georgia in 1995, and as an EMT/P in the State of Alabama in 1996 and has kept his license current since that time. (Exhibit C, p. 1, para. 1).

EMT/P Brown recognized and followed the standard of care of an emergency medical technician at all times relevant to the claims being brought by Shyandrea Hester and Mary Hester while employed as an EMT/P for Emergystat, Inc. (Exhibit C, p.2, para. 2). Shyandrea Hester, who was of majority age, consented to treatment and transport by EMT/P Brown and signed the Release of Treatment and Transport after being informed of the risks involved and released Emergystat, Inc. and EMT/P Brown from any responsibility which could result while en route to the hospital. (Exhibit C, p.2, para. 5). Since Shyandrea Hester had been in a motor vehicle accident and was complaining of head pain, dizziness and nausea, EMT/P Brown followed precautionary guidelines for a head injury and suspected spinal injury. (Exhibit C, p. 2, para. 5). Shyandrea Hester was trauma-packaged by EMT/P Brown and his partner. (Exhibit C, p. 2, para. 5). EMT/P Brown affirmed that Shyandrea Hester had a patent airway. (Exhibit C, p. 2, para. 5). He checked Shyandrea Hester's oxygen saturation with a pulse oximeter finding it stable. (Exhibit C, p. 2, para. 5). He checked her vital signs finding them stable. (Exhibit C, p.2, para. 5). He then administered three liters of oxygen through a nasal cannula to Shyandrea Hester per accepted trauma treatment. (Exhibit C, p. 2, para. 5). He attempted to secure an IV line in Shyandrea Hester to provide a normal saline solution at a keep vein open rate. (Exhibit C, p.2, para. 5). However, when he attempted to start an IV line in Shyandrea Hester, she jerked her

arm away before he could secure the IV line to a vein. (Exhibit C, pp. 2-3, para. 5). EMT/P Brown explained to Shyandrea Hester the need to start an IV line as part of her emergency care. (Exhibit C, p. 3, para. 5).

Following, EMT/P Brown's first attempt to start an IV line in Shyandrea Hester, Mary Hester who was riding in the front of the ambulance, turned around in the front seat and told EMT/P Brown to stop attempting to insert an IV line in her daughter. (Exhibit C, p. 3, para. 6). Mary Hester continued to yell at EMT/P Brown to not attempt an IV line. (Exhibit C, p. 3, para. 6). Mary Hester then removed her seatbelt and placed her head inside the ambulance's breezeway causing a safety risk to herself, the driver and her daughter. (Exhibit C, p. 3, para. 6). EMT/P Brown asked her to stop interfering with her daughter's care or she would have to leave the ambulance for everyone's safety. (Exhibit C, p. 3, para. 6). Following, Mary Hester's failure to comply with EMT/P Brown's requests, EMT/P Brown asked the ambulance driver to turn off the ambulance siren and lights and pull over. (Exhibit C, p. 3, para. 6). EMT/P Brown then called and requested assistance from the Lowndes County Sheriff's Department. (Exhibit C, p. 3, para. 6). The Lowndes County Deputy arrived on the scene and asked Mary Hester to step out of the ambulance. (Exhibit C, p. 3, para. 6). Initially, Mary Hester would not leave the ambulance. (Exhibit C, p. 3, para. 6). She began to yell at Shyandrea Hester to leave the ambulance. (Exhibit C, p. 3, para. 6). Shyandrea Hester then said she wanted to leave the ambulance. (Exhibit C, p. 3, para. 6). EMT/P Brown told Shyandrea Hester that it was her decision to leave the ambulance, but she needed to be informed of the risks of not receiving care. (Exhibit C, p. 3, para. 6). Following EMT/P Brown's explaining to Shyandrea Hester the risks she would be taking in abandoning treatment, Shyandrea Hester then told her mother to leave the ambulance and that she would be fine. (Exhibit C, p. 3, para. 6). Mary Hester then left the

ambulance and they proceeded to Baptist South Hospital Emergency Room. (Exhibit C, p. 3, para. 6).

EMT/P Brown recognized and followed the standard of care of an emergency medical technician at all times relevant to the claims being brought by Shyandrea Hester and Mary Hester while employed as an EMT/P for Emergystat, Inc., and at no time assaulted, battered or falsely imprisoned either Plaintiff. (Exhibit C, p. 2, para. 3 and p. 3, para. 7).

### IV.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Federal Rules of Civil Procedure* 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. In evaluating the arguments of the movant, the Court must view the evidence in the light most favorable to the non-moving party. *Mize v. Jefferson City Board of Education*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met its burden, Rule 56(e) "requires the non-moving party to go beyond the pleadings and by [his] own affidavits or by the 'depositions, answers, and admissions on file' to designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting *Federal Rule of Civil Procedure* 56(e)). "A factual dispute is

genuine only if a 'reasonable jury could return a verdict for the non-moving party.'" *Infosystems & Networks Corp. v. City of Atlanta*, 281 F. 3d 1220, 1224 (11th Cir. 2002)(quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

WHEREFORE, PREMISES CONSIDERED, defendants, Emergystat, Inc., and Christopher Brown, respectfully request that this Court enter summary judgment in their favor, and dismiss them from this action. Emergystat, Inc. and Christopher Brown further request this Court order that there is no just reason for delay in making this summary judgment final pursuant to Federal Rule of Civil Procedure 54(b).

    Respectfully submitted,

    s/ Celeste Holpp
    Celeste P. Holpp
    Bar Number: ASB-0013-A50C
    Attorney for Defendants
    Norman, Wood, Kendrick & Turner
    Financial Center – Suite 1600
    505 20th Street North
    Birmingham, Alabama 35203
    Phone: (205) 328-6643
    Fax: (205) 251-5479
    Direct Dial: (205) 259-1035
    Email: cholpp@nwkt.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| SHYANDREA HESTER and MARY HESTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: CV-06-572-WHA |
| | ) | |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Earl Finley finleylawfirm@aol.com
Tyrone Townsend TTowns1@msn.com

s/ Celeste P. Holpp
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, AL 35203
Phone: (205) 328-6643
Fax: (205) 251-5479
Direct Dial: (205) 259-1035
Email: cholpp@nwkt.com