**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| SHYANDREA HESTER and MARY HESTER, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO.: CV-06-572-WHA |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM BRIEF IN SUPPORT OF CHRISTOPHER BROWN'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the defendant, Christopher Brown, and in compliance with Rule 56 of the *Federal Rules of Civil Procedure*, respectfully submits the following legal argument in support of his Motion for Summary Judgment filed contemporaneously with this brief.

## I. STATEMENT OF CASE

In the interest of judicial economy, this defendant adopts by reference the statement of the case as set out within this defendant and Emergystat, Inc.'s Motion for Summary Judgment filed contemporaneously with this brief.

## II. STATEMENT OF UNDISPUTED RELEVANT MATERIAL FACTS

In the interest of judicial economy, this defendant adopts by reference the statement of undisputed relevant material facts as set out within this defendant and Emergystat, Inc.'s Motion for Summary Judgment filed contemporaneously with this brief.

## III. LEGAL ARGUMENT

**A. <u>Battery</u>**

Plaintiffs claim that Emergency Medical Technician/Paramedic Christopher Brown (hereafter "EMT/P Brown") battered Plaintiffs. Although, it is not clear from Plaintiffs' Complaint whether Plaintiffs' claim of battery is based on EMT/P Brown's alleged conduct toward Shyandrea Hester or Mary Hester, this defendant will refute the claim as if alleged by both Plaintiffs. In order to prevail on a claim of battery, Plaintiffs must proffer evidence (1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner. *Ex parte Atmore Community Hosp. Ala. v. Ha*yes, 719 So.2d 1190 (Ala. 1998), citing *Surrency v. Harbison*, 489 So.2d 1097, 1104 (Ala. 1986); Restatement (Second) of Torts § 18 (1965).

**1. Shyandrea Hester**

Shyandrea Hester claims that EMT/P Brown administered an unwanted invasive procedure on her. Plaintiff has failed to satisfy her burden of proof on the claim of battery because she has failed to proffer any evidence showing that EMT/P Brown touched her in a harmful or offensive manner.

Instead, the uncontroverted evidence shows that EMT/P Brown was providing care to Shyandrea Hester following her consenting to his emergency medical treatment and transport to the hospital. Further, the uncontroverted evidence shows that he was providing emergency medical care within the standard of care of an EMT/P in treating a trauma patient who had been in a motor vehicle accident and is complaining of head pain, dizziness and nausea with potential head injury and/or spinal injury. Thus, EMT/P Brown did not touch Shyandrea Hester in a harmful or offensive manner nor did he provide emergency medical treatment as an EMT/P without her consent for the same.

The Affidavit of EMT/P Brown is *prima facie* evidence that no genuine issue of material fact exists. Shyandrea Hester is not able to produce any evidence that EMT/P Brown battered her. Thus, there is no genuine issue of material fact for Shyandrea Hester's claim of battery, and EMT/P Brown is entitled to judgment as a matter of law.

**2. Mary Hester**

Mary Hester claims that EMT/P Brown caused her to be physically removed from the ambulance. Plaintiff has failed to satisfy her burden of proof on the claim of battery because she has failed to proffer any evidence showing that EMT/P Brown touched her in a harmful or offensive manner.

Instead, the uncontroverted evidence shows that Mary Hester was attempting to stop the treatment being given to Shyandrea Hester in such a manner that she was creating a risk of safety to herself, the ambulance driver and Shyandrea Hester. It is undisputed that Shyandrea Hester was of majority age and competent. Although Mary Hester is Shyandrea Hester's mother, Mary Hester does not have the right to consent or invalidate the consent for her adult daughter.

After several requests by EMT/P Brown for Mary Hester to stop interfering with her daughter's care, Mary Hester removed her seatbelt and turned around in the front seat, while poking her head through the breezeway of the ambulance, causing a significant risk of danger. EMT/P Brown advised Mary Hester that if she did not stop interfering with his treatment, he would request that she leave the ambulance. Mary Hester continued to scream at EMT/P Brown which was interfering with her daughter's care. EMT/P Brown notified the Lowndes County Sheriff's Department of Mary Hester's interference with Shyandrea Hester's care. The Deputy who responded to the call asked Mary Hester to step out of the ambulance. Thereafter, Mary

Hester left the ambulance. At no time, did EMT/P Brown make any physical contact with Mary Hester. Thus, EMT/P Brown did not touch Mary Hester in a harmful or offensive manner.

The Affidavit of EMT/P Brown is *prima facie* evidence that no genuine issue of material fact exists. Plaintiff is not able to produce any evidence that EMT/P Brown battered Plaintiff. Thus, there is no genuine issue of material fact for Mary Hester's claim of battery, and EMT/P Brown is entitled to judgment as a matter of law.

**B. <u>Assault</u>**

Plaintiffs claim that EMT/P Brown assaulted Plaintiffs. Although, it is not clear from Plaintiffs' Complaint whether Plaintiffs' claim of assault is based on EMT/P Brown's alleged conduct toward Shyandrea Hester or Mary Hester, this defendant will refute the claim as if alleged by both Plaintiffs. In order to prevail on a claim of assault, Plaintiffs must proffer evidence of

> …an intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevailed.

*Allen v. Walker*, 569 So.2d 350 (Ala. 1990), *citing Western Union Telegraph Co. v. Hill*, 150 So. 709, 710 [cert. denied, 150 So. 711] (1933).

**1. Shyandrea Hester**

Plaintiff claims EMT/P Brown administered an unwanted invasive procedure on Shyandrea Hester. Plaintiff has failed to state how EMT/P Brown assaulted Shyandrea Hester. Assuming, Plaintiff is claiming EMT/P assaulted her by his stating he was going to start an IV line, Plaintiff still fails to meet her burden of proof. Plaintiff is unable to proffer any evidence showing that EMT/P Brown unlawfully offered to touch Shayandrea Hester in a rude or angry

manner so as to create in Shyandrea Hester's mind a well-founded fear of an imminent battery. Further, if Shyandrea Hester was concerned about his harming her, she could have exited the ambulance when the Lowndes County Deputy escorted her mother out of the same ambulance.

Instead, the uncontroverted evidence shows that EMT/P Brown was providing care to Shyandrea Hester following her consenting to his emergency medical treatment and transport. Further, the uncontroverted evidence shows that he was providing emergency medical treatment within the standard of care in treating a trauma patient who had been in a motor vehicle accident and was complaining of head pain, dizziness and nausea with a potential head and spinal injury.

The Affidavit of EMT/P Brown is *prima facie* evidence that no genuine issue of material fact exists. Plaintiff is not able to produce any evidence that EMT/P Brown assaulted Shyandrea Hester. Thus, there is no genuine issue of material fact for Shyandrea Hester's claim of assault, and EMT/P Brown is entitled to judgment as a matter of law.

**2. Mary Hester**

Plaintiffs claim that EMT/P Brown assaulted plaintiffs collectively. Plaintiffs have failed to specifically claim or proffer evidence as to how EMT/P Brown assaulted Mary Hester. Mary Hester has failed to proffer any evidence showing that EMT/P Brown unlawfully offered to touch Mary Hester in a rude or angry manner so as to create in Mary Hester's mind a well-founded fear of an imminent battery.

Instead, the uncontroverted evidence shows that Mary Hester was attempting to stop the treatment being given to Shyandrea Hester in such a manner that she was creating a risk of safety to herself, the ambulance driver and Shyandrea Hester. It is undisputed that Shyandrea Hester was of majority age and competent. Although Mary Hester is Shyandrea Hester's mother, Mary Hester does not have the right to consent or invalidate the consent for her adult daughter.

After several requests by EMT/P Brown for Mary Hester to stop interfering with her daughter's care, Mary Hester removed her seatbelt and turned around in the front seat, while poking her head through the breezeway of the ambulance, causing a significant risk of danger. EMT/P Brown advised Mary Hester that if she did not stop interfering with the treatment, he would request that she leave the ambulance. Mary Hester continued to scream at EMT/P Brown and interfere with her daughter's treatment. EMT/P Brown notified the Lowndes County Sheriff's Department of Mary Hester's interference with Shyandrea Hester's emergency medical treatment. The Deputy who responded to the call asked Mary Hester to step out of the ambulance. Thereafter, Mary Hester left the ambulance. At no time, did EMT/P Brown unlawfully offer to touch Mary Hester in a rude or angry manner so as to create in Mary Hester's mind a well-founded fear of an imminent battery. Thus, EMT/P Brown did not assault Mary Hester.

The Affidavit of EMT/P Brown is *prima facie* evidence that no genuine issue of material fact exists. Mary Hester is not able to produce any evidence that EMT/P Brown assaulted her. Thus, there is no genuine issue of material fact for Mary Hester's claim of assault, and EMT/P Brown is entitled to judgment as a matter of law.

**C. <u>False Imprisonment</u>**

Plaintiffs claim that EMT/P Brown falsely imprisoned Plaintiffs. Specifically, Plaintiffs claim that EMT/P Brown prevented them from leaving the ambulance. In order to prevail on a claim of false imprisonment, Plaintiffs must proffer evidence of an unlawful detention of Plaintiffs for any length of time whereby they are deprived of their individual personal liberty. *Day v. Providence Hospital*, 622 So.2d 1273, (Ala. 1993), *citing*, *Lolley v. Charter Woods Hosp.*,

*Inc.*, 572 So.2d 1223 (Ala. 1990); *Uphaus v.Ccharter Hosp. of Mobile*, 582 So.2d 1140 (Ala.Civ.App. 1991).

In *Day v. Providence Hosp.*, the plaintiff patient appealed the trial court's ruling in favor of the defendant hospital's summary judgment. *Id.* The Supreme Court of Alabama reviewed the issue of whether the plaintiff had presented substantial evidence that he had been unlawfully detained by the hospital. *Id.* at 1274. The plaintiff had been admitted to the defendant hospital for pain management therapy through its psychiatric department per plaintiff's rehabilitative specialist's orders. *Id*. Plaintiff argued that the defendant falsely imprisoned him by admitting him to the secured psychiatric ward without his knowledge and without the order of a doctor. *Id.* at 1275. In examining the evidence, the Supreme Court of Alabama found the plaintiff's signing consent forms upon his being admitted to the hospital a compelling basis for affirming the hospital's summary judgment. *Id.* at 1275. The Court pointed out that even though the nursing notes revealed that the plaintiff was anxious and hesitant about being admitted, this was not enough to invalidate the consent form signed by the plaintiff. *Id., citing Lolley v. Charter Woods Hosp., Inc.*, 572 So.2d 1223 (Ala. 1990). Thus, the Court held that the plaintiff failed to present substantial evidence that he was held against his will, thereby, upholding the trial court's summary judgment in favor of the defendant hospital.

Similarly, in the case at hand, the uncontroverted evidence shows that EMT/P Brown offered Shyandrea Hester treatment and transport in the Emerystat, Inc. ambulance and she consented and willingly entered the ambulance along with her mother. Furthermore, Shyandrea Hester signed the Release of Treatment and Transport after being informed of the risks involved and released Emergystat, Inc. and EMT/P Brown from any responsibility which could result from this action. Further, Mary Hester elected to ride in the ambulance with her daughter to the

hospital. Mary Hester was asked to exit the ambulance following the arrival of the Lowndes County Deputy to the scene and was never held against her will. The uncontroverted evidence shows that Shyandrea Hester elected to remain in the ambulance subsequent to her mother, Mary Hester, exiting the ambulance and was transported to Baptist South Hospital Emergency Room. Plaintiffs have failed to proffer evidence of an unlawful detention of them for any length of time whereby they were deprived of their individual personal liberty. Thus, Plaintiffs have failed to satisfy their burden in proving false imprisonment.

The Affidavit of EMT/P Brown is *prima facie* evidence that no genuine issue of material fact exists. Plaintiffs are unable to produce any evidence that EMT/P Brown falsely imprisoned Plaintiffs. Thus, there is no genuine issue of material fact for Plaintiff's claim of false imprisonment, and EMT/P Brown is entitled to judgment as a matter of law.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, defendant, Christopher Brown, respectfully requests that this Court enter summary judgment in his favor, and dismiss him from this action. Christopher Brown further requests this Court order that there is no just reason for delay in making this summary judgment final pursuant to Federal Rule of Civil Procedure 54(b).

Respectfully submitted,

s/ Celeste Holpp
Celeste P. Holpp
Bar Number: ASB-0013-A50C
Attorney for Defendants
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama 35203
Phone: (205) 328-6643
Fax: (205) 251-5479
Direct Dial: (205) 259-1035

Email: cholpp@nwkt.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

SHYANDREA HESTER and MARY HESTER, )
)
Plaintiffs, )
)
v. ) CIVIL ACTION NO.: CV-06-572-WHA
)
)
LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., )
)
Defendants. )

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Earl Finley finleylawfirm@aol.com
Tyrone Townsend TTowns1@msn.com

s/ Celeste P. Holpp
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, AL 35203
Phone: (205) 328-6643
Fax: (205) 251-5479
Direct Dial: (205) 259-1035
Email: cholpp@nwkt.com