**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| SHYANDREA HESTER and MARY HESTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: CV-06-572-WHA |
| | ) ) | |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM BRIEF IN SUPPORT OF
EMERGYSTAT, INC.'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the defendant, Emergystat, Inc., and in compliance with Rule 56 of the *Federal Rules of Civil Procedure*, respectfully submits the following legal argument in support of its Motion for Summary Judgment filed contemporaneously with this brief.

**I.     STATEMENT OF CASE**

In the interest of judicial economy, this defendant adopts by reference the statement of the case as set out within this defendant and Christopher Brown's Motion for Summary Judgment filed contemporaneously with this brief.

**II.    STATEMENT OF UNDISUPTED RELEVANT MATERIAL FACTS**

In the interest of judicial economy, this defendant adopts by reference the statement of undisputed relevant material facts as set out within this defendant and Christopher Brown's Motion for Summary Judgment filed contemporaneously with this brief.

**III.   LEGAL ARGUMENT**

A.  *Respondeat Superior* **for Alleged Assault, Battery and False Imprisonment**

Plaintiffs claim that Emergystat, Inc. is liable for the alleged intentional torts of assault, battery and false imprisonment that Plaintiffs claim were committed by Emergystat, Inc.'s employee, Emergency Medical Technician/Paramedic Christopher Brown (hereafter "EMT/P Brown"). In order to hold an employer liable for the intentional torts of its employee, Plaintiffs must prove one of the following:

> (1) the employee's acts are committed in furtherance of the business of the employer; (2) the employee's acts are within the line and scope of his employment; or (3) the employer participated in, authorized, or ratified the tortious acts.

*Ex parte Atmore Community Hosp. v. Hayes*, 719 So.2d 1190, 1194 (Ala. 1998), *citing Potts v. BE&K Constr. Co.*, 604 So.2d 398, 400 (Ala. 1992).

In the interest in judicial economy, this Defendant adopts by reference EMT/P Brown's Legal Argument regarding the claims of assault, battery and false imprisonment as set out in Memorandum Brief in Support of EMT/P Brown's Motion for Summary Judgment. The Plaintiffs are unable to produce substantial evidence in support of their position that EMT/P Brown assaulted, battered and/or falsely imprisoned Plaintiffs. Further, Plaintiffs are unable to produce substantial evidence in support of their position that any of EMT/P Brown's alleged tortious acts were done in furtherance of Emergystat, Inc.'s business, or that the alleged acts were within the line and scope of EMT/P Brown's employment or that Emergystat, Inc. participated in, authorized or ratified the alleged tortuous acts. The Affidavit of EMT/P Brown is *prima facie* evidence that no genuine issue of material fact exists. Thus, there is no genuine issue of material fact to support Plaintiffs' claim that Emergystat, Inc. is liable for assault, battery or false imprisonment, and Emergystat, Inc. is thereby entitled to judgment as a matter of law.

    **B.**    <u>**Negligent and Wanton Supervision**</u>

Plaintiffs claim that Emergystat, Inc. is liable for negligent supervision of its employee EMT/P Brown. In order to prevail on a claim against an employer for negligent supervision, the Plaintiffs must prove (1) the underlying wrongful conduct alleged against EMT Brown **and** (2) that Emergystat, Inc. had notice or knowledge of EMT/P Brown's alleged unfitness or incompetency. *Voyager Ins. Companies v. Whitson*, 867 So.2d 1065, 1073(Ala. 2003), *citing Lane v. Central Bank of Ala., N.A.*, 425 So.2d 1098, 1100 (Ala. 1983) and *Stevenson v. Precision Standard, Inc.*, 762 So.2d 820 (Ala. 1999) (emphasis added).

    **1.**    **Underlying Wrongful Conduct**

Plaintiffs have failed to prove by substantial evidence that EMT/P Brown assaulted, battered and/or falsely imprisoned the Plaintiffs. In the interest of judicial economy, this Defendant adopts by reference EMT/P Brown's Legal Argument regarding the claims of assault, battery and false imprisonment as set out in Memorandum Brief in Support of EMT/P Brown's Motion for Summary Judgment.

The Affidavit of EMT/P Brown is *prima facie* evidence that no genuine issue of material fact exists. The law in Alabama mandates that a plaintiff prove the underlying conduct in order to prevail on a claim against an employer for negligent and wanton supervision. Plaintiffs are unable to prove any underlying conduct. Thus, there is no genuine issue of material fact to support Plaintiffs' claim that Emergystat, Inc. is liable for negligent and wanton supervision of EMT/P Brown, and Emergystat, Inc. is thereby entitled to judgment as a matter of law.

    **2.**    **Emergystat, Inc.'s Notice or Knowledge of EMT/P Brown's Alleged Unfitness or Incompetency**

In proving that Emergystat, Inc. had notice or knowledge of EMT/P Brown's alleged unfitness or incompetency, Plaintiffs must prove so by affirmative proof. The Supreme Court of Alabama has held that:

> liability depends upon its being established by affirmative proof that *such incompetency* was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent upon the party charging negligence to show it by proper evidence.

*Voyager* at 1073, *citing Lane* at 1100.

Plaintiffs are unable to proffer evidence that Emergystat, Inc. had notice or knowledge of EMT/P Brown's alleged unfitness or incompetency. Thus, there is no genuine issue of material fact to support Plaintiffs' claim that Emergystat, Inc. is liable for negligent and wanton supervision of EMT/P Brown, and Emergystat, Inc. is thereby entitled to judgment as a matter of law.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, defendant, Emergystat, Inc., respectfully requests that this Court enter summary judgment in its favor, and dismiss it from this action. Emergystat, Inc. further requests this Court order that there is no just reason for delay in making this summary judgment final pursuant to Federal Rule of Civil Procedure 54(b).

Respectfully submitted,

s/ Celeste Holpp
Celeste P. Holpp
Bar Number:  ASB-0013-A50C
Attorney for Defendants
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama  35203
Phone: (205) 328-6643

                                              Fax:  (205) 251-5479  
                                              Direct Dial:  (205) 259-1035  
                                              Email:  cholpp@nwkt.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| SHYANDREA HESTER and MARY HESTER, ) ) ) Plaintiffs, ) ) v. ) ) ) LOWNDES COUNTY COMMISSION, ) CHRISTOPHER BROWN, ) EMERGYSTAT, DEPUTY JIMMY ) HARRIS, et al., ) ) Defendants. ) | CIVIL ACTION NO.: CV-06-572-WHA |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Earl Finley                              finleylawfirm@aol.com
Tyrone Townsend                         TTowns1@msn.com

                                                    s/ Celeste P. Holpp
                                                    Norman, Wood, Kendrick & Turner
                                                    Financial Center – Suite 1600
                                                    505 20th Street North
                                                    Birmingham, AL  35203
                                                    Phone:  (205) 328-6643
                                                    Fax:  (205) 251-5479
                                                    Direct Dial:  (205) 259-1035
                                                    Email:  cholpp@nwkt.com