IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHYANDREA AND MARY HESTER, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: CV-06-572-WHA |
| v. | ) | |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGSTAT, DEPUTY JIMMY HARRIS, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW,** the Plaintiffs, Shyandrea and Mary Hester, and hereby move this Honorable Court to deny the defendants' Motion for Summary Judgment. As grounds for this motion, plaintiff says as follows:

**SUMMARY JUDGMENT STANDARD**

Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Moreover, "[a]s the Supreme Court has explained the summary judgment standard: The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential

- 2 -

to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. United States v. Summerlin, 954 F. Supp. 242, 243-244 (D. Ala. 1996) quoting, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

Furthermore, "[t]he trial court's function at this juncture is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Summerlin, 954 F. Supp. at 244 (citations omitted).

"The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant portions of the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate 'specific facts showing that there is a genuine issue for trial. *Id* (citations omitted); see also Fed. R. Civ. P. 56(e).

## MATERIAL FACTS DISPUTED

1.  Mary and Shyandrea Hester dispute that she consented to Emergency Medical Technician/Paramedic Christopher Brown("Brown")'s administering emergency medical treatment, specifically being restrained against her will and multiple insertions of an IV into her arm, in that Shyandrea told Brown repeatedly that she did not want the IV and that she wanted to be let out of the ambulance with her mother.

2.  Shyandrea and Mary Hester dispute that Brown's actions toward Shyandrea Hester were within the standard of care of an Emergency Medical Technician under the same or similar circumstances involved in the incident, in that there was blood in the hub of the needle and the extreme angle of insertion indicating that Brown had entered and gone through her vein, and yet he continued to attempt to insert an IV into Shyandrea's arm despite her protest against it.

3.  Mary and Shyandrea Hester also dispute that Brown's conduct was within the standard of care of an Emergency Medical Technician treating a patient complaining of head pain, dizziness and in that Shyandrea never complained of any of these symptoms at any time and that Brown was told repeatedly that the ambulance ride was just a precaution and there were no signs or symptoms of any major or acute

        trauma conditions that required the type of invasive and painful procedures he subjected Shayandrea to.

4. Mary Hester disputes that Brown did not attempt to force her out of the ambulance and leave her in a closed service station at night alone with no phone or protection.

5. Mary Hester disputes that her actions created a risk of safety to herself, the ambulance driver and Shyandrea Hester.

6. Mary Hester disputes that she screamed at Brown, but that she instead merely informed Brown that she and her daughter were refusing treatment and would sign the necessary papers to do so as long as he did not attempt to re-start the IV in her daughter's arm.

7. Mary Hester disputes that a Lowndes County Sheriff's Deputy asked her to leave the ambulance but instead forcibly removed her at Brown's direction.

8. Shyandrea Hester disputes that Brown did not offer to touch Shyandrea in a rude or angry manner in that he stated he was going to insert another IV into Shyandrea's arm, after his initial failed attempt to do so, and began to palpate her vein again, despite her and her mother's objections to this procedure.

9. Mary and Shyandrea Hester dispute that Shyandrea could have exited the ambulance when the Lowndes County Deputy arrived in that when Mary Hester informed the Deputy that she would leave with her

        daughter, the Deputy informed her that Brown stated to him that a patient could not leave once they were in the ambulance.

10. Mary Hester disputes the fact that Brown did not offer to touch her in an angry or rude manner in that he attempted to put her out of the ambulance at a closed service station alone at night with no phone.

11. Mary and Shyandrea Hester dispute that Brown's actions were not done within the scope of Brown's employment by Emergystat, Inc.

## RESPONSE TO LEGAL ARGUMENT

**A. Brown**

    **a. Battery**

        **i. Shyandrea Hester**

In the present case, Shyandrea Hester, ("S. Hester") asserts a claim for assault and battery against Brown. At common law, "any touching by one person of the another in rudeness or in anger is an assault and battery." Seigel v. Long, 169 Ala. 79 (Ala. 1910). Brown however contends however that S. Hester consented to the procedure. See Brown Memo Brief in support of Mot. Summ. J. at 2. However, in considering the issue of whether consent was effectively withdrawn, the Alabama Court of Appeals held that "it is laid down as a general rule, and supported by unquestioned authority, that every

- 5 -

human being of adult years and sound mind has a right to determine what shall be done with his own body, and any operation performed, even by a surgeon acting in good faith, which is done without the consent and over the protest of the party operated on, is an assault and battery for which an action will lie." Donald v. Swann, 24 Ala. App. 463, 137 So. 178, 180 (1931), citing Schloendorf v. Society of N.Y. Hosp., 211 N.Y. 125, 105, N.E. 992, 993 (1914), *overruled by* Bing v. Thunig, 2 N.Y. 2d 656, 143 N.E. 2d 3 (1957).

In the present case, although S. Hester initially agreed to go to the hospital by ambulance, after Browns' failed attempted to insert an IV into her arm, she screamed repeatedly for Brown to stop, but Brown ignored her and continued to palpate her arm in an attempt to insert another IV. See M. Hester Aff. at 2. and S. Hester Aff. At 2. Thus, S. Hester effectively withdrew her consent to Brown's insertion of the IV, and Brown's continued touching of her arm, and attempting to insert the IV was done without her consent and over her protest. Brown contends to the contrary, by erroneously relying on S. Hester's earlier consent to enter the ambulance, that she consented to his insertion of the IV. Therefore since there is conflicting evidence on the issue of whether a battery has occurred, the issue should be submitted to the jury, and summary judgment is not proper on this claim. Surrency v. Harbison, 489 So. 2d 1097, 1104 (Ala. 1986).

    **ii.   Mary Hester**

Brown contends that Mary Hester ("M. Hester")'s battery claim should fail because he did not make any physical contact with her. See Brown Memo Brief in support of Mot. Summ. J. at 3. However, Brown admits in his brief that he contacted the Lowndes County Sheriff's Department. *Id.* In addition, when the Lowndes County Sheriff's Deputy ("the Deputy") arrived he physically removed M. Hester from the ambulance despite of the fact that she told him she did not want to leave without her daughter. See M. Hester Aff. at 3. Additionally, the Deputy told M. Hester that Brown directed to him to remove her because a patient could not leave once they were in the ambulance. See M. Hester Aff. at 3. Thus, since the Deputy was summoned by Brown, and acted under his direction and control, the Deputy was acting as Brown's agent in removing M. Hester, and as such Brown is liable for his conduct. "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second) of Agency § 1(1) (1958).

The Deputy's forceful removal of M. Hester, amounts to a touching of her person in a rude or angry manner, and therefore the Deputy's conduct constituted a battery. Therefore, Brown is liable for battery to M. Hester by virtue of his agency with the Deputy. At the very least, the issue of the agency between Brown and the Deputy and Brown's resulting liability is a question

for the jury to answer. *Joseph Land & Co. v. Gresham*, 603 So. 2d 923 (Ala. 1992).

    b. **Assault**

        i. **Shyandrea Hester**

As to Plaintiff S. Hester's assault claim, Brown asserts that he did not offer to touch her in a rude or angry manner so as to create in her mind a well-founded fear of an imminent battery. See Brown Memo Brief in support of Mot. Summ. J. at 4. However, Brown angrily stated to S. Hester and Mary Hester ("M. Hester") that he, "was going to restart the I.V," and that he was, "doing his job." See M. Hester Aff. at 2. Additionally, Brown had begun to palpate S. Hester's arm in preparation to restart the I.V., and carry out his statement. *Id.* As stated previously, S. Hester did not give her consent to Brown to restart the I.V., and she screamed repeatedly for him to stop, See S. Hester Aff. at 2. The combination of Brown's statements and his touching of S. Hester's arm, was sufficient to create in her mind a well-founded fear of Brown restarting the I.V., which without her consent constituted an imminent battery.

Brown further contends that S. Hester could have exited the vehicle once the Deputy arrived. See Brown Memo Brief in support of Mot. Summ. J. at 5. However, the Deputy informed M. Hester when she wanted to leave with her daughter S. Hester, that Brown informed him that a patient could not leave once they were in the ambulance. See M. Hester Aff. at 3 and S. Hester Aff. at 3. These

facts directly contradict Brown's assertion that S. Hester was free to exit the vehicle and undermines rather than supports his argument that his actions did not constitute an assault against S. Hester. Thus, based on the facts presented, it cannot be proven as a matter of law, that Brown's actions toward S. Hester were not sufficient to arouse an apprehension of harm or offensive conduct in her mind, thereby creating a jury question and precluding summary judgment on this issue. Holcombe v. Whitaker, 318 So. 2d 289, 294 (1975).

### ii. Mary Hester

Brown also asserts that he did not offer to touch M. Hester in angry or rude manner so as to create in her mind a well-founded fear of an imminent battery. See Brown Memo Brief in support of Mot. Summ. J. at 6. He further contends that M. Hester was interfering with her daughter's care, and that he would request she leave the ambulance if she continued to interfere with her daughter's care. *Id.* However, M. Hester informed Brown that based on her daughter's request she and her daughter were refusing treatment and would sign the necessary papers to do so. See M. Hester Aff. at 2. In addition, she informed Brown that she would leave with no problem as long as her daughter could leave with her, but Brown refused. Instead Brown angrily and abusively told M. Hester he wanted her to get out of the ambulance, later instructing paramedic Lenay to pull into a BP service station on Highway 80, for the purpose of getting M. Hester out of the ambulance. *Id.*

Brown's statements to M. Hester, along with his instructions to pull the ambulance into the service station, and indeed his attempts to put M. Hester out of the ambulance all create a jury question as to whether Brown's actions created a well-founded fear in M. Hester's mind of an imminent battery. Holcombe, 318 So. 2d at 294.

### c. False Imprisonment
#### i. Shyandrea Hester

Brown, relying on Day v. Providence Hospital, 622 So. 2d 1273 (Ala. 1993), contends that because S. Hester consented and willingly entered the ambulance along with her mother and signed the Release of Treatment and Transport forms, then her claim for false imprisonment should fail. See Brown Memo Brief in support of Mot. Summ. J. at 7. The Court in Day, held that in order to assert a claim for false imprisonment in the context of medical institutions, a patient must be held against his will. See *Id* at 1275. The Plaintiff in Day, signed consent forms specifically consenting to any medical treatment that his attending physician deemed necessary, and the Court held that the the nurse's notes indicating that the Plaintiff was hesitant and anxious was insufficient to invalidate the prior consent. *Id.*

In the present case, although S. Hester initially elected to go to the hospital by ambulance with her mother, after Brown attempted to insert an IV into her

arm, she stated that she would sign refusal of treatment forms and that she wanted to leave the ambulance. S. Hester Aff. at 2. The present case is distinguishable from the facts in Day, as S. Hester not only agreed to sign forms withdrawing her consent, she verbally withdrew her consent to travel in the ambulance, by asking to leave. Meanwhile, as the Court noted the Plaintiff in Day never asked to leave. In addition, Brown told the Deputy and M. Hester, that once a patient was in the ambulance they could not leave until the ambulance reached its destination. See M. Hester Aff. at 2-3. As a result, despite Brown's contention to the contrary, S. Hester was not free to exit the vehicle upon the Deputy's arrival and was forced against her will to remain in the ambulance while being transported to the hospital See S. Hester Aff. at 3.  Thus, Day is not controlling in this case, and Brown's reliance on it is misplaced. Therefore since there is dispute as to the material fact of whether S. Hester consented to the ambulance ride, this issue must be submitted to the jury and summary judgment is not appropriate on this claim.

      ii.  **Mary Hester**

Additionally, Brown relies on Day and contends that M. Hester's claim for false imprisonment should fail, because she was not held against her will. See Brown Memo Brief in support of Mot. Summ. J. at 8. However, M. Hester stated to Brown that she and her daughter desired to leave the ambulance, but Brown angrily refused, and continued traveling to the hospital with M. Hester in the ambulance. See M. Hester Aff. at 2. In fact, Brown caused the ambulance to sit on the side of the road between 10 and 20 minutes

waiting for the Deputy to arrive, with M. Hester still inside. *Id.* Moreover, M. Hester's only means of exiting the ambulance was to do so without her daughter, and to be stranded outside at night, with no phone. Thus, it is a jury question as to whether M. Hester had a reasonable means of escape, and as such whether she was falsely imprisoned by Brown.

### B. Emergystat Inc.
#### a. Respondeat Superior

Emergystat Inc., ("EI"), relying on Ex parte Atmore Community Hosp. v. Hayes, 719 So. 2d 1190, 1194 (Ala. 1998), *citing* Potts v. BE&K Constr. Co., 604 So. 2d 398, 400 (Ala. 1992), contends that it is not liable for assault, battery, or false imprisonment, because Brown's alleged acts were not done in furtherance of its business, were not within the line and scope of Brown's employment, and were not participated in, authorized, or ratified by EI. See Emergystat Inc. Memo Brief in support of Mot. Summ. J. at 2. The Court in Hayes stated that, "An employee's tortious acts occur within the scope of his employment if the acts are "so closely connected with what the servant is employed to do and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment." 719 So. 2d 1190, 1194 (Ala. 1998) *citing* Prosser & Keeton, The Law of Torts 503 (5th ed. 1984).

In the present case, EI is an ambulance company, and as such the line and scope of its business would involve providing emergency medical care. Brown was employed as an Emergency Medical Technician/Paramedic (EMT/P), by EI, and he told S. Hester

- 13 -

and M. Hester that he was "doing his job," when attempting to insert an I.V. into S. Hester's arm. See M. Hester Aff. at 2. In addition, Brown admits that he was providing emergency medical care to S. Hester. See Brown Memo Brief in support of Mot. Summ. J. at 2. Thus, Brown's acts toward S. Hester and M. Hester were not only closely connected to his job as an EMT/P, according to his own admission, they were his job. Therefore Brown's acts were done within the line and scope of EI's business and consequently EI is liable for the tortuous acts committed by Brown toward S. Hester and M. Hester. Based on the above stated information, whether Brown was indeed acting within the line and scope of his employment with EI remains a material fact in dispute, and thus summary judgment is not proper on this claim.

    **b. Negligent and Wanton Supervision**

        **i. Underlying Conduct**

EI, relying on <u>Voyager Ins. Cos. V. Whitson</u>, 867 So. 2d 1065, 1073 (Ala. 2003), contends that S. Hester and M. Hester's negligent and wanton supervision claims should fail because they are unable to prove the underlying conduct, of Brown's battery, assault, and false imprisonment of S. Hester and M. Hester. However, as previously there several material facts which remain in dispute regarding the battery, assault, and false imprisonment claims, such that EI is unable to prove as a matter of law that Plaintiffs could not produce evidence to support each and every element of all of the claims asserted by them. Therefore,

whether or not S. Hester and M. Hester can prove the underlying conduct necessary for their negligent and wanton supervision claims, is a material fact which remains in dispute and summary judgment is not proper on this claim.

### ii. Notice of Knowledge

EI, further contends based on Voyager, that it is not liable to S. Hester and M. Hester for negligent and wanton supervision because they are unable to prove that it had notice or knowledge of Brown's alleged unfitness or incompetency. See Emergystat Inc. Memo Brief in support of Mot. Summ. J. at 4.  However, the Court in Voyager, specifically stated that "In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him." 867 So. 2d at 1073, *quoting* Lane v. Central Bank of Alabama, N.A., 425 So. 2d 1098 (Ala. 1983). Accordingly, in the present case, EI as Brown's master is responsible for his incompetency even if its notice is presumed. Here, Brown's attempt to restart the I.V., despite the presence of the blood in the hub, of the needle, and his recommendation that S. Hester be carried in the ambulance in the first place raise issues of his incompetency. See M. Hester Aff. at 2. In fact Brown's actions during the entire incident serve as presumptive notice to EI, in light of the fact that he was told repeatedly that the ambulance ride was just a precaution and there were no signs of any major or acute conditions that required the type of invasive and painful procedures that he performed on S. Hester. *Id* at

3. Thus, whether Brown's conduct under the circumstances were such that EI's notice of his incompetency could have been presumed is a material fact in dispute and the issue must be presented to the jury. Therefore summary judgment is not proper on this claim.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs S. Hester and M. Hester, based on the information presented above, respectfully request that this Court deny the Defendants, Brown and EI's motions for summary judgment, as there are several genuine issues of material fact in dispute. Therefore, Defendants Brown and EI are not entitled to judgment as a matter of law as to any of the Plaintiffs claims.

Respectfully submitted,

s/Tyrone Townsend

TYRONE TOWNSEND
Attorney for Plaintiffs
State Bar I.D. No.: ASB TOW006
P.O. Box 2105
Birmingham, Alabama 35201
Tel: (205) 252-3999
TTowns1@msn.com

**OF COUNSEL:**
James Earl Finley
Attorney at Law
P.O. Box 91
Trussville, Alabama 35173
Tel: (205) 655-9286
Fax: (205) 655-9287
E-mail: Finleylawfirm@aol.com.

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing document on all counsel of record by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed on this the 23 day of <u>March,</u> 2007, as follows:

Celeste P. Holpp, Esq.
NORMAN, WOOD, KENDRICK & TURNER
Financial Center - Suite 1600
505 20th Street North
Birmingham, Alabama 35203


C. Richard Hill, Jr., Esq.
Kendrick E. Wbb, Esq.
Webb & Eley, P.C.
P.O. Box 240909
Montgomery, Alabama 36125

                                      Respectfully submitted,

                                      <u>s/Tyrone Townsend</u>

                                      TYRONE TOWNSEND
                                      Attorney for Plaintiffs
                                      State Bar I.D. No.: ASB TOW006
                                      P.O. Box 2105
                                      Birmingham, Alabama 35201
                                      Tel: (205) 252-3999
                                      TTowns1@msn.com