IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHYANDREA HESTER and MARY HESTER, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | CIVIL ACTION NO.: CV-06-572-WHA |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., ) ) ) ) ) | |
| Defendants. ) | |

### REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COME NOW** the defendants, **Christopher Brown and Emergystat, Inc.**, and in reply to plaintiff's Responses to these defendants' Motion for Summary Judgment, state the following:

Plaintiffs have failed to proffer evidence proving liability on the part of Emergency Medical Technician/Paramedic Christopher Brown (hereafter "EMT/P Brown") or Emergystat, Inc. under plaintiffs allegations of battery, assault, false imprisonment, respondeat superior, and negligent and wanton supervision. Rule 56 of the *Federal Rules of Civil Procedure* is read in conjunction with the "substantial evidence rule" (§12-21-12, *Ala. Code* 1975) in regard to actions filed after June 11, 1987. *See Bass v. SouthTrust Bank of Baldwin County*, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, a party must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the

fact sought to be proved." *West v. Founders Life Assurance Co. of Florida*, 547 So.2d 870, 871 (Ala. 1989).

I.    Battery

Plaintiffs suggest that they have proven that EMT/P Brown battered Mary Hester because the Deputy (who this Court has already dismissed from this action) allegedly battered Mary Hester by allegedly forcing her to leave the ambulance while acting as EMT/P Brown's agent. However, plaintiffs have failed to offer **any evidence** to support this allegation of agency between the Deputy and EMT/P Brown. Thus, plaintiffs have failed to proffer evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of a battery of Mary Hester by EMT/P Brown through his alleged agent, Deputy Harris. Additionally, Emergystat, Inc. cannot be liable for any underlying tortuous act that plaintiffs fail to support with substantial evidence.

Plaintiffs suggest that they have proven that EMT/P Brown battered Shyandrea Hester because she allegedly withdrew her consent to care following EMT/P Brown's attempt to start an IV line. However, the undisputed evidence is that Shyandrea Hester consented to the treatment and transport by EMT/P Brown and signed the Release and Treatment and Transport after being informed of the risks involved and released the defendants from any responsibility which could result while en route to the hospital. (See Affidavit of EMT/P Brown attached to his and Emergystat, Inc.'s Motion for Summary Judgment). Thus, plaintiffs have failed to present evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer that EMT/P Brown touched Shyandrea Hester in a harmful or offensive manner when he attempted to start an IV line per protocol for a patient who had been in a motor vehicle accident and was complaining of head pain, dizziness and nausea with

potential head injury and/or spinal injury. Additionally, Emergystat, Inc. cannot be liable for any underlying tortuous act that plaintiffs fail to support with substantial evidence.

II.     Assault

Plaintiffs suggest that they have proven assault of Shyandrea Hester because EMT/P Brown advised Shyandrea Hester that he "was going to restart the I.V." and that he was "doing his job" before palpating her arm in preparation to reattempt the I.V. (See Plaintiffs' Memo. Brief in Response to Defendants' Motion for Summary Judgment, p. 8, citing Mary Hester's Affidavit, p.2). Plaintiffs argue that Shyandrea Hester did not give consent to reattempt to start the I.V. line. However, plaintiffs' argument seems to overlook the undisputed fact that Shyandrea Hester had given **consent to treatment** and transport **by EMT/P Brown** and signed the Release and Treatment and Transport after being informed of the risks involved and released the defendants from any responsibility which could result while en route to the hospital. (See Affidavit of EMT/P Brown attached to his and Emergystat, Inc.'s Motion for Summary Judgment).

Thus, plaintiffs have failed to present evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer that EMT/P Brown unlawfully offered to touch Shyandrea Hester in a rude or angry manner when he attempted to start an IV line per protocol for a patient who had been in a motor vehicle accident and was complaining of head pain, dizziness and nausea with potential head injury and/or spinal injury so as to create in Shyandrea Hester's mind a **well-founded fear** of an imminent battery. *Allen v. Walker*, 569 So.2d 350 (Ala. 1990), *citing Western Union Telegraph Co. v. Hill*, 150 So. 709, 710 [*cert. denied*, 150 So. 700] (1933). Additionally, Emergystat, Inc. cannot be liable for any underlying tortuous act that plaintiffs fail to support with substantial evidence.

Likewise, plaintiffs have failed to prove an assault on Mary Hester by EMT/P Brown. Instead, plaintiffs argue Mary Hester feared an imminent battery of being removed from the ambulance but also argue that she was falsely imprisoned because she requested to leave the ambulance and was refused such request. Plaintiffs have failed to proffer any evidence that EMT/P Brown **unlawfully offered to touch** Mary Hester in a rude or angry manner so as to create in her mind a well-founded fear of an imminent battery.

Thus, plaintiffs have failed to present evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer that EMT/P Brown unlawfully offered to touch Mary Hester in a rude or angry manner when he asked the ambulance driver to pull over to wait for the Deputy to arrive on the scene so as to create in Shyandrea Hester's mind a **well-founded fear** of an imminent battery. *Allen v. Walker*, 569 So.2d 350 (Ala. 1990), *citing Western Union Telegraph Co. v. Hill*, 150 So. 709, 710 [*cert. denied*, 150 So. 700] (1933). Additionally, Emergystat, Inc. cannot be liable for any underlying tortuous act that plaintiffs fail to support with substantial evidence.

III.    False Imprisonment

Plaintiffs suggest that they have proven false imprisonment of Shyandrea Hester because Shyandrea Hester allegedly withdrew her consent to care following EMT/P Brown's attempt to start an IV line. In Alabama, "false imprisonment" is defined as the unlawful detention of the person of another for any length of time whereby that person is deprived of his or her liberty. *Ala. Code* 1975, § 6-5-170. "And it has been stated that the true test in determining false imprisonment is not the extent of the restraint, or the means employed, but the lawfulness of the restraint." *35 C.J.S. False Imprisonment* § 5 at 628. *Lolley v. Charter Woods Hospital, Inc.*, 572 So.2d 1223, 1225 (Ala. 1990).

The plaintiffs point to the Court's note in *Day v. Providence Hospital* that the plaintiff never requested to leave the hospital as being supportive of their position that because Shyandrea Hester expressed her desire to leave the ambulance and asked EMT/P Brown to not attempt to start an IV line, she had invalidated her previously signed consent to treatment form. *Day*, 622 So.2d 1273, 1275 (Ala. 1993). However, in *Day*, the Court cited the *Lolley* case to demonstrate that although the plaintiff in *Day* did not request to leave the hospital, a patient's desire to leave treatment is not sufficient to invalidate that patient's previously signed consent form. *Day* at 1275. In *Lolley*, the plaintiff wanted to leave a detoxification program against her doctor's orders and the Court found this to be insufficient to invalidate the consent form she had previously signed. *Id*.

Plaintiffs suggest they have proven false imprisonment of Mary Hester because she stated to EMT/P Brown that she and her daughter desired to leave the ambulance yet he refused to allow her to exit for 10-20 minutes until the Deputy arrived. However, plaintiffs also argue that Mary Hester's battery is evidenced by her being forced to exit the ambulance by the Deputy. As stated above, "the true test in determining false imprisonment is not the extent of the restraint, or the means employed, but the lawfulness of the restraint." *35 C.J.S. False Imprisonment* § 5 at 628. *Lolley* at 1225. The undisputed evidence demonstrates that Mary Hester requested to ride in the ambulance with her daughter (who was of majority age and did not require her mother's consent to care) and following the disagreement over EMT/P Brown's attempting an IV line, she exited the ambulance. Plaintiffs have failed to proffer substantial evidence of any unlawful restraint of Mary Hester by these defendants.

Thus, plaintiffs have failed to proffer evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of

Shyandrea Hester and/or Mary Hester being unlawfully restrained or falsely imprisoned. Additionally, Emergystat, Inc. cannot be liable for any alleged false imprisonment that plaintiffs fail to support with substantial evidence.

IV.   Negligent and Wanton Supervision of Emergystat, Inc.

Plaintiffs suggest that they have proven both the underlying tortuous act(s) by Emergstat, Inc.'s employee, EMT/P Brown, as well as the element of Emergstat, Inc. having notice or knowledge of EMT/P Brown's alleged incompetency because his actions "during the entire incident serve as presumptive notice to Emergystat, Inc." Plaintiffs' Memorandum Brief in Response to Defendant's Motion for Summary Judgment, p. 14. Plaintiffs' argument that EMT/P Brown's actions served as presumptive notice is nonsensical. As stated by the Alabama Supreme Court:

> In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. **Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence**.

*Voyager Ins. Companies v. Whitson*, 867 So.2d 1065, 1073 (Ala. 2003) (emphasis added).

Plaintiffs have failed to proffer any proof that EMT/P Brown's alleged incompetency was actually known by Emergystat, Inc., or that had Emergystat, Inc. exercised due and proper diligence, it would have learned that which would charge it in the law with such knowledge. It follows that plaintiffs have failed to show negligence and wantonness by proper evidence as required under *Voyager*. *Id*.

To survive a Motion for Summary Judgment, the plaintiffs must come forward with specific evidence of every element material to plaintiffs' case so as to create a genuine issue for

trial. Plaintiffs have failed to meet this burden, and these defendants are entitled to judgment as a matter of law.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** these defendants, Christopher Brown and Emergystat, Inc., respectfully request this Court to enter an Order granting final summary judgment in each defendant's favor, as there is no genuine issue of material fact and each defendant is entitled to judgment as a matter of law.

    Respectfully submitted,

    s/ Celeste Holpp
    Celeste P. Holpp
    Bar Number: ASB-0013-A50C
    Attorney for Defendants
    Norman, Wood, Kendrick & Turner
    Financial Center – Suite 1600
    505 20th Street North
    Birmingham, Alabama 35203
    Phone: (205) 328-6643
    Fax: (205) 251-5479
    Direct Dial: (205) 259-1035
    Email: cholpp@nwkt.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| SHYANDREA HESTER and MARY HESTER, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION NO.: CV-06-572-WHA |
| ) | |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., ) ) ) ) ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 2nd day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    James Earl Finley                                 finleylawfirm@aol.com
    Tyrone Townsend                                TTowns1@msn.com

                                                         s/ Celeste P. Holpp
                                                         Norman, Wood, Kendrick & Turner
                                                         Financial Center – Suite 1600
                                                         505 20th Street North
                                                         Birmingham, AL  35203
                                                         Phone:  (205) 328-6643
                                                         Fax:  (205) 251-5479
                                                         Direct Dial:  (205) 259-1035
                                                         Email:  cholpp@nwkt.com