**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| SHYANDREA AND MARY | ) | |
| HESTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO.: |
| | ) | CV-06-572-WHA |
| v. | ) | |
| LOWNDES COUNTY COMMISSION, | ) | |
| CHRISTOPHER BROWN, | ) | |
| EMERGSTAT, DEPUTY JIMMY | ) | |
| HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**RESPONSE TO DEFENDANTS' REPLY ON DEFENDANTS' MOTION FOR**</u>
<u>**SUMMARY JUDGMENT**</u>

**COME NOW,** the Plaintiffs, Shyandrea and Mary Hester, and in response to the

Defendants' reply to Plaintiffs' response to Defendants' Motion for Summary Judgment,

states as follows:

Defendants have failed to offer sufficient evidence to show that there are no

genuine issues of material facts in dispute regarding Plaintiffs' claims of battery, assault,

and false imprisonment, against Christopher Brown ("Brown") and Emergstat, Inc.("EI"),

collectively ("Defendants"), as well as negligent and wanton supervision against EI. "A

motion for summary judgment may be granted only when there is no genuine issue as to a

material fact and the moving party is entitled to a judgment as a matter of law." <u>Fountain</u>

<u>v. Phillips,</u> 404 So. 2d 614, 618 (Ala. 1981). Moreover, the proper burden of the

Defendants as the parties moving for summary judgment is to "clearly show that the non-

movant could not recover under **any discernible circumstances**, and all reasonable doubts concerning the genuine issue of material fact must be resolved against the moving party." *Id.* Therefore, before the Plaintiffs' would be required to show substantial evidence to support any of their claims against Brown and EI, as the parties moving for summary judgment, Brown and EI must first present evidence that, " **negates the existence** of a genuine issue of material fact," as to the Plaintiffs' claims. Sizemore v. Owner-Operator Indep. Drivers Ass'n, 671 So. 2d 674, 675 (Ala. Civ. App. 1995). (emphasis added).

Additionally the Plaintiffs are not yet required to offer substantial evidence in response to Defendants' motion for summary judgment in this case, based on the sequence of burdens required at the summary judgment stage. "The party seeking summary judgment has the **initial burden** of informing the court of the basis for the motion and of establishing, based on relevant portions of the pleadings, **depositions**, **answers to interrogatories**, and **admissions** in the file, **together with** affidavits, if any, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Once **this initial demonstration under Rule 56(c) is made**, the burden of production, not persuasion, shifts to the nonmoving party. United States v. Summerlin, 954 F. Supp. 242, 244 (D. Ala. 1996) quoting, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (emphasis added).

Defendants have failed to offer any evidence to support their motion for summary judgment beyond the affidavit of Brown. The facts alleged in the Plaintiffs' affidavits directly dispute the facts alleged in Brown's affidavit and without more evidence and further discovery, the Defendants have not made the necessary showing that there are no

genuine issues of material facts in dispute. As a result, the Defendants have yet to offer

evidence sufficient to meet their initial burden of demonstration under Rule 56 for

summary judgment purposes, and therefore the burden of production has not yet shifted

to Plaintiffs, but remains with the Defendants, as the moving party.


**I. Battery**

　　　Brown asserts that Plaintiffs' have failed to offer any evidence to support the

allegation of agency between he and Deputy Jimmy Harris ("Harris"). See Def. Rep. to

Pl's Resp. to Def. Mot. For Summ. J. at 2.  However, Mary Hester ("M. Hester"), stated

that Harris removed her after being directed by Brown to do so, and after Brown

summoned Harris to the ambulance for that specific purpose. See M. Hester Aff. at 3.

Thus, Harris had manifested his consent to Brown that he would act on his behalf and

subject to his control, when he physically removed M. Hester from the ambulance,

resulting in the creation of an agency between Brown and Harris. See Restatement

(Second) of Agency § 1(1) (1958).  Moreover, the issue of the existence of an agency

between Brown and Harris is a question for the jury to answer. Joseph Land & Co. v.

Gresham, 603 So. 2d 923 (Ala. 1992). Therefore, Brown has failed to clearly show that

there are no discernable circumstances under which M. Hester could recover for battery

against him, and thus summary judgment is not proper on this claim.  Additionally,

summary judgment is also not proper on M. Hester's claim against EI, as Brown's actions

were done in the line and scope of his employment with EI.

　　　Brown also contends that he did not batter Shyandrea Hester ("S. Hester") in that,

he did not touch her in a harmful or offensive manner when he attempted to star an IV,

per protocol for a patient who had been in a motor vehicle accident and was complaining of head pain, dizziness, and nausea. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 2.  However, the sworn testimony of both Plaintiffs makes clear that there was never a complaint of dizziness, nausea, or head pain by S. Hester, but instead Brown violated his ethical duty to respond to the Plaintiffs' requests that he stop, and recklessly continued to batter S. Hester by continuing to insert the IV into her arm.  See M. Hester Aff. at 2; S. Hester Aff. at 2.

Brown further contends that ("S. Hester") consented to treatment by Brown, and that as a result Brown is not liable for her claim of battery. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 2.   However, as previously stated, Brown and EI must do more than merely assert that S. Hester consented to Brown's treatment, they must negate the existence of any genuine issue of material fact as to S. Hester's battery claim. S. Hester initially consented to a simple ambulance ride to the hospital. See M. Hester Aff. at 2. However, her decision to consent deteriorated rapidly beyond that of a simple ride to the hospital, as a result of Brown's failure to listen to reason or follow established procedures when Plaintiffs requested to be released from the ambulance. *Id.*

S. Hester effectively withdrew her consent to Brown's insertion of the IV, and Brown's continued touching of her arm. Thus, Brown's continued attempt to insert the IV was done without her consent and over her protest. See M. Hester Aff. at 2. As a result, instead of the negation of a genuine issue of material fact regarding S. Hester's battery claim, there is conflicting evidence on the issue of whether a battery has occurred, and as such summary judgment is not proper on this claim. Surrency v. Harbison, 489 So. 2d 1097, 1104 (Ala. 1986).  Additionally, summary judgment is also not proper on S.

Hester's claim against EI, as Brown's actions were done in the line and scope of his employment with EI.

**II. <u>Assault</u>**

Brown asserts that he is not liable for assault of S. Hester in that she had given her consent to treatment and transport by Brown and signed Release and Treatment forms. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 3. However, S. Hester gave consent **only to a simple ambulance ride,** but later **withdrew** that consent upon Brown's attempt to insert an IV into her arm against her will. See S. Hester Aff. at 2. Accordingly, in considering the issue of whether consent was effectively withdrawn, the Alabama Court of Appeals held that "it is laid down as a general rule, and supported by unquestioned authority, that every human being of adult years and sound mind has a right to determine what shall be done with his own body, and any operation performed, even by a surgeon acting in good faith, which is done without the consent and over the protest of the party operated on, is an assault and battery for which an action will lie." <u>Donald v. Swann</u>, 24 Ala. App. 463, 137 So. 178, 180 (1931), citing <u>Schloendorf v. Society of N.Y. Hosp.</u>, 211 N.Y. 125, 105, N.E. 992, 993 (1914), *overruled by* <u>Bing v. Thunig</u>, 2 N.Y. 2d 656, 143 N.E. 2d 3 (1957).

S. Hester repeatedly screamed for Brown to stop attempting to insert an I.V. into her arm, and even stated that she would sign refusal of treatment forms. See S. Hester Aff. at 2. Instead of complying with S. Hester's request to stop, Brown angrily stated to S. Hester M. Hester that he, "was going to restart the I.V," and that he was, "doing his job." See M. Hester Aff. at 2. Additionally, Brown had begun to palpate S. Hester's arm in preparation to restart the I.V., and carry out his statement. *Id.* As stated previously, the

combination of Brown's statements and his touching of S. Hester's arm, was sufficient to create in her mind a well-founded fear of Brown restarting the I.V., which without her consent constituted an assault.

Brown further contends that he is not liable to S. Hester for assault in that his attempt to insert the IV was protocol for a patient who had been in a motor vehicle accident and was complaining of head pain, dizziness, and nausea. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 3. However, the sworn testimony of the Plaintiffs directly dispute this fact in that, both S. Hester and M. Hester's Affidavits make clear that S. Hester never complained of head pain, dizziness, or nausea. Therefore, a genuine issue of material fact remains as to whether Brown is liable for assault against S. Hester, and thus summary judgment is not proper on this claim. Additionally, summary judgment is also not proper on S. Hester's claim against EI, as Brown's actions were done in the line and scope of his employment with EI.

Brown further contends that he is not liable for assault on M. Hester in that he never unlawfully offered to touch her in a rude or angry manner so as to create in her mind a well-founded fear of an imminent battery. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 4. However, Brown has also been unable to negate the existence of any genuine issue of material fact as to S. Hester's assault claim against him.

Both Plaintiffs' affidavits clearly show that Brown angrily and abusively told M. Hester he wanted her to get out of the ambulance, later instructing paramedic Lenay to pull into a BP service station on Highway 80, for the purpose of getting M. Hester out of the ambulance. See M. Hester Aff. at 2; S. Hester Aff. at 2. Brown's statements to M. Hester, along with his instructions to pull the ambulance into the service station, and

indeed his attempts to put M. Hester out of the ambulance all create a jury question as to whether Brown's actions toward her constituted an assault, by creating a well-founded fear in M. Hester's mind of an imminent battery. Holcombe v. Whitaker, 318 So. 2d 289, 294 (1975). Additionally, summary judgment is also not proper on M. Hester's claim against EI, as Brown's actions were done in the line and scope of his employment with EI.

**III. False Imprisonment**

Brown contends that he is not liable to S. Hester for false imprisonment in that she consented to his treatment. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 5. Relying on Lolley v. Charter Woods Hospital, Inc., 572 So. 2d 1223, 1225 (Ala. 1990), Brown contends that S. Hester asking to leave the ambulance was not sufficient to invalidate her initial consent. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 5. However, both Plaintiffs' affidavits clearly show that S. Hester consented **only** to a simple ambulance ride, and **not** to treatment by Brown. See M. Hester Aff. at 2; S. Hester Aff. at 2. In contrast, the plaintiff in Lolley, consented to, "any and all treatment considered advisable by the patient's physician." Lolley, 572 So. 2d at 1225. Since, S. Hester's consent was limited to the ambulance ride, and was not as general and expansive as that of the plaintiff in Lolley , and since  she subsequently she withdrew even that consent, Lolley is not controlling in this case.

Furthermore, for there to be a false imprisonment, there must be some direct restraint. Crown Cent. Petro. Corp. v. Williams, 679 So. 2d 651 (Ala. 1996). In the present case Brown strapped S. Hester to the bed, and refused to let her exit the ambulance after her repeated requests to leave, stating that she could not leave the

ambulance until they reached the hospital. See S. Hester Aff. at 2. Thus, Brown has not

made a showing that there are no genuine issues of material fact in dispute regarding

whether S. Hester was falsely imprisoned by him, and summary judgment is not proper

on this claim. Additionally, summary judgment is also not proper on S. Hester's claim

against EI, as Brown's actions were done in the line and scope of his employment with

EI. Crown, 679 So. 2d 651.

Brown further contends that M. Hester's claim for false imprisonment should fail

in that she requested to ride in the ambulance and then later exited the vehicle when

Harris arrived. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 5. However, M.

Hester initially elected to go on a simple ambulance ride with her daughter, but after

Brown began to administer an IV into S. Hester's arm, she stated that she wanted to exit

the vehicle with her daughter. See M. Hester Aff. at 2. However, Brown angrily refused

this request, and instead continued traveling to the hospital with M. Hester still inside the

vehicle, later causing the ambulance to sit on the side of the road for 10 to 20 minutes

until Harris arrived. *Id.*

Brown also contends that M. Hester was free to leave the ambulance. Def. Rep. to

Pl's Resp. to Def. Mot. For Summ. J. at 5. Instead, M. Hester was not free to leave the

ambulance for 10 to 20 minutes before Harris arrived at the scene, and the length of time

for false imprisonment is immaterial. See Code of Ala. § 6-5-170. Moreover, "Any

exercise of force, or the express or implied threat of force, by which in fact the other

person is deprived of his liberty, compelled to remain where he does not wish to remain,

**or to go where he does not wish to go**, is an imprisonment." Big B, Inc. v. Cottingham,

634 So. 2d 999 (Ala. 1993)(citations omitted)(emphasis added).  In the present case, M.

Hester did not wish to leave the ambulance without her daughter, and Harris told her that Brown stated that her daughter could not leave once they were in the ambulance. In essence, Brown initially detained M. Hester after she requested to leave, and then later Harris forced her to leave the ambulance when she did not wish to go. Therefore a genuine issue of material fact exists regarding whether Brown falsely imprisoned M. Hester, and as a result summary judgment is not proper on this claim. Additionally, summary judgment is also not proper on M. Hester's claim against EI, as Brown's actions were done in the line and scope of his employment with EI. See generally Big B, Inc. v. Cottingham, 634 So. 2d 999 (Ala. 1993)(citations omitted).

### IV. Negligent and Wanton Supervision of EI.

EI asserts that it is not liable for negligent and wanton supervision of Brown in that Plaintiffs' have not proffered any proof that Brown's alleged incompetency was either actually known, or would have been learned by the company had it exercised due and proper care. See Def. Rep. to Pl's Resp. to Def. Mot. For Summ. J. at 6. Both Plaintiffs' affidavits make it clear that S. Hester never complained of head pain, nausea or dizziness. See M. Hester Aff. at 2; S. Hester Aff. at 2.  In addition, Brown was told repeatedly that the ambulance ride was just a precaution and there were no signs of any major or acute conditions that required the type of invasive and painful procedures that he performed on S. Hester. M. Hester Aff. at 3.

Also, Brown attempted to start the IV in S. Hester's arm despite the presence of the blood in the hub of the needle. *Id* at 2. Brown's difficulty inserting the I.V., and even his decision to perform such an invasive procedure under circumstances that did not

warrant him to do so, indicate evidence of his incompetency. Furthermore, Brown's difficulty engaging in a simple ambulance ride,  as well as his difficulty in inserting an IV, which he stated was "his job," raise at least a fact question as to whether EI would have learned about Brown's alleged incompetency had it exercised due care. <u>Voyager Ins. Companies v. Whitson</u>, 867 So. 2d 1065 (Ala. 2003).

## V. <u>CONCLUSION</u>

A party moving for summary judgment must offer sufficient evidence to make a prima facie showing that there are no genuine issues of material facts in dispute and that it is entitled to judgment as a matter of law. <u>Sizemore</u>, 671 So. 2d at 675 (citations omitted). Once this showing is made by the moving party, then and only then does the burden shift to the non-moving party to provide substantial evidence to support its position. <u>Bass v. SouthTrust Bank</u>, 538 So.2d 794 (Ala. 1989).  Based on the foregoing facts, there are several genuine issues of material fact in dispute regarding the Plaintiffs' claims, and thus the Defendants have failed to offer sufficient evidence to satisfy their burden as the moving party for summary judgment purposes. Therefore, summary judgment is not proper on any of the Plaintiffs' claims and Defendants are not entitled to judgment as a matter of law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs S. Hester and M. Hester, based on the information presented above, respectfully request that this Court deny the Defendants' Motion for Summary Judgment.


Respectfully submitted,

s/Tyrone Townsend

TYRONE TOWNSEND
Attorney for Plaintiffs
State Bar I.D. No.: ASB TOW006
P.O. Box 2105
Birmingham, Alabama 35201
Tel: (205) 252-3999
TTowns1@msn.com

**OF COUNSEL:**
James Earl Finley
Attorney at Law
P.O. Box 91
Trussville, Alabama 35173
Tel: (205) 655-9286
Fax: (205) 655-9287
E-mail: Finleylawfirm@aol.com.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all
counsel of record by placing a copy of the same in the U.S. mail, postage prepaid and
properly addressed on this the 9th day of <u>April,</u> 2007, as follows:

Celeste P. Holpp, Esq.
NORMAN, WOOD, KENDRICK & TURNER
Financial Center - Suite 1600
505 20th Street North
Birmingham, Alabama 35203

Respectfully submitted,

s/Tyrone Townsend

TYRONE TOWNSEND
Attorney for Plaintiffs
State Bar I.D. No.: ASB TOW006
P.O. Box 2105
Birmingham, Alabama 35201
Tel: (205) 252-3999
TTowns1@msn.com

- 11 -