IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHYANDREA HESTER AND MARY HESTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:06cv572-WHA |
| CHRISTOPHER BROWN, et al., | ) ) | (WO) |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion for Summary Judgment (Doc. # 21), filed

jointly by Defendants Christopher Brown and Emergystat, Inc. on March 1, 2007.

The Plaintiffs, Shyandrea Hester and Mary Hester, originally filed a Complaint in this

case in the Circuit Court of Lowndes County, Alabama, bringing the following claims: infliction

of unnecessary pain and anguish; physical, verbal and mental abuse; false imprisonment; assault

and battery; outrageous conduct; and continuing and ongoing physical and emotional trauma

(collectively, Count One); negligent and/or wanton failure to supervise or monitor employees,

resulting in injury to Plaintiffs (Count Two); violation of the Plaintiffs' rights under the Fifth and

Fourteenth Amendments of the Constitution of the United States, actionable under 42 U.S.C. §§

1982 and 1983 (Count Three); and maintaining policies, patterns and/or practices of grossly

negligent or recklessly indifferent supervision directly resulting in gross indifference to the

rights guaranteed to the Plaintiffs under the Constitution of the United States (presumably,

another §1983 claim) (Count Four). Defendants removed the cause to this court on the basis of

federal question jurisdiction over the §1983 claim under 28 U.S.C. §1331 and supplemental

jurisdiction over the state law claims under 28 U.S.C. §1367.  On September 1, 2006, this court

entered a Memorandum Opinion and Order (Doc. # 15) dismissing several claims and parties.

Subsequent to that order, the only claims remaining in this action are the Count One claims

against Defendant Christopher Brown and Defendant Emergystat, Inc. and a Count Two claim

against Defendant Emergystat, Inc.  Although the court previously dismissed the federal §1983

claim, it retains supplemental jurisdiction over the state law claims.

    For reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED,

in part, and DENIED, in part.

## II.  SUMMARY JUDGMENT STANDARD

    Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986).

    The party asking for summary judgment "always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of the

'pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

*Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute

of material fact, or by showing, or pointing out to, the district court that the nonmoving party has

failed to present evidence in support of some element of its case on which it bears the ultimate

burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Nonetheless, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III. FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movants:

On May 28, 2004, Shyandrea Hester ("Shyandrea")[1] was involved in an automobile accident with another vehicle, sustaining various injuries including bumping the left side of her head. Her mother, Mary Hester ("Mary"), requested that police on the scene summon an ambulance. Upon arrival of the ambulance, Defendant Christopher Brown ("Brown"), an Emergency Medical Technician employed by Defendant Emergystat, Inc. ("Emergystat"), began providing emergency care to Shyandrea. At that time, Shyandrea allegedly consented to

---

[1] To avoid confusion, the court will refer to the Plaintiffs by their first names.

treatment by signing a Release of Treatment and Transport.

Because Shyandrea's accident involved a potential head injury, Brown followed the guidelines for suspected head or spinal injuries and "trauma-packaged" Shyandrea, which involves a certain measure of restraint. Shyandrea was placed into the ambulance for transport and her mother, Mary, rode in the passenger area in the front seat. During transport, Brown attempted to secure an I.V. line in Shyandrea's arm but was unsuccessful.

After this initial attempt, Shyandrea screamed and asked Brown to stop trying to insert the I.V. line. Because she was restrained, however, she could not move her arm away. Upon hearing her daughter's screams, Mary also asked Brown to stop. Brown refused. At that point, both Shyandrea and Mary continued repeatedly asking Brown to cease his attempts to establish the I.V. line. Mary also attempted to move from the passenger area to the breezeway of the ambulance. At that point, Brown instructed the ambulance driver to pull over and radioed the sheriff's department for assistance. Ultimately, a deputy sheriff forcibly removed Mary from the ambulance, and the ambulance proceeded to the hospital, despite Shyandrea's requests to be released.

Both of the Plaintiffs, Shyandrea and Mary, allege that the foregoing actions caused them to suffer unnecessary pain and suffering, as well as mental anguish, humiliation, and embarrassment.

## IV. DISCUSSION

This action involves several claims made by two distinct Plaintiffs against two distinct Defendants. To forestall any confusion, the court will address the claims separately with regard to each Defendant. Furthermore, the court will discuss each Plaintiff separately as well.

**I.** *Count One - State Law Claims of Battery, Assault and False Imprisonment*

**A.** *Battery*

Both Plaintiffs, Shyandrea and Mary, claim that Brown battered them in the course of the events giving rise to this action. Furthermore, Shyandrea and Mary also assert battery claims against Emergystat under the theory of respondeat superior. To recover on the tort of battery, the Plaintiffs must establish that: (1) Brown touched them, (2) Brown intended to touch them, and (3) Brown's touching was harmful or offensive. *See Ex parte Atmore Community Hospital*, 719 So. 2d 1190, 1193 (Ala. 1998) (defining the elements of the tort of battery); *see also Surrency v. Harbison*, 489 So. 2d 1097, 1104 (Ala. 1986); *Restatement (Second) of Torts* § 18 (1965).

**1.** *Shyandrea Hester's Battery Claim Against Brown*

Shyandrea's battery claim against Brown turns on whether she had consented to treatment and, if so, whether she effectively revoked that consent. Although consent generally is considered a standard defense to any intentional tort, Alabama case law only discusses this defense within the context of (1) mutual consent to combat and (2) "informed consent" to medical procedures, which is inapplicable in the present case as it pertains to properly informing a patient of all potential risks and side effects associated with a particular treatment. Nonetheless, this court is comfortable that Alabama courts would adopt consent as a defense to the intentional tort of battery, as it is a very basic premise in tort law and is applied by numerous other jurisdictions. *See* 6 AM. JUR. 2D *Assault and Battery* §124 (2007) ("The general rule that a person cannot recover damages for a wrong occasioned by an act to which he has consented applies in a civil action for assault and battery."); 6A C.J.S. *Assault* §22 (2007) ("It is a defense to an action for assault, a battery, or assault and battery that the injure party consented to . . . the

acts causing the injury. . . ."); *Cole v. State Dep't of Pub. Safety and Corrs.*, 825 So. 2d 1134,

1142 (La. 2002) ("The defense of consent . . . operates as a bar to recovery for the intentional

infliction of harmful or offensive touchings of the victim."); *Yanez v. City of New York*, 29 F.

Supp. 2d 100, 116 (E.D.N.Y. 1998) (holding that, applying New York law, "a battery is a

wrongful physical contact with another through intentional contact by the tortfeasor and *without*

*consent of the victim*."(emphasis added)).  It further should be noted that, as a general principle

of tort law, consent is not binding and can be revoked at any time.  *See* 6 AM. JUR. 2D *Assault*

*and Battery* §124 (2007) ("Consent is deemed effective until revoked.");  6A C.J.S. *Assault* §22

(2007) ("Consent may be reasonably withdrawn at any time.").

  In the present case, the parties only submit affidavits as evidence, and these affidavits

conflict as to whether Shyandrea consented to the I.V. treatment or not.  The affidavits also are

unclear as to whether Shyandrea effectively revoked that consent, assuming such consent was

given.  On the one hand, Brown's affidavit states that Shyandrea signed a "Release of Treatment

and Transport," releasing both Brown and Emergystat from any responsibility for their

treatment.  Brown, however, does not submit this release form to the court for consideration in

regard to his Motion for Summary Judgment.  Therefore, Brown submits no evidence

whatsoever as to the terms and conditions of that release and whether it served as sufficient

consent to all acts.   On the other hand, the affidavits of both Shyandrea and Mary indicate that

they both repeatedly requested that Brown discontinue his attempts to establish the I.V. line and

that Brown release Shyandrea from being restrained to the stretcher.  Moreover, these affidavits

do not mention the purported release form or any of its terms and conditions.

  Because Brown submits no evidence of consent beyond his own affidavit and because the

affidavits of Shyandrea and Mary set forth conflicting versions of the facts, the court, viewing

the facts in a light most favorable to the non-movants, finds that a genuine issue of material fact

exists in regard to whether Shyandrea consented to Brown's actions and whether her consent, if

given, was effectively revoked.  Therefore, Defendant Brown's Motion for Summary Judgment

in regard to Plaintiff Shyandrea Hester's battery claim is due to be DENIED.

 2. *Shyandrea Hester's Battery Claim Against Emergystat*

Emergystat's liability for the alleged tortious acts of Brown hinges on the theory of

respondeat superior.  "To recover against a defendant under the theory of respondeat superior, it

is necessary for the plaintiff to establish the status of employer and employee-master and

servant- and to establish that the act was done within the scope of the employee's employment."

*Hendley v. Springhill Mem'l Hosp.*, 575 So.2d 547, 550 (Ala. 1990) (emphasis omitted) (citing

*Wells v. Henderson Land & Lumber Co.*, 76 So. 28 (Ala. 1917)).  In the present case, Emergystat

does not dispute that Brown was an employee, so the issue is only whether Brown was acting

within the scope of his employment at the time he attempted to administer the I.V. line.

Emergystat argues that Plaintiffs have presented no evidence that Brown was acting within the

line and scope of his employment, and that summary judgment, therefore, is appropriate.

Alabama law provides the following in regard to evidence of an employer's liability for

intentional torts of an employee under the theory of respondeat superior:

> If there is any evidence in the record tending to show directly, or by reasonable inference, that the tortious conduct of the employee was committed while performing duties assigned to him, then it becomes a question for the jury to determine whether [the employee] was acting from personal motives having no relationship to the business of the employer.

*USA Petroleum Corp. v. Hines*, 770 So. 2d 589, 591 (Ala. 1999) (upholding corporate employer

liability for assault and battery committed by its employee) (citing *Plaisance v. Yelder*, 408 So.

2d 136, 137 (Ala. Civ. App. 1981); see also *Hendley*, 575 So. 2d at 550 (applying an identical

standard regarding respondeat superior liability under the tort theory of negligence).  Applying

this proposition to the facts of this case, one can reasonably infer that Brown committed the

allegedly tortious conduct while performing duties consistent with his employment.  The

affidavits of both Shyandrea and Mary indicate that Brown's actions were consistent with that of

a paramedic.  According to their affidavits, however, Brown allegedly overstepped the bounds of

the consent to treatment.  Despite potentially acting outside the bounds of consent, there is no

reason to believe that Brown attempted to start an I.V. line on Shyandrea while acting from

personal motives having no relationship to his employment.  In fact, Brown's affidavit clearly

indicates that he believes that he "followed the standard of care for an emergency

technician/paramedic at all times pertinent to the claims being brought by Shyandrea Hester and

Mary Hester while employed as an EMT/P for Emergystat, Inc."  Brown Affidavit, Doc. 21-4 at

¶2.

Because a jury can draw a reasonable inference that Brown committed the allegedly

tortious acts within the line an scope of his employment, a genuine issue of material fact exists as

to Emergystat's potential liability.  Accordingly, Defendant Emergystat's Motion for Summary

Judgment in regard to Plaintiff Shyandrea Hester's battery claim is due to be DENIED.

### 3. *Mary Hester's Battery Claim Against Brown*

Mary alleges that Brown battered her by directing the deputy sheriff to forcibly remove

her from the ambulance.  Mary attempts to ground her claim in the theory of agency.

Specifically, she contends that Brown summoned the deputy sheriff, who acted under his

discretion and control, thereby establishing an agency relationship sufficient to support Brown's

liability for the actions of the deputy sheriff. Following this rationale, Mary contends that the

deputy sheriff touched her in an offensive manner when forcibly removing her from the

ambulance and the court should hold Brown liable for that battery because the deputy sheriff was

Brown's agent.

Under Alabama law, the primary test in determining the existence of an agency

relationship is whether the alleged principal maintains a right of control over the actions of the

alleged agent. *Dickinson v. City of Huntsville*, 822 So. 2d 411, 416 (Ala. 2001); *see also Ex*

*parte Wild Wild West Social Club,* Inc., 806 So. 2d 1235, 1241 (Ala. 2001); *Butler v. Aetna Fin.*

*Co.*, 587 So. 2d 308, 310 (Ala. 1991) ("[I]t is axiomatic that for an agency relationship to exist,

there must be a right of control by the principal over the agent."). Here, there is no tangible

evidence that Brown had any control over the deputy sheriff. The evidence presented by Mary

only indicates that Brown summoned the deputy sheriff and asked that he remove Mary from the

ambulance. To find that a request made by a paramedic to a deputy sheriff creates an agency

relationship would require a significant broadening of agency principles. That would be to hold,

in effect, that anyone who calls for law enforcement thereby would be liable for any tortious act

of a law enforcement officer who responds to the call. The court simply is unwilling to support

such a broadening of agency principles. Therefore, the evidence presented, even when viewed in

a light most favorable to the Mary, does not demonstrate that Brown maintained any right of

control over the deputy sheriff.

In addition, Alabama law requires substantial evidence to prove an agency relationship.

The Alabama Supreme Court states that "[t]he party asserting the existence of an agency

relationship has the burden of presenting sufficient evidence to prove the existence of that

relationship. Agency may not be presumed." *Dickinson*, 822 So. 2d at 416. Here, Mary only

presents her own affidavit and that of Shyandrea to prove this agency relationship. The

affidavits simply state that the deputy sheriff was summoned to quell the dispute arising in the

ambulance. These affidavits provide speculative evidence of a potential agency relationship at

best; they do not suffice, however, as substantial evidence of an agency relationship, which

requires right of control.

Accordingly, because Mary has not presented substantial evidence that an agency

relationship existed between Brown and the deputy sheriff and the evidence presented simply

does not prove that Brown maintained any right of control over the deputy sheriff, Defendant

Brown's Motion for Summary Judgment in regard to Mary Hester's battery claim is due to be

GRANTED.

### 4. *Mary Hester's Battery Claim Against Emergystat*

Mary's battery claim against Emergystat is dependent on Brown's liability. In short,

Mary claims that, if Brown is liable for battery on the basis of an agency relationship with the

deputy sheriff, Emergystat also is liable under the theory of respondeat superior. Because the

court finds that summary judgment is appropriate in regard to Mary's battery claim against

Brown, the court subsequently must find that summary judgment is appropriate in regard to

Mary's battery claim against Emergystat. Where an employee is not liable for battery, the

employer cannot be liable under the theory of respondeat superior. Therefore, Defendant

Emergystat's Motion for Summary Judgment in regard to Mary Hester's battery claim is due to

be GRANTED.

**B.** *Assault*

Both Plaintiffs, Shyandrea and Mary, claim that Brown assaulted them in the course of the events giving rise to this action.  Furthermore, Shyandrea and Mary also assert assault claims against Emergystat under the theory of respondeat superior. Under Alabama law, assault is defined as "'an intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented.'"  *Wood v. Cowart Enters., Inc.*, 809 So. 2d 835, 837 (Ala. Civ. App. 2001) (citing *Western Union Tel. Co. v. Hill*, 150 So. 709, 710 (Ala. Ct. App. 1933)).

**1.**  *Shyandrea Hester's Assault Claim Against Brown*

As noted above, consent is a defense to both assault and battery under general tort principles.  Thus, just as Shyandrea's battery claim turns on whether she consented to treatment and, if so, whether the consent was effectively revoked, Shyandrea's assault claim also turns on the same issue of consent and potential revocation.  Accordingly, the rationale guiding the above analysis regarding Shyandrea's battery claim also is applicable to Shyandrea's assault claim.

Simply, the affidavits submitted by the parties present conflicting evidence in regard to the issue of consent.  Without further evidence, a genuine issue of material fact exists as to whether Shyandrea consented to the I.V. line and, if so, whether she later revoked that consent.  Therefore, Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Shyandrea Hester's assault claim is due to be DENIED.

**2.** *Shyandrea Hester's Assault Claim Against Emergystat*

For the same reasons noted above in regard to Shyandrea's battery claim against

Emergystat under the theory of respondeat superior, the court finds that a jury can draw a

reasonable inference that Brown committed the alleged tortious acts within the line an scope of

his employment. Accordingly, a genuine issue of material fact exists as to Emergystat's

potential liability, and Defendant Emergystat's Motion for Summary Judgment in regard to

Plaintiff Shyandrea Hester's assault claim is due to be DENIED.

### 3. *Mary Hester's Assault Claim Against Brown*

For the same reasons noted above in regard to Mary's battery claims, Mary has not

presented substantial evidence that an agency relationship existed between Brown and the deputy

sheriff and the evidence presented simply does not prove that Brown maintained any right of

control over the deputy sheriff. Accordingly, there is no genuine issue of material fact in regard

to whether the acts of the deputy sheriff can be imputed to Brown under the theory of agency.

Thus, Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Mary Hester's

assault claim is due to be GRANTED.

### 4. *Mary Hester's Assault Claim Against Emergystat*

Once again, the rationale employed in regard to Mary's battery claim against Emergystat

is applicable to her comparable assault claim against Emergystat. Whereas Mary cannot

establish Brown's liability for assault under the agency theory, Mary also cannot establish

Emergystat's liability for the assault under the theory of respondeat superior. Therefore,

Defendant Emergystat's Motion for Summary Judgment in regard to Mary Hester's claim for

battery is due to be GRANTED.

### C. *False Imprisonment*

Both Plaintiffs, Shyandrea and Mary, claim that Brown falsely imprisoned them in the

course of the events giving rise to this action.  Furthermore, Shyandrea and Mary also assert

false imprisonment claims against Emergystat under the theory of respondeat superior.  Under

Alabama law, "[f]alse imprisonment consists of the unlawful detention of the person of another

for any length of time whereby he is deprived of his personal liberty."  *Big B, Inc. v. Cottingham*,

634 So.2d 999, 1001 (Ala. 1993) (citing ALA. CODE § 6-5-170 (1975)).

**1.** *Shyandrea Hester's False Imprisonment Claim Against Brown*

Once again, the issue of consent plays a significant role in determining whether summary

judgment is appropriate in regard to Shyandrea's false imprisonment claim.  Under general

principles of tort law, "[a] plaintiff's consent to acts that constitute an imprisonment may bar an

action for false imprisonment. Consent is not, strictly speaking, a privilege or even a defense but

negates the existence of a tort."  32 AM. JUR. 2D *False Imprisonment* §53.  Moreover,

specifically under Alabama law, a person signing forms consenting to medical treatment cannot

maintain a claim for false imprisonment where she is held for the administration of such

treatment.  *See Day v. Providence Hosp.*, 622 So. 2d 1273, 1275 (Ala. 1993). Accordingly,

recognizing both the general principles of tort law and the specific Alabama precedent regarding

consent forms, Shyandrea's false imprisonment claim hinges on whether Shyandrea consented to

treatment involving her being restrained on a stretcher in the ambulance and, if so, whether that

consent was later revoked.

As noted in the above analyses regarding the battery and assault claims, the evidence

submitted by the parties in the form of affidavits is not determinative of the factual issue

regarding the alleged consent and the alleged revocation of any consent given.  The affidavits

present two conflicting versions of the facts and, without additional evidence, ultimately do not

settle the factual issue.  As such, a genuine issue of material fact exists regarding whether

Shyandrea actually consented to treatment that required her to be restrained in the ambulance

and whether her later requests to be released effectively revoked such consent, if indeed given.

Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Shyandrea Hester's

false imprisonment claim, therefore, is due to be DENIED.

### 2. *Shyandrea Hester's False Imprisonment Claim Against Emergystat*

For the same reasons noted above in regard to Shyandrea's battery claim against

Emergystat under the theory of respondeat superior, the court finds that a jury can draw a

reasonable inference that Brown committed the alleged tortious acts within the line an scope of

his employment.  Accordingly, a genuine issue of material fact exists as to Emergystat's

potential liability, and Defendant Emergystat's Motion for Summary Judgment in regard to

Plaintiff Shyandrea Hester's false imprisonment claim is due to be DENIED.

### 3. *Mary Hester's False Imprisonment Claims Against Brown*

Although the Complaint alleges that Brown subjected both Plaintiffs to the tort of false

imprisonment, Mary has not submitted any evidence of an unlawful detention whereby she was

deprived of her personal liberty.  The affidavits submitted by all parties indicate that Brown did

not restrain Mary in the ambulance at any point in time.  Whereas Shyandrea was physically

restrained to the stretcher in the ambulance, Mary sat in the front seat of the ambulance and had

an uninhibited ability to exit the ambulance.  Therefore, no genuine issue of material fact exists

in regard to whether Brown subjected Mary to false imprisonment, and Defendant Brown's

Motion for Summary Judgment in regard to Plaintiff Mary Hester's false imprisonment claim is

due to be GRANTED.

**4.** *Mary Hester's False Imprisonment Claims Against Emergystat*

Because no genuine issue of material fact exists in regard to whether Brown subjected

Mary to false imprisonment, the court cannot hold Emergystat liable, under the theory of

respondeat superior, for Brown's act of false imprisonment.  Accordingly, Defendant

Emergystat's Motion for Summary Judgment in regard to Plaintiff Mary Hester's false

imprisonment claim is due to be GRANTED.

**II.** *Count Two - State Law Claim Against Emergystat for Negligent Hiring or*

*Supervision*

Shyandrea and Mary both claim that Emergystat is liable for negligent hiring or

supervision of Brown, its employee.  Defining the elements of the tort of negligent hiring or

supervision, the Alabama Supreme Court states that "'[i]n the master and servant relationship,

the master is held responsible for his servant's incompetency when notice or knowledge, either

actual or presumed, of such unfitness has been brought to him. . . .' A party alleging negligent or

wanton supervision and hiring must also prove the underlying wrongful conduct of employees."

*Voyager Ins. Cos. v. Whitson*, 867 So. 2d 1065, 1073 (Ala. 2003) (quoting *Lane v. Cent. Bank of*

*Ala., N.A.*, 425 So. 2d 1098, 1100 (Ala. 1983)).  Accordingly, to succeed on the negligent

supervision claim, Shyandrea and Mary must prove: (1) the underlying tortious conduct of

Brown and (2) that Emergystat had actual or constructive knowledge of Brown's alleged

incompetence.

Without even determining whether Plaintiffs can prove the underlying tortious conduct of

Brown, summary judgment is appropriate on this claim because Plaintiffs have submitted no

evidence that Emergystat had actual or constructive knowledge of Brown's alleged

incompetence.  The only evidence submitted by the Plaintiffs is their affidavits.  While these

affidavits allege that Brown acted incompetently in his treatment of Shyandrea, the affidavits do

not allege that Emergystat was aware of such incompetence.

In the Plaintiffs' brief, they argue that "Brown's actions during the entire incident serve

as presumptive notice to [Emergystat]."  Memorandum Brief in Response to Defendant's Motion

for Summary Judgment, Doc. 25-1, p. 14.  The Plaintiffs further argue that Brown's alleged

incompetence during the events giving rise to this action sufficiently raises a question of fact as

to whether Emergystat would have learned of Brown's alleged incompetence had the company

exercised due care.  See Response to Defendant's Reply on Defendant's Motion for Summary

Judgment, Doc. 30, pp. 9-10.  Such an argument, however, supported only by the affidavits of

Shyandrea and Mary, is insufficient to defeat summary judgment.  The Alabama Supreme Court

explicitly provides:

> Liability [for negligent supervision] depends upon its being established ***by affirmative
> proof*** that [the employee's] incompetency was actually known by the master or that, had
> he exercised due and proper diligence, he would have learned that which would charge
> him in the law with such knowledge.  It is incumbent upon the party charging negligence
> to show it by proper evidence.

*Voyager*, 867 So. 2d at 1073 (emphasis added).  Plaintiffs have not provided any affirmative

proof that Emergystat was aware, or should have been aware, of Brown's alleged incompetence.

A blanket assertion that the acts giving rise to this action put Emergystat on notice of Brown's

incompetence does not suffice as affirmative proof of the requisite actual or constructive

awareness for the present negligent hiring or supervision claim.

The Alabama Supreme Court previously has rejected a similar argument.  In *McGinnis v.

Jim Walter Homes, Inc.*, 800 So. 2d 140, 149 (Ala. 2001), the plaintiff contended that defendant

16

should be liable for negligent hiring or supervision because a defendant is required to hire competent persons. The plaintiffs presented significant expert testimony to prove that the contractor hired by the defendant to perform electrical work was incompetent to perform such work. *Id.* The plaintiffs failed, however, to present any evidence that the hired contractor had a history of negligent performance or incompetence. *Id.* Accordingly, the Alabama Supreme Court affirmed the grant of summary judgment in favor of the defendant because of the lack of evidence that would indicate that defendants knew, or should have known, of the hired contractor's incompetence. *Id.*

Similarly, in the present case, even if the court finds that the affidavits of Plaintiffs raise a question of fact in regard to Brown's alleged incompetence, Plaintiff's have failed to present any evidence regarding a history of incompetence or specific situations that would put Emergystat on notice of Brown's potential incompetence. Because of the lack of that evidence, there is no genuine issue of material fact in regard to Plaintiff's negligent hiring or supervision claim. Therefore, Defendant Emergystat's Motion for Summary Judgment in regard to Plaintiffs' claim for negligent hiring or supervision is due to be GRANTED.

### V. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. As to Count One of Plaintiffs' Complaint,

(a) Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Shyandrea Hester's battery claim is DENIED;

(b) Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Shyandrea Hester's assault claim is DENIED;

(c) Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Shyandrea Hester's false imprisonment claim is DENIED;

(d) Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Mary Hester's battery claim is GRANTED;

(e) Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Mary Hester's assault claim is GRANTED;

(f) Defendant Brown's Motion for Summary Judgment in regard to Plaintiff Mary Hester's false imprisonment claim is GRANTED;

(g) Defendant Emergystat's Motion for Summary Judgment in regard to Plaintiff Shyandrea Hester's battery claim is DENIED;

(h) Defendant Emergystat's Motion for Summary Judgment in regard to Plaintiff Shyandrea Hester's assault claim is DENIED;

(i) Defendant Emergystat's Motion for Summary Judgment in regard to Plaintiff Shyandrea Hester's false imprisonment claim is DENIED;

(j) Defendant Emergystat's Motion for Summary Judgment in regard to Plaintiff Mary Hester's battery claim is GRANTED;

(k) Defendant Emergystat's Motion for Summary Judgment in regard to Plaintiff Mary Hester's assault claim is GRANTED;

(l) Defendant Emergystat's Motion for Summary Judgment in regard to Plaintiff Mary Hester's false imprisonment claim is GRANTED.

2.  As to Count Two of Plaintiffs' Complaint, Defendant Emergystat's Motion for Summary Judgment is GRANTED.

3.  This case will proceed against Defendants Brown and Emergystat on Plaintiff

Shyandrea Hester's Count One claims.

Done this 25th day of May, 2007.

        /s/ W. Harold Albritton
        W.  HAROLD ALBRITTON
        SENIOR UNITED STATES DISTRICT JUDGE