IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHYANDREA AND MARY HESTER, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: CV-06-572-WHA |
| v. | ) | |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGSTAT, DEPUTY JIMMY HARRIS, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTION TO PLAINTIFF'S WITNESS AND EXHIBIT LIST**

COMES NOW the Plaintiff, Shyandrea Hester, by and through her counsel of record Tyrone Townsend and opposes Defendants' objection to Plaintiff's Witness and Exhibit List. As grounds for said opposition, Plaintiff shows as follows:

1. Defendants initially object to Plaintiff's calling Lenay Martin at trial, based on their contention that Defendants have not had the opportunity to depose her. However, Lenay Martin, is a former employee of Defendant Emergystat, Inc., and therefore it is Defendants' responsibility to make Mrs. Martin available for deposition. Additionally, Plaintiffs noticed the deposition of Lenay Martin on March, 29th, 2007, as well as on April 16th, 2007. See Exhibit A. However on both occasions it was Counsel for Defendants who did not provide Lenay Martin for deposition on either occasion contained in the respective notices. In fact, even when Counsel for the Defendant agreed to provide Lenay Martin for the Plaintiff to take her deposition along with the other

parties, on May 10th, 2007, Lenay Martin was still not made available for deposition. See Exhibit B. Therefore, the responsibility for Defendants' failure to depose Lenay Martin rests with Defendants, and not the Plaintiff, and thus Defendants' objection on this basis should be overruled.

      2.      Next the Defendants object to the Plaintiff calling Donald Richardson, Plaintiff's expert witness, based on Defendants' assertion that Defendants have not had the opportunity to depose Mr. Richardson. However, the Plaintiff gave Mrs. She was properly notified in advance that Counsel for the Plaintiff had a trial scheduled for the week during which Defendants sought to depose Mr. Richardson. To that end, Plaintiff's Counsel provided alternative dates for the deposition of Mr. Richardson to accommodate Defendants, but these additional dates were also refused by the Defendants. Therefore, Defendants' contention that the Plaintiff never provided dates when Mr. Richardson would be available for deposition is wholly without merit, and is not adequate grounds for excluding Mr. Richardson's testimony.

      3.      Moreover, the Plaintiff originally disclosed the identity of her expert witness on March 1st, 2007, and indicated in that disclosure that the expert witness' report would be furnished to Defendants upon completion. See Exhibit C. Accordingly the Plaintiff provided her expert witness report to Defendants on May 16th, 2007. Thus, the Plaintiff fully complied with her duty under Fed. R. Civ. P. 26(e) to supplement her expert witness disclosure. As stated earlier, Defendants had ample opportunity to depose Plaintiff's expert witness, but declined to do so. Therefore, Defendants' contention that they have not been given the opportunity to fully examine the Plaintiff's expert, has no basis and their objection on this ground should also be overruled.

- 3 -

    4.    Defendants further object to the: "Witnesses who have yet to be identified, who where present at the scene of the accident in question and observed the parties at the scene, and who will be identified prior to the date of trial." Defendants' basis for said objection is that the Plaintiff did not disclose these persons in her initial disclosures. However, the Plaintiff may supplement her initial disclosures under Rule 26(e) of the Federal Rules of Civil Procedure, and Plaintiff's Rule 26(a)(1) informed Defendants of Plaintiff's willingness to supplement these disclosures accordingly, as additional information was obtained. In fact, it was only after Defendant Christopher Brown's deposition testimony disclosed the existence of additional witnesses at the scene, that the Plaintiff became aware of the possibility of the existence of said witnesses.

    5.    Moreover, the Plaintiff also indicated in her Witness and Exhibit list that these witnesses will be identified and notice given to Defendants of their identity, prior to trial, to afford Defendants adequate opportunity to prepare for their examination. Therefore, Defendants contention that they have no way or knowing and or preparing for the witnesses provided in the Plaintiff's Witness and Exhibit List , is completely premature in nature, and as such Defendants' objection on this ground should be overruled.

    6.    Finally, Defendants object to the Police & Incident Report- Lowndes County Sheriff's Department, contained in Plaintiff's Rule 26(a)(1) Initial Disclosures, on the ground that the Plaintiff did not attach the document to the report and that Defendants received the Plaintiff's initial disclosures beyond the discovery deadline. However, Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, provides that Plaintiff must only disclose, " [A] copy of, or a description by category and location of,

- 4 -

all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment. …" Here, by identifying the "Police & Incident Report-Lowndes County Sheriff's Department," Plaintiff has provided a description of the document, by category and location, and thus complied with the requirements of Rule 26(a)(1).

Additionally the Plaintiff was forced to delay in providing the Rule 26(a)(1) disclosures due to the Defendants' failure to respond to any of the Plaintiff's discovery, which was timely filed, and to which the Defendants have to failed to respond to date. Thus, Defendants' failure to respond to the Plaintiff's timely discovery request is the true basis for any delay in the Plaintiff's Rule 26(a)(1) disclosures. Therefore Defendants' objection to the Police & Incident Report –Lowndes County Sheriff's Department is wholly inadequate, and without support, and as such their objection on this ground should be overruled.

**WHEREFORE PREMISES CONSIDERED,** the Plaintiff respectfully request this Court to overrule Defendants' objections to witnesses Lenay Martin, Plaintiff's expert witness Donald Richardson, and the witnesses on the scene, as well as to the Police & Incident Report –Lowndes County Sheriff's Department, based on the information presented above and in the interest of justice.

- 5 -

          Respectfully submitted,

          s/Tyrone Townsend

          TYRONE TOWNSEND
          Attorney for Plaintiffs
          State Bar I.D. No.: ASB TOW006
          P.O. Box 2105
          Birmingham, Alabama 35201
          Tel: (205) 252-3999
          TTowns1@msn.com

**OF COUNSEL:**
James Earl Finley
Attorney at Law
P.O. Box 91
Trussville, Alabama 35173
Tel: (205) 655-9286
Fax: (205) 655-9287
E-mail: Finleylawfirm@aol.com.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all counsel of record by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed on this the 15th day of June, 2007, as follows:

Celeste P. Holpp, Esq.
NORMAN, WOOD, KENDRICK & TURNER
Financial Center - Suite 1600
505 20th Street North
Birmingham, Alabama 35203

          Respectfully submitted,

          s/Tyrone Townsend

          TYRONE TOWNSEND
          Attorney for Plaintiffs
          State Bar I.D. No.: ASB TOW006
          P.O. Box 2105
          Birmingham, Alabama 35201
          Tel: (205) 252-3999
          TTowns1@msn.com