**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| SHYANDREA HESTER and MARY HESTER, ) ) ) Plaintiffs, ) ) v. ) ) ) LOWNDES COUNTY COMMISSION, ) CHRISTOPHER BROWN, ) EMERGYSTAT, DEPUTY JIMMY ) HARRIS, et al., ) ) Defendants. ) | CIVIL ACTION NO.: CV-06-572-WHA |

**DEFENDANTS' EMERGYSTAT, INC.'S AND CHRISTOPHER BROWN'S
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTION TO
PLAINTIFF'S WITNESS AND EXHIBIT LIST**

**COME NOW** the defendants, **Emergystat, Inc. and Christopher Brown**, in reply to Plaintiff's Opposition to Defendants' Objection to Plaintiff's Witness and Exhibit List and state the following:

1. Defendant, Emergystat, Inc. no longer employs Lenay Martin and has not been able to locate her to make her available for deposition. Defendants have no way of making her available for deposition. Additionally, Plaintiff was aware through telephone conversations with Defendants' counsel that Ms. Martin was no longer employed by Emergystat, Inc., but that the Defendants would continue to attempt to locate Ms. Martin as Plaintiff was able to do as well.

2. Plaintiff failed to make Plaintiff's expert, Donald Richardson, available for deposition. Defendants could not depose Plaintiff's expert until the deposition of the Plaintiff and Defendants were taken in order to know what Mr. Richardson's opinion was based upon.

The Defendants began requesting by telephone mutually agreeable dates for the Plaintiff's deposition as early as January 2007. In follow-up to several verbal requests, Defendants' counsel wrote to Plaintiff's counsel on February 2, 2007, March 14, 2007, April 2, 2007, and April 24, 2007, requesting dates for the Plaintiff's deposition. (Please see attached, Defendants' Exhibit A). It was not until May 2, 2007, when Plaintiff's counsel first agreed to make the Plaintiff available for her deposition on May 10, 2007, which was only one week prior to the discovery cut-off deadline. (Exhibit B).

       3.     On March 30, 2007, Plaintiff faxed a Notice of Deposition for Christopher Brown for the following Friday, April 6, 2007. (Exhibit C). There had been no prior attempt by Plaintiff to coordinate Mr. Brown's deposition. Instead, Plaintiff unilaterally noticed his deposition for the following week. Upon Defendant's counsel return to the state on April 2, 2007, Defendant's counsel wrote to Plaintiff's counsel and advised that Mr. Brown was not available on April 6th and asked that counsel coordinate the Defendant's availability before unilaterally noticing depositions for the following week. (Exhibit D). On April 16, 2007, Plaintiff faxed a Notice of Deposition for Mr. Brown's deposition on May 15, 2007. (Exhibit E). On April 24, 2007, Defendants' counsel wrote to Plaintiff advising that May 15th was only two days before the discovery cut-off and requested the parties' depositions occur the week of May 7th in order to allow Plaintiff's expert enough time to review transcripts prior to taking his deposition before the discovery cut-off of May 17, 2007. (Exhibit F). On May 1, 2007, Defendants' counsel again wrote to Plaintiff's counsel via email requesting he respond to their availability the week of May 7th. (Exhibit G). Later that same day, Plaintiff responded via email that Plaintiff would like to conduct the depositions of all parties on May 10, 2007, beginning at 10:00 a.m. (Exhibit H, top of page). There is no mention of Plaintiff wanting to take the

deposition of a fact witness Deputy Jimmy Harris in any correspondence up to this date. On May 3, 2007, for the first time, Plaintiff advises he plans to also take the deposition of Deputy Harris on May 10th. (Exhibit I, bottom of page). Defendant's counsel responds on that same date that if the depositions do not begin until 10:00 a.m. per Plaintiff's request, it is unlikely we can conduct three parties' depositions and a fact witness' deposition at a law firm's office in Montgomery before their close of business. (Exhibit I, top of page and copy of correspondence by mail) Counsel for Defendants learned later that same day that Plaintiff had served a subpoena for Deputy Harris' deposition previously without sending Defense counsel a copy of the same. (Exhibit J). In an effort to coordinate the parties' depositions, Defense counsel agreed to conduct the four depositions of the plaintiffs, Mr. Brown and Deputy Harris on May 10, 2007, and again requested confirmation from Plaintiffs regarding their availability for deposition. (Exhibit J).

    4.    Following confirmation of the parties' depositions for May 10, 2007, Defense counsel wrote Plaintiff's counsel by fax and email correspondence on May 3, 2007, requesting that Plaintiff's expert be made available for deposition on May 11, 14, 16 or 17, so as to allow adequate time for at least a rushed transcript to be prepared in order for Mr. Richardson to review the parties' testimony prior to his deposition. (Exhibits I and J). On that same day, Plaintiff's counsel's office replied that Plaintiff's counsel would check with Mr. Richardson's availability and advise of a mutually agreeable date. (Exhibit K, top of page). On May 4, 2007, Plaintiff's counsel replied that he had a trial conflict for May 14 -16, 2007, (one of the dates on which Plaintiff noticed Mr. Brown's deposition previously) and could not make Plaintiff's expert available while in trial. (Exhibit L, bottom of page). Defense counsel responded by requesting whether Mr. Richardson could be made available on May 11 or May 17th so as to not conflict with this new trial conflict. (Exhibit L, top of page). Plaintiff's counsel did not respond, and on

May 7, 2007, Defendant served a Notice of Deposition for Plaintiff's expert on May 17, 2007. (Exhibit M).

     5.    On May 10, 2007, the depositions of the Plaintiffs, Mr. Brown and Deputy Harris were taken. At the conclusion of all depositions, counsel for both parties discussed and confirmed Mr. Richardson's deposition still being set for the following week on May 17, 2007. On the morning of May 17, 2007, Plaintiff's counsel called Defense counsel and cancelled the deposition of Mr. Richardson. Within that same conversation, Defense counsel requested new dates for noticing Mr. Richardson's deposition. On May 17, 2007, at 6:38 p.m., Plaintiff's counsel emailed Defense counsel and offered the morning of May 24th for Mr. Richardson's deposition. (Exhibit N, bottom of page). The following morning, Friday, May 18, 2007, Defense counsel replied by email that she was not available on the 24th or 25th and requested to take the Plaintiff's expert's deposition on May 22nd or 23rd. (Exhibit N, top of page). To date, Plaintiff has never replied to this request.

     6.    Plaintiff states that the Defendants had "ample opportunity" to depose Mr. Richardson and cites to Plaintiff's Expert Disclosure Report being served on Defendants on May 16, 2007, as supportive of this position. (Plaintiff's Opposition to Defendants' Objection to Plaintiff's Witnesses and Exhibits, page 2, paragraph 3). Defense counsel has attempted to work with Plaintiff's counsel even past the discovery deadline to accommodate the Plaintiff. However, the Plaintiff failed to respond to many early requests for scheduling depositions and waited until the twelfth hour to take the parties' depositions. Plaintiff's failure to make her expert available for deposition should preclude Plaintiff from calling Mr. Richardson to testify at trial. Defendants have not been given the opportunity to examine Mr. Richardson as to his

qualifications, opinions or even personal knowledge regarding this matter. Defendants would be highly prejudiced if the Plaintiff is permitted to offer Mr. Richardson to testify at trial.

7. Plaintiff did not serve Rule 26(a)(1) Initial Disclosures until June 7, 2007, well after the close of discovery in this case. Plaintiff states she is permitted to supplement these disclosures. Yet, the trial is set in one month. Plaintiff further states that she was not made aware of these possible fact witnesses until the deposition of Christopher Brown. This is nonsensical since the Plaintiff was at the scene of her accident and ambulance transport and testified about family members and friends around her at the time of her loading onto the ambulance. (Exhibit O). The Defendants have no way of knowing and/or anticipating who these witnesses are, what their opinions are, and whether their opinions are even relevant to the issues of this case. Thus, Defendants cannot adequately prepare for examination of these unknown witnesses. Defendants would be highly prejudiced if the Plaintiff is permitted to offer these unidentified witnesses to testify at trial.

5. Plaintiff erroneously states that her Initial Disclosures were delayed due to Defendants not having responded to Plaintiff's discovery requests that were served on April 13, 2007, and due one day prior to the discovery cut-off deadline. Further, Defendants' responses were not due until following the deposition of the parties at which time Plaintiff could have requested any necessary information from the Defendant. Moreover, Defendants' responses to discovery have no bearing on Plaintiff's Initial Disclosures. Included within Plaintiff's "Initial" Disclosures was a listing of a "Police & Incident Report – Lowndes County Sheriff's Department." However, Plaintiff failed to attach such identified report. Even if Plaintiff had attached such report, this "Initial" Disclosure was received following the close of discovery. Defendants have not been afforded the opportunity to review this document or examine anyone

with knowledge about such document. Moreover, any police or incident report would be inadmissible as Hearsay under FRE 802.

WHEREFORE, these Defendants, Emergystat, Inc. and Christopher Brown, respectfully request this Court to prohibit Plaintiff from calling Lenay Martin, Donald Richardson or any of the witnesses identified in paragraph 8 of Plaintiff's Witness and Exhibit List to testify; and from offering a "Police & Incident Report – Lowndes County Sheriffs Department" exhibit into evidence.

Respectfully submitted,

s/ Celeste Holpp
Celeste P. Holpp
Bar Number: ASB-0013-A50C
Attorney for Defendants
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama 35203
Phone: (205) 328-6643
Fax: (205) 251-5479
Direct Dial: (205) 259-1035
Email: cholpp@nwkt.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| SHYANDREA HESTER and MARY HESTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: CV-06-572-WHA |
| | ) ) | |
| LOWNDES COUNTY COMMISSION, CHRISTOPHER BROWN, EMERGYSTAT, DEPUTY JIMMY HARRIS, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Earl Finley                     finleylawfirm@aol.com
Tyrone Townsend                   TTowns1@msn.com

                                           s/ Celeste P. Holpp
                                           Norman, Wood, Kendrick & Turner
                                             Financial Center – Suite 1600
                                             505 20th Street North
                                             Birmingham, AL  35203
                                             Phone:  (205) 328-6643
                                             Fax:  (205) 251-5479
                                             Direct Dial:  (205) 259-1035
                                             Email:  cholpp@nwkt.com