IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHYANDREA HESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:06cv572-WHA |
| | ) |
| CHRISTOPHER BROWN and | ) |
| EMERGYSTAT, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

This case is before the court on Plaintiff's Objection to Defendants' Witness and Exhibit List (Doc. #44). The Plaintiff objects to the Defendants' use of Edgar Calloway as an expert witness at trial, for the reason that the Plaintiff has not had the opportunity to depose Calloway, and the Defendants have not provided any dates on which Mr. Calloway would be available.

On November 30, 2006, counsel for the parties jointly filed a Proposed Discovery Plan (Doc. #19), which proposed May 2, 2007, as the deadline for Defendants to disclose expert witnesses in compliance with Rule 26(a)(2), *Fed.R.Civ.P.* (paragraph 2(8h)). On December 4, 2006, the court entered its Uniform Scheduling Order (Doc. #20) which adopted the May 2, 2007 deadline for Defendants' expert disclosures as requested by counsel for both sides. Plaintiff concedes in her objection that the Defendants provided their expert disclosures as to Edgar Calloway on May 2, 2007. Thus, the disclosure of Mr. Calloway as an expert witness for the Defendants complied fully with the *Federal Rules of Civil Procedure* and this court's Uniform Scheduling Order.

The parties' Proposed Discovery Plan requested April 17, 2007, as the deadline for discovery (paragraph 2(b)), and that deadline was adopted by the court in its Uniform Scheduling Order.  On April 6, 2007, the court granted the parties' Joint Motion to Extend Discovery (Doc. #28) and extended the deadline for discovery to May 17, 2007.  Thus, all discovery was required to be completed by that date, in the absence of agreement by counsel or order of the court.

On June 15, 2007, according to Plaintiff's objection, Plaintiff received the Defendants' Witness List, which included the name of Edgar Calloway.  This, too, was timely under the Proposed Discovery Plan (paragraph 3(e)) and the Uniform Scheduling Order (Section 10).

Plaintiff's counsel does not deny that he never attempted to schedule and take the deposition of Mr. Calloway, either by requesting dates from Defendants' counsel, as would have been appropriate, or even by unilaterally noticing the deposition without first contacting Defendants' counsel (which would not comply with this court's published Guidelines to Civil Discovery Practice).  The fact that he made no such effort is not the fault of the Defendants, as they did not in any way prevent the Plaintiff from deposing Mr. Calloway.

The Defendants have fully complied with all requirements of the *Federal Rules of Civil Procedure* and this court's Uniform Scheduling Order in regard to their expert witness, Edgar Calloway.  Therefore, it is hereby

ORDERED that Plaintiff's objection to the Defendants' calling Mr. Calloway as an expert witness at trial is DENIED.

DONE this 28th day of June, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON

SENIOR UNITED STATES DISTRICT JUDGE