IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHYANDREA HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:06cv572-WHA |
| ) | |
| CHRISTOPHER BROWN and ) | |
| EMERGYSTAT, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case is before the court on Defendants' Objections to Plaintiff's Witnesses and Exhibits (Doc. #43). The court will address the objections in the order made.

**Witness Lenay Martin**

Defendants say that they have not had the opportunity to depose Lenay Martin, Plaintiff says that Lenay Martin was an employee of Emergystat and should have been produced for deposition by the Defendants, and Defendants say that Lenay Martin is no longer an employee and they do not know where she is. The court does not have enough information to make a definitive ruling at this time. Section 10 of the Uniform Scheduling Order required the exchange of names, addresses, and telephone numbers of witnesses by June 15, unless specifically agreed between the parties or allowed by the court for good cause shown. If the Plaintiff complied with this requirement as to Ms. Martin, Lenay Martin may be called as a witness by the Plaintiff. If not, and if Ms. Martin is present at trial, the court will determine whether parties have agreed for her to testify. If they have not, the court will inquire into whether good cause is shown why the

witness should not be precluded under Section 10 of the Uniform Scheduling Order, and will consider such things as how long any representative of the Plaintiff has known Ms. Martin's location, whether Plaintiff's counsel advised defense counsel of the location promptly upon discovery, when and under what circumstances Ms. Martin left the employ of Emergystat, whether prejudice would result from allowing the witness to testify under the circumstances disclosed, and any other matter relevant to good cause.

### Donald Richardson, Plaintiff's Expert Witness

Defendants object to Mr. Richardson testifying because Plaintiff's counsel cancelled the witness's deposition on the morning it was scheduled, advised that he would provide additional dates for availability, but that Plaintiff's counsel never did so. Plaintiff responds that he did provide alternative dates, which proved to be unacceptable to defense counsel, and that this was the cause for no deposition having been taken. Defense counsel has proffered to the court copies of numerous correspondence and e-mails regarding attempts to schedule depositions, disclosing substantial efforts by defense counsel to schedule and take the deposition of Mr. Richardson before the cut-off of discovery. The court will not resolve at this time whether Donald Richardson will be allowed to testify. Instead, it is hereby ORDERED as follows:

1. Plaintiff shall make Donald Richardson available for deposition **no later than July 7, 2007**, at a time and place to be agreed upon by the parties. It is the responsibility of Plaintiff's counsel to initiate this. Counsel are instructed to work together in good faith in scheduling the time and place for this deposition without intervention by the court. If court intervention is required, sanctions will be seriously considered.

2. If Mr. Richardson is not made available for deposition in accordance with this order, he will not be allowed to testify.

3. If Mr. Richardson's deposition is taken in accordance with this order, the court will consider at trial any further objection to his being allowed to testify.

**Witnesses Not Identified**

Plaintiff included on her witness list furnished to the Defendants before the deadline required by the Uniform Scheduling Order the following: "Witnesses who have yet to be identified, who were present at the scene of the accident in question and observed the parties at the scene, and who will be identified prior to the date of trial."

This is not what the Uniform Scheduling Order required. To allow witnesses to be called under this designation would render the deadline for disclosure of witnesses meaningless. The deadline was set at the time both parties requested, and it did not provide for witnesses "yet to be identified" to be identified at some later time prior to the trial date. Plaintiff never requested any change in the deadline based on good cause shown. It is counsel's responsibility to investigate and prepare his case for trial in accordance with orders of the court. Therefore, Defendants' objection 2(c) is SUSTAINED.

**Police & Incident Report**

Section 12 of the Uniform Scheduling Order required the parties to furnish opposing counsel on or before June 15, 2007, not only a designation of exhibits, but the exhibits themselves for copying and inspection. It is conceded that the Plaintiff did not furnish a copy to

the Defendants. Therefore, without considering the matter of untimeliness of Plaintiff's Initial Disclosures, the Plaintiff did not comply with the requirements of the Uniform Scheduling Order as to furnishing of exhibits. The Defendants have filed a timely objection to this exhibit under that same section of the Uniform Scheduling Order. Without ruling on admissibility at this time, it is

ORDERED that the Plaintiff's counsel shall furnish to defense counsel **no later than Monday, July 2, 2007**, a copy of the report in question. If this is not done, the document will not be admitted. If it is furnished, the court will then consider at trial the objections of the Defendants, if they are not withdrawn.

It is SO ORDERED, this 28th day of June, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE